IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry Reid, et al., | Case No. 1:21-cv-00991 |
| Plaintiffs, | Judge James S. Gwin |
| – vs – | |
| Darryl Moore., | Response in Opposition to Defendant's Motion to Dismiss for Failure To Join an Indispensable Party |
| Defendant. | |

On June 23, 2021, the Defendant (ECF No. 8) moved to dismiss the captioned matter pursuant to Civil Rule 19(a), asserting a failure to join indispensable parties without whom the matter cannot properly be adjudicated. For the reasons that follow, that Motion should be denied.[1]

**A. Introduction**

This is a diversity action asserting defamation claims brought pursuant to Ohio law.

The Plaintiffs are Larry Reid ("Reid"), a citizen of Georgia and Larry Reid Live ("LRL"), a Georgia Limited Liability Company in which Reid is the sole member. Reid is an ordained minister, entertainer, musician, gospel recording artist, and online personality. He hosts a videocast on YouTube, called Larry Reid Live ("the Program"), which has over 100,000 subscribers.

The Program is a significant business endeavor in its own right, which also helps to promote other business ventures in which Reid is involved. The Program and the other businesses are conducted under the auspices of LRL.[2]

[1] While denominated as a Motion to Dismiss under Civil Rule 19 (a), the Motion must proceed, if at all, under Civil Rule 12 (b)(7).

[2] Verified Complaint (ECF No. 1), at ¶¶ 2, 4 and 5 (identity of parties), 9–14 (the Program) and 16 (associated business endeavors).

Defendant Darryl Moore is an Ohio citizen living in Cleveland, who also publishes videocasts on YouTube, the content of which provide the basis for the claims at bar.[3]

The Complaint alleges that since December 2020, Moore has published hours of video online in which he makes defamatory statements about Reid. He has impugned his reputation in dozens of videos, accusing Reid of repeated acts of child molestation, intimidation, tax evasion, tax fraud, witness tampering, conspiracy, domestic violence and more. [4]

Moore has made these allegations in tape delayed video presentations, and in live streaming videos, all of which were published and are still available on You Tube.

The majority of the videos are either brief pre-recorded teasers, in which Moore appears alone and promises his audience salacious content to come, or longer live-streamed videos, in which Moore appears – sometimes with guests who appear via a video or an audio feed – in a talk show format, sometimes taking questions submitted via text from members of his online audience.[5]

**B. The Motion to Dismiss**

The pending Motion to Dismiss arises from an allegation in Paragraph 38 of the Complaint, relating to the participation of online guests during some of the talk show style broadcasts.

> Moore has presented guests on his live stream who allege that they were molested by Reid, and recount what they claim are the details surrounding those events. These have appeared via audio and video, on live streams that aired on April 20, 2021 and May 2, 2021, which claims were false as those acts of molestation did not occur.

Alleging the guests are necessary and indispensable parties, Moore has moved to dismiss this case entirely, alleging that "any ruling in this case would not be complete" in their absence.

---

[3] Id., at ¶¶ 6 (citizenship), 18–23 (summary of defamatory statements).

[4] Id., at ¶¶ 19 (summary), 32–33 (molestation and coverup), 34 (felonies), 35 (marital infidelity and domestic violence), 36 (various dishonest and fraudulent schemes), and 37 (coercion to silence witnesses).

[5] Id., at ¶¶ 24–26 (describing formats generally).

The Motion is extraordinary for its brevity and outright failure to present even a modicum of argument in support of the dismissal it seeks. This is not an exaggeration. Excluding its caption, signature block, service clause and the portion spent quoting Rule 19 and Paragraph 38, the Motion (which was filed without a supporting brief) runs to just one hundred eighty three (183) words. The operative text is quoted in its entirety here.

> The complaint fails to join the parties who made the alleged statements and the actual persons who were subjects of the activities the plaintiff complains have damaged him.
>
> The complaint states the parties who were the subject of the statements complained of were interviewed and made the alleged accusations during the interviews. These were the interviews complained of and the statements were made by the third parties.
>
> * * *
>
> The parties who made any such statements are necessary and indispensable parties and any ruling made in this case would not be complete and leave third parties as future litigates [*sic*].
>
> Per Federal Rules of Civil Procedure 19 this case should be dismissed for failure to join an indispensable party. [6]

This is not an argument. It is instead a naked assertion, entirely unsupported by reason, logic, citation, or analysis. It woefully fails to meet the basic persuasive requirements that apply to every motion filed in this Court, and in every possible way fails to meet the specific requirements long imposed on Rule 12(b)(7) motions in this District.

