UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Larry D. Reid, et al | ) | Case No. 1:21-cv-00991-JG |
| | ) | |
| Plaintiffs, | ) | Judge: James S. Gwen |
| -vs- | ) | |
| | ) | **Defendant's Answer to the Complaint** |
| | ) | **And** |
| | ) | **Defendant's Counter Claim** |
| Darryl Moore | ) | |
| Defendant. | ) | |
| **Counter Claim Against Plaintiff** | ) | |
| vs. | ) | |
| Larry D Reid et al. | ) | |
| 225 Lake Summit View | ) | |
| Atlanta GA 30342 | ) | |

Now comes the defendant Darryl Moore by and thru Attorney Fred D. Middleton and Files this Answer to the Complaint herein and answers the Complaint of Plaintiff by generally denying all the allegations in the Complaint except as may be specifically admitted and referring to paragraphs as numbered in Plaintiff's Complaint.

Answering Plaintiff's opening allegations, Defendant is without sufficient knowledge to either admit or deny the Plaintiff's allegations and therefore denies same and leaves Plaintiff to its proofs.

1. The Defendant denies the allegations in Paragraph 1 that state he has persistently, deliberately, and unprovoked initiated a campaign of online defamation and harassment against the Plaintiff and his businesses. Defendant seeks the same in a counter lawsuit for

1

Defamation, Slander, and Libel arising from being falsely accused of plotting to murder the Plaintiff.

2. The Defendant denies the allegations in Paragraph 2 that state he was abusive, vitriolic, and threatening at any time towards the Plaintiff.

3. The Defendant denies the allegations in Paragraph 3.

4. The Defendant does not have sufficient knowledge to agree with or deny the allegations Paragraph 4.

5. The Defendant does not have sufficient knowledge to agree with or deny the allegations in Paragraph 5.

6. The Defendant admits to this fact.

7. The Defendant does not have sufficient knowledge to agree with or deny the allegations in Paragraph 7.

8. The Defendant admits to this fact.

9. The Defendant disagrees with the statement in Paragraph 9. Reid has claimed on several occasions that he stopped being a minister but, in these documents, and past depositions, he has stated he is still a pastor.

10. The Defendant denies the allegations in Paragraph 10.

11. The Defendant denies the allegations in Paragraph 11 and disagrees with the statement by Reid.

12. The Defendant denies the allegations in Paragraph 12 and disagrees with this statement.

13. The Defendant does not have sufficient knowledge to agree with or deny the information in Paragraph 13.

14. The Defendant does not have sufficient knowledge to agree with or deny the information in Paragraph 14.

15. The Defendant does not have sufficient knowledge to agree with or deny the information in Paragraph 15.

16. The Defendant does not have sufficient knowledge to agree with or deny the information in Paragraph 16.

17. The Defendant does not have sufficient knowledge to agree with or deny the information in Paragraph 17.

18. The Defendant agrees with Paragraph 18.

19. The Defendant denies the allegations in Paragraph 19.

20. The Defendant does not have sufficient knowledge to agree with or deny the allegations in Paragraph 20.

21. The Defendant denies the allegations in Paragraph 21 that he spread false and defamatory information about the Plaintiff.

22. The Defendant agrees that Georgia counsel emailed him a Cease-and-Desist letter. Moore responded stating he was not publishing false or defamatory statements regarding Reid. Moore further stated that his reports about Reid come from statements that Reid makes.

23. The Defendant only received one cease and desist letter via email.

24. The Defendant agrees videos have been made discussing Reid but none of the videos in question defame Reid. Reid ruins his own reputation via his videos and post on social media. Guest have appeared on occasion to discuss their personal dealings with Reid as far as paying him "donations" and "counseling" fees.

25. The Defendant admits making short advertisement videos to encourage views for his longer videos that will appear later. This is a standard practice by online commentators. The Defendant does deny providing false facts or evidence about Reid.

26. The Defendant admits every statement in Paragraph 26 except the statement by Reid asserting that Moore and his colleagues purport themselves to have a "special interest" or "expertise" in online sex crimes. This is not factual. The members of "The A-Team" did a comedy parody because Reid and some of his cohorts stated Moore and his colleagues think they are the YouTube version of Law-and-Order SVU.

