```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
                                              :
LARRY D. REID, et al.,                        :
                                              :    Case No. 1:21-cv-00991
            Plaintiffs,                       :
                                              :    OPINION AND ORDER
                                              :    [Resolving Doc. 8]
      v.                                      :
                                              :
DARRYL MOORE,                                 :
                                              :
            Defendant,                        :
------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Darryl Moore moves under Federal Rule of Civil Procedure 19 to dismiss the complaint for failure to join three unnamed parties.[1] Plaintiff opposes the motion.[2]

For the following reasons, the Court **DENIES** the motion to dismiss.

I.  **Background**

Plaintiff Reid sued Defendant Moore for defamation, false light invasion of privacy, public disclosure of private facts, and deceptive trade practices.[3] Plaintiff alleges that Defendant posted numerous YouTube videos accusing him of various crimes.[4] Among many other allegations, Plaintiff Reed alleges that Defendant Moore posted a video featuring guests who accused Plaintiff of sexual assault.[5] Defendant admits to posting videos about Plaintiff but asserts that he shared his views as opinions rather than fact.[6] Defendant also asserts truth as a defense.[7]

---

[1] Doc. 8.
[2] Doc. 10.
[3] Doc. 1.
[4] *Id.* at ¶ 3.
[5] *Id.* at ¶¶ 38-39.
[6] Doc. 12 at ¶ 32.
[7] *Id.* at 12.

Case No. 1:21-cv-00991
Gwin, J.

Defendant Moore moved to dismiss the complaint for failure to join an indispensable party.[8] Moore argues that the lawsuit cannot proceed without joining the supposed abuse victims who appeared in some of the videos.

## II. Discussion

Defendant Moore fails to give any reason justifying dismissal here. Defendant's entire motion consists of the text of the rule, the text of one paragraph of the complaint, and two conclusory statements.

Even if Defendant had submitted an appropriate motion, it would fail at the first step of Rule 19 analysis.

Mandatory Rule 19 joinder analysis first requires the Court to determine whether the absent party is "necessary" under Rule 19(a).[9] An absent party is "necessary" when:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in that person's absence may:

   (i) as a practical matter impair or impede the person's ability to protect the interest; or

   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[10]

None of these three conditions apply to the guests on Defendant Moore's show.

First, the Court can afford "complete relief" under Rule 19(a)(1)(A) without joining the guests. Rule 19 requires joinder of all parties necessary so that the "plaintiff may receive

---

[8] Doc. 8.
[9] *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990)).
[10] *Fort Wash. Investment Advisors, Inc. v. Adkins*, No. 19-cv-685, 2021 WL 1345417, at *9 (S.D. Apr. 12, Ohio 2021) (citing Fed. R. Civ. P. 19(a)(1)).

-2-

Case No. 1:21-cv-00991
Gwin, J.

complete relief from *this defendant.*"[11] "Complete relief is determined as between persons already parties, 'and not as between a party and the absent person whose joinder is sought.'"[12]

Plaintiff alleges defamation in dozens of videos and can obtain complete relief from Mr. Moore without joining guests who appeared in two of those videos.

Defendant Moore's motion offers no indication that the guests claim an interest in this litigation. Even if they were impacted by Plaintiff Reid's conduct, nothing stops them from bringing their own lawsuit.

Finally, there is no substantial risk that Defendant will incur "double, multiple, or otherwise inconsistent obligations." "Inconsistent obligations occur" only when "a party is unable to comply with one court's order without breaching another court's order concerning the same incident."[13] Defendant offers no suggestion that other litigation could subject him to an inconsistent obligation here.

### III. Conclusion

Because none of the Rule 19 criteria indicate that the video guests are necessary parties, the Court **DENIES** Defendant Moore's motion to dismiss.

IT IS SO ORDERED.

Dated: September 8, 2021     *s/     James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[11] *Norfolk S. Ry. Co. v. Baker Hughes Oilfield Ops., LLC*, 443 F. Supp. 3d 877, 884 (S.D. Ohio 2020) (emphasis added).
[12] *Laethem Equip. Co. v. Deere & Co.*, 485 Fed. Appx. 39, 44 (6th Cir. 2012) (unpublished) (citing *Sch. Dist. of City of Pontiac v. Sec. of U.S. Dept. of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009)).
[13] *Delgado v. Plaza Las Ams., Inc.*, 139 F.3d 1, 3 (1st Cir. 1998).