IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DISVISION

| | |
|---|---|
| Larry D. Reid, et al., <br><br> Plaintiff, <br><br> – vs – <br><br> Darryl Moore, <br><br> Defendant / Counterclaimant. | Case No. 1:21-cv-00991 <br><br> Judge James Gwin <br><br><br> Answer to the Counterclaim of Defendant / Counterclaimant Darryl Moore |

Now come the Plaintiffs / Counterclaim Defendants, Larry D. Reid ("Reid") and Larry Reid Live, L.L.C. ("LRL"), and each of them, who, by and through undersigned counsel and pursuant to Civil Rule 12(a)(1)(B), for their Answer and Affirmative Defenses to the Counterclaim (ECF No. 12) brought against them, state as follows:

– FIRST DEFENSE –

1. Paragraph 1 of the Counterclaim is actually a portion of the Prayer of the Answer with which the Counterclaim was filed, and as such states no well-pleaded allegation of fact to which a response is required or possible.

2. Paragraph 2 of the Counterclaim is actually a portion of the Prayer of the Answer with which the Counterclaim was filed, and as such states no well-pleaded allegation of fact to which a response is required or possible.

3. Paragraph 3 of the Counterclaim is actually a portion of the Prayer of the Answer with which the Counterclaim was filed, and as such states no well-pleaded allegation of fact to which a response is required or possible.

4. These Counterclaim Defendants, and each of them, deny each and every one of the allegations, averments and claims set forth in Paragraph 4 of the Counterclaim.

5. These Counterclaim Defendants, and each of them, deny that Reid, LRL or his and/or its employees posted online, in a podcast or otherwise, the video created by Moore and described in Paragraph 5 of the Counterclaim, and deny, for want of information sufficient to form a belief regarding the truth thereof, each and every remaining allegation, averment and claim set forth in Paragraph 5 of the Counterclaim.

6. These Counterclaim Defendants, and each of them, deny that either Reid or LRL has or at any time relevant had an employee named Dayvon Augustus, and deny, for want of information sufficient to form a belief regarding the truth thereof, each and every remaining allegation, averment and claim set forth in Paragraph 6 of the Counterclaim.

7. These Counterclaim Defendants, and each of them, deny that either Reid or LRL has or at any time relevant had an employee named Dayvon Augustus, and deny, for want of information sufficient to form a belief regarding the truth thereof, each and every remaining allegation, averment and claim set forth in Paragraph 7 of the Counterclaim.

8. These Counterclaim Defendants, and each of them, deny that Reid falsely asserted that Moore was saying that he would kill Reid, and deny, for want of information sufficient to form a belief regarding the truth thereof, each and every remaining allegation, averment and claim set forth in Paragraph 8 of the Counterclaim.

9. These Counterclaim Defendants, and each of them, deny that Moore has never stated that he would harm Reid and reiterate here and in Response to that allegation the specific allegations set froth in Paragraph 41 of the Complaint and its subparts. Further answering, these Counterclaim Defendants, and each of them, deny, for want of information sufficient to form a belief regarding the truth thereof, each and every remaining allegation, averment and claim set forth in Paragraph 9 of the Counterclaim.

10. These Counterclaim Defendants, and each of them, deny that Moore has not made statements which imply a threat of violence against Reid, admit that in at least one video Moore has specifically denied an intent to kill Reid, and further admit that Moore has, in one or more of his videos, threatened Reid with financial ruin in retribution for what Moore characterizes as Reid's statements against him.

11. These Counterclaim Defendants, and each of them, state that the publication figures alleged in Paragraphs 2 and 14 of the Complaint speak for themselves and deny the remaining allegations, averments and claims set forth in Paragraph 11 of the Counterclaim.

12. These Counterclaim Defendants, and each of them, deny the allegations, averments and claims set forth in Paragraph 12 of the Counterclaim.

13. These Counterclaim Defendants, and each of them, deny the allegations, averments and claims set forth in Paragraph 13 of the Counterclaim.

14. These Counterclaim Defendants, and each of them, state that Paragraph 14 of the Counterclaim merely serves to characterize the Counterclaim in an editorial way and contains no well-pleaded allegation of fact to which any response is required or possible. To the extent that any response is required, these Counterclaim Defendants, and each of them deny the allegations, averments and claims set forth in Paragraph 14 of the Counterclaim.

15. These Counterclaim Defendants, and each of them, deny the allegations, averments and claims set forth in Paragraph 15 of the Counterclaim.

16. These Counterclaim Defendants, and each of them, deny the allegations, averments and claims set forth in Paragraph 16 of the Counterclaim.

17. These Counterclaim Defendants, and each of them, state that Paragraph 17 of the Counterclaim asserts conclusions of law and contains no well-pleaded allegation of fact to which any response is required, and deny any allegation therein to which a response is required.

18. These Counterclaim Defendants, and each of them, deny the allegations, averments and claims set forth in Paragraph 18 of the Counterclaim.