The Motion borders on frivolity, and these defects should be fatal – not just as technical deficiencies, but because the Motion does nothing to carry the movant's burden of demonstrating how and why the guests mentioned in the Complaint are parties without whom this action cannot fully and fairly be adjudicated.

[6] Motion, at Page Id. # 43.

### C. The Motion Fails to Carry the Burdens of Argument and Persuasion Imposed on Every Motion

The Motion should be denied because it fails to meet the minimum standards for motion practice in the Sixth Circuit and its District Courts. It does not argue for dismissal based on the non-joinder of indispensable parties but declares – ipse dixit – that the guests are indispensable parties and, without explaining why, demands dismissal on that basis. This is at best issue spotting.

"'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation and brackets omitted by the Stewart court)). A motion which "contains no citations and no other argument" is "'brief, perfunctory and patently inadequate.'" *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir.2020) (quoting *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir.2016) (vague motion to seal deemed inadequate in both cases)).

Here, the Defendant neither develops nor presents an argument to support his motion. Instead, he quotes Civil Rule 19 (a) and Paragraph 38 of the Complaint and declares:

> The parties who made any such statements are necessary and indispensable parties and any ruling made in this case would not be complete and leave third parties as future litigates [*sic*].[7]

This is not an argument. It is a statement. It contains no explanation and provides the Court with no basis to believe the movant is entitled to the relief he is seeking, nor the Plaintiffs with a coherent set of propositions to rebut. It merely "drops a pile of paper" on the desks of all involved expecting them "to sort it out." *Wimbush v. Wyeth*, 619 F.3d 632, 638 n.4 (6th Cir. 2010).

---

[7] Motion, ECF No. 8 at Page ID # 43.

### D. The Motion Fails to Carry the Specific Burdens Imposed on Rule 12(b)(7) Motions

The Courts of this District have repeatedly held that defendants seeking dismissal pursuant to Civil Rule 12(b)(7) bear a specific set of burdens and that the failure of a movant to meet those burdens will result in the motion being denied.

> "'To sufficiently assert a 12(b)(7) motion, the movant must identify the name of the party, the location of the party, the reason the party is necessary and whether the court has jurisdiction over the party.'"

*Natl. Fire Ins. of Hartford v. City of Willoughby*, 2018 U.S. Dist. LEXIS 36401, at * 5-6 (N.D.Ohio, March 6, 2018)(quoting *Meta v. Target Corp.*, 74 F. Supp. 3d 858, 866 (N.D. Ohio 2015) (in turn (quoting *Jam Tire, Inc. v. Harbin*, 2014 U.S. Dist. LEXIS 124581, 2014 WL 4388286, at * 4 (N.D.Ohio, September 5, 2014))). [8]

Allegations of failure to join a necessary party, cursorily made with neither an explanation nor an argument, are insufficient to support a motion to dismiss made on that basis.

In *Meta*, the plaintiff brought putative class action against a retailer and one manufacturer of baby wipes, alleging the products clogged his plumbing despite being marketed as flushable. Nice-Pak, the defendant manufacturer, moved to dismiss because the plaintiff failed to join a competitor that manufactured similar wipes. Its motion was denied for reasons applicable here.

> In addition to requesting dismissal of Counts I through V, Nice-Pak argues in cursory fashion that the Court should dismiss the Amended Class Action Complaint under Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary party. Specifically, Nice-Pak alleges that another manufacturer, Rockline, is involved with the manufacture of the green-packaged wipes.

---

[8] *Accord*: *Ravago Ams., LLC v. Ward*, 2019 U.S. Dist. LEXIS 21803, at * 6 (N.D.Ohio, Feb. 11, 2019); *Brucker v. CBS Corp*., 2016 U.S. Dist. LEXIS 52920, at * 8 (N.D.Ohio, Apr. 20, 2016) (generally stating movant bears burden of demonstrating necessity of absent party); *Ward v. Auto-Owners Ins. Co*., 2019 U.S. Dist. LEXIS 120770, at * 4 (N.D.Ohio July 19, 2019) (same). *See also: Reilly v. Meffe*, 6 F. Supp. 3d 760, 775 (S.D.Ohio 2014) (mere invocation of Rule 19 (a) insufficient to support motion); *Weber v. Renfro*, 2020 U.S. Dist. LEXIS 256930, at * 22 (M.D. Tenn., Dec. 7, 2020) (identifying allegedly necessary party but failing to explain basis for necessity insufficient under Rule 12 (b) (7)).