27. The Defendant denies the allegations in Paragraph 27. Even the Plaintiff admits that this comedic skit is a knock off a popular television program. No rational thinking person will take this parody as being factual. Moore nor any of his colleagues has ever claimed to be a member of any special victims' unit for YouTube or any other social media platform. The assertion is ludicrous.

28. The Defendant denies the claims in Paragraph 28. At the start of Moore's programs, A disclaimer is posted about Section 107 of the Fair Use Doctrine. If it is not posted, it is displayed during the show or stated verbally by Moore himself. Furthermore, the term "allegedly" is mentioned throughout the program. In some instances, the disclaimer is included in the body of the video description.

29. The Defendant admits the portion of paragraph 29 is correct as to the lengths of Moore's videos, and defendant Denies the interpretations of the remainder of the allegations.

30. The Defendant denies the allegations in Paragraph 30.

31. The Defendant denies the allegations in Paragraph 31. Moore has never stated as fact that Reid is a sexual predator.

4

32. The Defendant denies the claims by the Plaintiff in Paragraph 32. Moore has repeatedly asserted that the accusers are the ones who state that Reid sexual violated them. It has never been stated as fact. Moore has stated his personal opinion. Moore has a right to his personal opinion. Moore has based his opinion off the statements of the accusers and prior actions of Reid. Moore does not view Reid as credible, and he is entitled to that opinion.

33. The Defendant denies the allegations in Paragraph 33. The certified copy of the police report was obtained from the detective investigating the case.

34. Defendant denies the allegations in Paragraph 34.

35. The Defendant denies the allegations in Paragraph 35. Moore has frequently stated that information about Reid is "ALLEGED". Moore has not stated Reid has been evicted. Moore has not stated that Reid was involved romantically with any woman except the one he said he is going to marry after he divorced his wife. The false information in Paragraph 35 is categorically denied.

36. Moore denies the allegation in Paragraph 36.

37. The Defendant denies the allegations in Paragraph 37. Moore has not stated that Reid had a romantic involvement with any woman in Tennessee. These false allegations are redundant. The accusers of Larry Reid are the ones that stated he likes to play mind games. The accusers stated he ran his church like a cult and would excommunicate anyone that failed to do what he liked.

38. Moore confirms he interviewed three alleged victims of Larry Reid. The Defendant does not confirm or deny Larry Reid's guilt.

39. The Defendant denies the allegations of defamation in Paragraph 39. Moore never said Larry Reid is guilty of any crime. Moore repeatedly has stated that allegations have been made against Reid, accusers have come forth, a police report has been filed by one accuser, and there is an open investigation in Raleigh, NC.

40. The Defendant denies the allegations in Paragraph 40. Moore at no time stated as fact that the Plaintiff committed child molestation or sexual assault. Moore stated that the accusers alleged that Reid sexually violated them. The accusers stated that Reid committed the acts. The key words used throughout the videos listed were: alleged, allegations, and accused. It was stated by Moore (more than once) that Reid has not been arrested, charged, or indicted.

41. The Defendant denies the allegations in Paragraph 41. Moore has not published any videos threatening the life of Reid. Moore stated that Reid needs to stop lying and tell the truth. Moore never walked onto Reid's property. This claim is erroneous and slanderous. Furthermore, Moore denies accessing the community illegally. The allegation that Moore said he would put Reid in financial ruin was stated out of context in Paragraph 41.

42. Moore denies the allegations in Paragraph 42 and the proceeding paragraphs. Moore categorically denies acting with malice as it pertains to Reid. Moore denies intentionally making any false statements about Reid on any social media platform. The implication by Reid that Moore had the intent or desire to do evil towards him is completely false.

43. The Defendant denies all allegations in Paragraph 43. Moore has no desire to physically harm Reid. The Plaintiff's own actions and statements have damaged his reputation and potential earning potential. The assertation that Moore is responsible for Reid's tarnished reputation are false. Reid is a public figure and as such he is subject to public scrutiny as

6

any other public figure. Reid has opted to file a frivolous lawsuit against Moore for interviewing his accusers, but he is not suing his accusers.

44. The Defendant denies that allegations set forth in Paragraph 44. Reid's claims that he has suffered shame, humiliation, mental anguish, loss of enjoyment of life, public humiliation, loss of reputation generally and specifically in his trades and professions – the ministry and as an online commentator and religious figure are not due to any illegal or unethical actions by Moore. These issues are a direct result of Reid's actions. Any loss of revenue or subscribers that Reid has suffered are due to alleged victims coming forward to tell their story, discussions about court documents regarding open lawsuits, playing audio and videos of the Plaintiff making damaging statements, as well as text messages and screen shots. Reid has damaged his own reputation and livelihood.