19. These Counterclaim Defendants, and each of them, deny, for want of information sufficient to form a belief regarding the truth thereof, each and every allegation, averment and claim set forth in Paragraph 19 of the Counterclaim.

20. These Counterclaim Defendants, and each of them, deny the allegations, averments and claims set forth in Paragraph 20 of the Counterclaim.

21. These Counterclaim Defendants, and each of them, deny each and every allegation, averment or claim in the Counterclaim that has not already herein been expressly admitted, denied or denied for want of information sufficient to form a belief as to the truth thereof.

— **SECOND DEFENSE**—

22. The Amended Complaint fails to state a claim upon which relief might be granted in one or more of the following ways:

   a. It fails to plead special damages with particularity;

   b. It fails to plead facts sufficient and specific enough to present a plausible claim for relief within the meaning of Bell Atlantic v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009);

   c. It fails to plead the elements of defamation necessary to state a claim under Ohio law;

   d. Moore is a public figure or a limited purpose public figure, but the Counterclaim fails to plead actual malice within the meaning of New York Times v. Sullivan, 376 U.S. 254 (1964);

   e. The Counterclaim alleges actions by alleged agents of the Counterclaim Defendants, but fails to plead agency, authority, apparent authority or any other fact sufficient to establish liability under a theory of Respondent Superior;

   f. Moore denies the jurisdiction of the Court over this matter in Paragraph 7 of his Answer and never properly asserts or invokes its jurisdiction as to his Counterclaim.

— **THIRD DEFENSE**—

23. One, some or all of the claims set forth in the Amended Complaint are barred by the applicable statute of limitations.

— **FOURTH DEFENSE**—

24. The statements complained about in the Amended Complaint are not defamatory by virtue of being either true or substantially true.

— **FIFTH DEFENSE**—

25. The statements complained about in the Amended Complaint are not defamatory because to the extent that they were made at all they constitute opinion or rhetorical hyperbole.

— **SIXTH DEFENSE**—

26. The statements complained about in the Amended Complaint are not defamatory or not actionable in defamation because Moore is a limited purpose public figure and because the statements complained of were not made with actual malice, were not known to be false if made, and were not made with a reckless disregard for the truth thereof.

— **SEVENTH DEFENSE**—

27. The statements complained about in the Amended Complaint are not defamatory or not actionable in defamation because they involved a matter of public concern and because the statements complained of were not made with actual malice, were not knowingly false, and were not made with a reckless disregard for the truth thereof.

— **EIGHTH DEFENSE**—

28. Counterclaimant Moore has suffered no damages as a result of the statements complained about in the Counterclaim.

— **NINTH DEFENSE**—

29. Any equitable relief sought in the Counterclaim is barred by either or both of the doctrines of unclean hands and/or estopple.

— **TENTH DEFENSE**—

30. Counterclaimant Moore, to the extent that he has suffered any damages as a result of the statements complained about in his Counterclaim, has failed to mitigate those damages, or has augmented those damages through his own republication of the statements complained about online and otherwise.

— **ELEVENTH DEFENSE**—

31. The Amended Complaint fails to name and join necessary and indispensable parties, to wit: the persons alleged to have made and posted the videos complained about.

— **TWELFTH DEFENSE**—

32. Counterclaimant Moore, independent of any statement made about him by the Counterclaim Defendants, suffers from such a poor reputation as to be incapable of being damaged in defamation by the statements alleged in his Counterclaim.

— **PRAYER**—

**WHEREFORE,** having fully set forth their defenses against the allegations and claims contained in the Counterclaim, these Counterclaim Defendants, and each of them, demand judgment against Moore, in his capacity as a Counterclaimant, as follows:

- A. That the Claims set forth in the Counterclaim, and each of them, be dismissed against these Counterclaim Defendants, and each of them, with prejudice, and that Moore take nothing by his Counterclaim;

- B. That the Claims set forth in the Counterclaim, after a Motion and Hearing, be held to be frivolous and unwarranted by the facts and existing law;

- C. That Moore be assessed the attorney's fees and costs of suit incurred by these Counterclaim Defendants in defending against the Counterclaim;

- D. That Moore be denied any and all equitable relief demanded in the Counterclaim, and;

- E. That the Court grant such other relief, be it legal or equitable, as it deems just in the sound exercise of its discretion.

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
 vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
 zimmerman@vasvarilaw.com
**VASVARI & ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Oho 44121-5353
Telephone. 216.458.5880
Telecopier. 216.302.3700

Attorneys for Larry D. Reid and
Larry Reid Live, L.L.C.

– **CERTIFICATE OF SERVICE** –

The foregoing Answer to the Counterclaim of Defendant / Counterclaimant Darryl Moore was filed today, Monday, 19 September 2021 through the Court Electronic Filing System. Copies will be served open counsel of record by and may be obtained through operation of the CM / ECF System.

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
 vasvari@vasvarilaw.com
**VASVARI & ZIMMERMAN**

One of the Attorneys for Larry D. Reid and Larry Reid Live, L.L.C.