> "To sufficiently assert a 12(b)(7) motion, the movant must identify the name of the party, the location of the party, the reason the party is necessary and whether the court has jurisdiction over the party." Moreover, under Rule 12(b)(7), Nice-Pak has the burden to show the nature of the unprotected interests of the absent individuals or organizations and the possibility that the court will be disadvantaged by their absence.
>
> Nice-Pak has not met its burden under Rule 12(b)(7). Although Nice-Pak explains that Rockline is involved with the green-packaged wipes, Nice-Pak does not explain the reason why Rockline is necessary, whether the Court has jurisdiction over Rockline, the nature of Rockline's unprotected interests and the possibility that Rockline will suffer injury, and whether the parties before the Court will be disadvantaged by Rockline's absence. Accordingly, Nice-Pak's request for dismissal under Rule 12 (b)(7) is denied.

*Meta*, 74 F. Supp. 3d at 866 (quoting *Jam Tire*, *supra*, 2014 WL 4388286, at * 4, and citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 5A FEDERAL PRACTICE & PROCEDURE VOL. 5A, § 1359 (3d. Ed., West 1997)). The Defendant here provids none of the information the absence of which doomed the motion in *Meta*, and also fails to name the supposedly necessary parties.

The Motion at bar is also analogous to the motion denied in *Meffe*, in which the movant simply asserted that unjoined entities had claims entwined with those in that case, and risked being subject to multiple inconsistent obligations unless joined. That effort was held wanting.

> The Defendants cite various sections of Rule 19(a) and assert that Wellington and Transact are necessary parties without providing an explanation of why they are, in fact, necessary parties. Nor do they cite case law or present facts that would support the Court making such a finding.
>
> * * *
>
> Because the Defendants have not supported their assertion that Wellington and Transact are necessary parties with arguments or facts sufficient to satisfy its burden as the moving party, the Court will deny the Defendants' request to join Wellington and Transact as necessary parties in the instant case. Moreover, to the extent that the Court construes the Defendants Motions to Dismiss as requesting dismissal of the case pursuant to Rule 12(b)(7), the Court will deny that request.

*Meffe*, 6 F. Supp. 3d at 775 (S.D.Ohio 2014). In the same way, the Defendant has manifestly failed to carry his burden of proof under Rule 12 (b) (7) and his Motion should be denied.

### D. The Motion Provides No Reason for the Court to Conclude this Case Should Be Dismissed for Failure to Join the Video Guests

At this point it has been demonstrated that the Motion is woefully inadequate, fails to present an argument and neglects to include content the Courts of this District deem a necessary part of every Rule 12 (b)(7) motion. These are fatal flaws, and the Motion should be denied on these bases alone. For the Plaintiffs to say more would be akin to bidding against themselves. We are not obliged to respond to arguments the Defendant has not made, nor to refute every possible argument he might have made.

That said, a brief summary of what is required before a Complaint may be dismissed under Rule 12 (b)(7) is in order, because it demonstrates the huge logical gaps in the Motion.

> In determining whether a party is required under Rule 19, this Circuit requires the Court to undertake a three step analysis. First, the Court must determine whether a party is "necessary" to the action under Rule 19(a). Second, if the party is considered necessary under 19(a), the Court must determine whether it is feasible to properly bring the required party before the Court without raising jurisdictional or venue problems. Third, if it is not feasible to join the party, the Court must look to Rule 19(b) to determine whether, in equity and good conscience, the action should proceed among the existing parties, or if the absent party is so indispensable that the action should be dismissed.

*Boggs v. Landmark 4 LLC*, 2012 U.S. Dist. LEXIS 114263, at * 6-7 (N.D.Ohio, Aug. 13, 2012) (citing *Keweenaw Bay Indian Cnty. v. Michigan,* 11 F.3d 1341, 1345 (6th Cir. 1993)).

The Defendant has demonstrated none of this, nor even recognized that it is something to be demonstrated in connection with his Motion.

For a party to be necessary in any event, a number of things must be true. There are two paths to necessity. Under Rule 19(a)(1)(A), a party is necessary if complete relief cannot be granted among the existing parties in its absence. The Defendant has not alleged this, but his Motion might be read to imply that the video guests bare some blame for the harm done to the Plaintiffs and thus belong in the case as joint tortfeasors. But even if argued, this would be unavailing.

> Specifically, the Supreme Court has held that, as a matter of law, joint tortfeasors are not necessary parties under Rule 19. To obtain complete relief, defendant joint tortfeasors are free to pursue an indemnification or contribution claim in a separate action.