### -Count 1: Defamation-

45. Defendant restates as if fully repeated here his denials of the allegations in Paragraphs 1 through 44 of this Complaint above.

46. The statements asserted by Reid in Paragraphs 32 through 43 are false. Moore has not made any false or defamatory statements about the Plaintiff. Reid's reputation was already damaged by his own deeds. Reid has two open court cases in Fulton County, Georgia where he resides for slander, defamation, and libelous statements he has made against two ministers on his social media platforms. At no time has the Defendant intentionally communicated or published false statements or information to a third party.

47. The Defendant denies the allegation in Paragraph 47. Moore played audio or video snippets of Reid's program and offered commentary. This usage is protected under the First Amendment of the United States Constiution.

48. The Defendant denies the allegations in Paragraph 48. As stated above, Moore's commentary regarding Reid are based on court documents, statements made by the Plaintiff (on social media), text messages, screen shots, eyewitness statements, and web links.

49. Moore denies the allegations in Paragraph 49. Reid's character is called into question based on his prior actions as it relates to his open court cases, public statements that he has made, and allegations made by three victims involving moral turpitude. These actions and court cases impact his trade or profession.

50. Defendant denies the allegations in Paragraph 50.

51. The Defendant denies the allegations in Paragraph 51. Reid and his ex-wife discussed the abortion on his reality show "Reiding Thigs My Way". Moore simply commented on what was already a matter of public record.

52. Moore denies the allegations in Paragraph 52. The Defendant has not made any libelous statements about the Plaintiff. All statements made by Moore are based on documents, video, audio, web links, and eyewitness statements.

53. The Defendant denies the allegations in Paragraph 53. The allegations summarized in Paragraphs 48 through 51 are false. Moore presented the information and discussed it. The Defendant did not offer his opinion as fact. Moore presented the information and allowed the viewers to formulate their own opinion.

54. Moore vehemently denies the allegations in Paragraph 54. The Defendant did not maliciously publish any information about the Plaintiff as outlined in Paragraphs 32 through 43. Reid is a public figure that is subject to public critique and examination.

55. The Defendant denies the claim stated by the Plaintiff as outlined in Paragraphs 32 through 44.

### -Count II: False Light Invasion of Privacy-

56. Defendant denies every allegation listed in Paragraphs 1 through 55 above of this Complaint.

57. Defendant denies the allegations in Paragraph 57. Through his own actions and statements, Reid has cast himself in a negative light.

58. Moore did not make false statements. The Defendant denies the allegations in Paragraph 58. Moore interviewed three accusers of the Plaintiff. These individuals made the allegations.

59. The Defendant agrees that Moore has a legal right to report on a public figure like the Plaintiff. Moore interviewed individuals who stated they were molested or fondled by the Plaintiff. Moore never stated that Reid was guilty of any crime. Moore made it clear to his viewers that these were allegations, Moore stated Reid has not been arrested, Reid has not been charged, and Reid has not been indicted.

60. Moore denies the allegation in Paragraph 60. Reid has been cast into a negative light by his previous actions, statements, and allegations by accusers. Any damages suffered by Reid are a result of his own actions. The damages attributed to Moore in Paragraph 44 are false.

### -Count III: Public Disclosure of Private Facts-

61. Defendant restates as if fully repeated here his denials of the allegations in Paragraphs 1 through 60 of this Complaint above.

62. The Defendant denies this allegation in Paragraph 62. Any information discussed about Reid is a matter of public records, statements made by the Plaintiff, or eyewitness accounts of people who have interacted with Reid. The child molestation allegation is a matter of public record because a police report has been filed by one of his accusers.

63. Moore denies the allegations in Paragraph 62. Moore has not made any private matters about Reid public. The Defendant has only discussed public information about Reid. Accusers allege that the incidents occurred in his private residences in North Carolina.

64. Defendant denies the allegations in Paragraph 64. Information regarding Reid's marriage and divorce are public due to the fact that he is a public figure. Furthermore, Reid has a reality show titled "Reiding Things My Way" that airs on social media where he and his ex-wife (along with his family and friends) all discuss intimate details of their private lives that would normally not be disclosed, except for the sake of ratings.