*Boggs*, *supra*, 2012 U.S. Dist. LEXIS 114263, at * 8-9 (citations omitted). This is the only theory of necessity that can be inferred, if barely, from the Motion, and it is insufficient.

Furthermore "it is irrelevant . . . that plaintiff may or may not be foregoing opportunities to sue other defendants for other wrongs." *Norfolk S. Ry. v. Baker Hughes Oilfield Operations, LLC,* 443 F. Supp. 3d 877, 884 (S.D.Ohio 2020) (quoting *Intercept Sec. Corp. v. Code-Alarm, Inc*., 164 F.R.D. 215, 218 (E.D. Mich. 1995)). Whether the Plaintiffs or the Defendant may seek, directly or through indemnification, relief from the video guests has no bearing on their necessity.

The second path to necessity, under Rule 19(a)(1)(B), asks whether failure to join a person would create a substantial risk of impairment to the absentee's interests, or leave the Defendant exposed to the risk of multiple or inconsistent obligations. But this path offers no hope to the Defendant either. "The Sixth Circuit has indicated that the absent party must affirmatively claim an interest relating to the subject matter." *Abriq v. Metro. Govt. of Nashville & Davidson Cty*., 2018 U.S. Dist. LEXIS 232081, at * 5 (M.D.Tenn., Mar. 29, 2018) (citing *School Dist. of City of Pontiac v. Secretary U.S. Dept. of Educ*., 584 F.3d 253, 266 (6th Cir. 2009) and collecting cases).

There has been no such showing here.

The next question to be answered under Rule 19 (a) relates to feasibility.

Feasibility of joinder turns on the question of whether a necessary absentee can be made a party without depriving the Court of diversity jurisdiction. Having failed to cross the bridge of necessity, the Defendant the Court no reason to consider the feasibility of joinder. Moreover, in failing to identify the names and locations of the absentees, he has failed to demonstrate that their joinder is infeasible, a conclusion that would trigger the third step of the Rule 19 (a) analysis.

We consider the third step here only briefly, to demonstrate that even if the Defendant had established necessity and the infeasibility of joinder, the relief he is seeking – dismissal – would by no means be a foregone conclusion. Before dismissing an action, a court must examine whether, in the absence of a party who cannot be joined without destroying jurisdiction, complete relief can "in equity and good conscience" be afforded among the existing parties.

That determination itself requires a careful balancing of four interests outlined in Rule 19 (b)(1)–(4), which we will not list here because this part of the analysis is miles beyond where the Motion takes us. But it bears remembering that only that four-part analysis is a court prepared to rule on the question of whether dismissal is proper under Rule 19. And in most instances, the answer should be no. "'The phrase 'good conscience,' in 19(b), contemplates that very few cases should be terminated due to the absence of non-diverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible.'" *Morelli v. Morelli*, 2001 U.S. Dist. LEXIS 25457, at * 15-16 (S.D.Ohio, Sep. 26, 2001) (quoting *Rose v. Simms,* 1995 U.S. Dist. LEXIS 17686, 1995 WL 702307, at * 3 (S.D.N.Y. 1995)).

The Defendant has not so much as set foot in this neck of the analytical woods, and these considerations merely serve to underscore how deficient his brief is.

**E. Conclusion**

The Motion to dismiss should be denied.

*– signatures on following page –*

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone: 216.458.5880
Telecopier: 216.302.3700

Attorneys for the Plaintiffs

## – Certificate of Compliance –

The undersigned certified that this document complies with the requirement of L. R. Civ. 7.1(f) in that, exclusive of appendices, each of the statement checked below is true;

☒ It relates to a dispositive motion and is not longer than fifteen (15) pages;

☐ It relates to a dispositive motion in a case designated as on the expedited track, and is not longer than ten (10) pages;

☐ It relates to a dispositive motion in a case designated as administrative or standard track, or in a case not yet given a differentiated case management track designation, and is not longer than twenty (20) pages;

☐ It relates to a dispositive motion in a case designated as on the complex track, and is not longer than thirty (30) pages;

☐ It relates to a dispositive motion in a case designated as on the mass tort track, and is not longer than forty (40) pages;

☐ It exceeds fifteen (15) pages in any event, and it thus contains a brief statement of the issue(s) to be decided, a brief statement of the argument(s) made, and tables of both contents and of the authorities cited therein.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the attorneys for

**– Certificate of Service –**

The foregoing was filed today, Friday, July 23, 2021, via the Court Electronic Filing System. Service will be made upon counsel of record by, and copies of this filing may be obtained through operation of the CM / ECF System.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the attorneys for the Plaintiffs