65. Moore denies the allegations in Paragraph 65. The Defendant has not revealed any private facts about Reid. Reid is a self-proclaimed entertainer (gospel artist, reality show star) and as such does not get the same level of anonymity as a "private citizen". It is the price he pays for fame and fortune. The claims in Paragraph 44 are false. Any "private" matter that is claimed by Reid was forfeited when he opened the door to his private life via his reality TV show. Furthermore, the allegations of sexual crimes combined with a police report opened the door for an examination of his "private" life even farther.

**-Count IV: Deceptive Trade Practices-**

66. Defendant restates as if fully repeated here his denials of the allegations in Paragraphs 1 through 65 of this Complaint above.

67. The Defendant denies the allegations in Paragraph 67 of Deceptive Trade Practices. Moore is a creator of vast social media content that is not exclusive to Reid. Reid became a key source of content after he alleged that Moore was plotting to kill him.

68. Moore denies the claims listed in Paragraphs 32 through 43. The Defendant asserts that he has not disparaged Reid. Reid's own deeds and statements have caused him harm in the public. Reid has lost some of his supporters because of deeds that he has attempted to conceal have been revealed via public records, videos by Reid, and eyewitness testimony about Reid.

69. The Defendant denies the allegations stated in Paragraph 69.

70. (6706) The Defendant denies the allegations set forth in this paragraph as it pertains to Paragraph 44 above.

### -Affirmative Defense-

As affirmative defenses, Defendant alleges, and states as follows:

1. Plaintiff has falsely stated that the Defendant has plotted to murder him and threatened him with a firearm.
2. Plaintiff has failed in whole or in part to state a claim upon which relief can be granted.
3. Plaintiff has suffered no damages by Defendant.
4. Plaintiff has suffered no injury by Defendant nor is there any likelihood of injury by Defendant.
5. Plaintiff has suffered no harm and or irreparable harm by Defendant.
6. Defendant denies accusing the Plaintiff of being a child molester.

7. Defendant denies Deceptive Trade Practices outlined in ORC 4165.02 (A) and ORC 4165.03 (B).

8. Plaintiff has falsely claimed Defendant invaded his privacy.

9. Defendant submits the statements made about plaintiff are true and he has confirmed and previously admit the truth of those statements.

### -Prayer for Relief-

Having completely and fully provided his Answer to the Complaint, this Defendant therefore also denies Plaintiff's prayers for relief.

WHEREFORE, Defendant prays for relief as follows:

1. The Complaint against Defendant be dismissed with prejudice

2. The Defendant be awarded his reasonable attorney's fees and cost in accordance with 28 U.S.C. 1927: and

3. That Defendant be awarded such other and further relief as the Court deems just and equitable.

### DEFENDANT'S COUNTER CLAIM

4. A false video placed online by Reid and his employees attempts to paint the narrative that Moore seeks to murder Reid.

5. Moore filed a police report regard this false video and submitted it to YouTube. The video was viewed by approximately 8,000 people. YouTube removed the video last year, but it has since been posted again by the same employees of Reid on the Larry Reid Live LLC podcast.

6. The employee is Davyon Augustus. Augustus in partnership with David Fennell and Andrea Garrison spliced audio and video of Moore from a prior show by Moore to make it appear that Moore in fact was threatening to murder Reid. Augustus and his cohorts went so far as to include audio that was not even Moore's voice.

7. Moore supplied YouTube with a link to the original video as evidence. The original videodid not threaten Reid, but it was used by Reid's employees (Davyon Augustus) and included Andrea Garrison who helped them in creation of the bogus murder plot video.

8. The original video was about Moore protecting himself and Jimmy Battles from being harmed while he was in Cleveland to be interviewed about the sexual assault, he alleged happened to him at the hands of Bishop George Bloomer when he was a teenager. Reid was never mentioned in that original video. Reid's assertion that Moore was saying he would kill him are false.

9. Moore is a licensed gun owner in Ohio. He stated this after Reid said he is armed. At no time has Moore ever stated that he will shoot or harm Reid.

10. Moore said if Reid continues to lie about him plotting to murder him that he would file a civil lawsuit that would financially ruin him. Moore was not implying any violent acts against Reid.

11. This false, criminal accusation was published by Larry Reid on his live broadcast and remains available on the "Larry Reid Live Channel "and maybe viewed after they first

streamed it (see paragraph # 10 of Plaintiff's Complaint) as well as Podcast and YouTube under the name of "Larry Reid Live L.L.C.". Reid claims these videos reach more than 100,000 subscribers and 7,900 Patreon subscribers. Reid claims to have made $100,000.00 monthly during the period he published this false defamatory and criminal accusation about Darryl Moore. (See paragraph # 2 and #14 of Plaintiff's Complaint)

12. Darryl Moore has and continues to suffer public rebuke, public humiliation, loss of acting roles, income and employment which decreased his income as a result of the slanderous "fake" videos claiming he threaten to shoot Larry Reid.

## DEFAMATION INJURY

13. The defendant, Mr. Moore, has suffered defamation of his reputation and public humiliation due to the false video threatening murder of Larry Reid created by Reid's employees Davyon Augustus, David Fennell and Andrea Garrison.

14. Mr. Moore brings this defamation action based on the slanderous video Reid and his employees, cohorts, fabricated to make it appear Mr. Moore was threating Reid with shooting him with a gun.

15. The video is a fabrication made by splicing video and sound clips together to make it appear Mr. Moore threatened Reid with a gun. and the defendants made a false statement of fact.

16. The falsified video depicts Mr. Moore as threatening to murder Larry Reid with a gun and illegally threatening physical harm to him with a deadly weapon.

17. This video containing the false statements of Mr. Moore was defamatory and depicts Mr. Moore as a hostile person threatening physical harm in violation of the law.

14

**18.** Defendant Reid with his employees, and cohorts created this false video from other videos of Mr. Moore and the false defamatory statement in this video was published by Mr. Reid airing and displaying the false video on live streaming and recorded programing on YouTube and his broadcast on "Larry Reid Live" which claims to have thousands of subscribers.

**19.** Mr. Moore is an actor who has parts in shows for which he earns his living. The defamatory video has injured his reputation and his ability to be hired as an actor for shows. Over the last year this false video was airing and he loss income and possible parts in shows because of this defamatory video. The false video has affected the subscribers' opinions and subscription rates and payment for his streaming podcast and the loss of viewers has caused substantial loss of income injuring this defendant.

**20.** The great lengths to which this defendant, Reid went to create a false video depicting Mr. Moore with a gun saying threatening statements that he would cause illegal injury to Reid proves the malice and hatred towards Mr. Moore the defendant has toward Moore and that he will go to any lengths to discredit him on the air.

Wherefore Mr. Darryl Moore prays for the following judgments and court decrees:

I. Demand for actual, compensatory damages in the amount of $250,000.00;

II. Demand for exemplary and punitive damages against Larry Reid, and "Larry Reid Live LLC., jointly and severally in the amount of $750,000.00.

III. Demand a declaratory judgment finding the video and accompanying statements are false and defamatory causing harm to Mr. Moore;

IV. Demand an injunction ordering the removal and an order for Reid, his employees, followers church members, associates and the other associates of defendant to halt and desist airing, playing, displaying in any medium or any publication of the false defamatory video he has created and possesses.

V. Demand judgment for applicable cost of suit and attorney fees;

VI. Demand for such other relief this Honorable Court can provide, and it deems just and equitable.

Respectfully Submitted

/s/ Fred Middleton

**Fred Middleton** (0025555)
Flegal124@gmail.com
815 Superior Ave E.
Suite 1325
Cleveland, OH 44114
Telephone: 216.566.8000

Attorney for the Defendant

**-Jury Demand-**

16

The Defendant, Darryl Moore, pursuant to Fed. Civil Rule 38, hereby respectfully demands a trial by a jury comprised of the maximum number of jurors permitted by law on each Count so triable.

    Respectfully Submitted

    /s/ Fred Middleton

    **Fred Middleton** (0025555)
    Flegal124@gmail.com
    815 Superior Ave. E.
    Suite 1325
    Cleveland, OH 44114
    Telephone: 216.566.8000

    Attorney for the Defendant

## CERTIFICATE OF S E R V I C E

A copy of the herein filled Answer was served VIA Efile System upon Raymond V. Vasvari, Jr. vasvari@vasvarilaw.com and K. Ann Zimmerman zimmerman@vasvarilaw.com , this ___29th___ day August, 2021.

    /s/ Fred D. Middleton
    Fred D. Middleton
    Attorney for Defendant

17