IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry Reid, et al.,<br><br>                    Plaintiffs,<br><br>          – vs –<br><br>Darryl Moore,<br><br>                    Defendant. | Case No.  1:21-cv-00991<br><br>Judge James S. Gwin<br><br>Magistrate Judge Jonathan Greenberg<br><br>Memorandum in Support of Plaintiffs'<br>Motion to Enforce Settlement Agreement |

This case arises from the publication, by Defendant Darryl Moore, of dozens of videos falsely alleging that one of the Plaintiffs, Larry D. Reid, had engaged in various criminal and nefarious activities, including child molestation, tax fraud, tax evasion, defrauding the United States government, domestic abuse, extramarital affairs, witness intimidation and more.[1]

On September 8, 2021, the Court (ECF No. 18) ordered mediation. An Order (ECF No. 20) setting the terms and date of that mediation was entered by Magistrate Judge Greenberg on September 15, 2021. The mediation was conducted via videoconference on December 6, 2021, and was attended by the parties and their respective counsel. An agreement was reached, the principal terms of which were placed on the record that day. The parties were ordered (ECF No. 27) to memorialize their agreement and to enter a Joint Stipulation of Dismissal with Prejudice not later than 5:00 p.m. on Monday, December 20, 2021. Undersigned counsel prepared and circulated a draft agreement, which was signed by the Defendant and his counsel on December 17, 2021 and countersigned by the Plaintiffs and undersigned counsel two days later. [2]

---

[1] See Complaint, ECF No. 1, May 12, 2021, passim.

[2] Counterpart copies of the Settlement Agreement are attached hereto as Exhibits 1 (Defendant's copy) and 2 (Plaintiffs' copy). A single, non-substantive difference exists between the two copies. The signature page of Exhibit 2 was printed from Microsoft Word, and appended to a PDF version for filing, while Exhibit 1 apparently was printed from the PDF version only. Inconsistent page breaks based on this difference caused two lines of text at the bottom of Page 5 to repeat on Page 6. The counterparts are substantively identical. See Declaration of Raymond V. Vasvari, Jr., Exhibit 4, at ¶ 5.

A.      **Principal Terms of the Settlement, Including Continuing Jurisdiction**

The Settlement Agreement provided – as a principal term – that the Defendant would take down all videos and other material that involved, related or referred to Larry D. Reid and/or Larry Reid Live, LLC **not later than 5:00 p.m. EST on Monday, December 20, 2021.**

The following provisions of the Settlement Agreement are germane to this Motion. We begin with some pertinent definitions.

15.      **Take Down** shall mean to remove from online access, to the fullest extent possible, so as to make access unavailable via the Internet and/or the Web, any and all of the following: all user generated content, comments, interactive comments, key words, metadata, text, video files, audio files, blogs, social media content, images, drawings, hyperlinks, indices and information of any sort. This term shall be construed broadly, and read to impose an affirmative obligation on the Parties, and each of them, to remove such materials, and render them inaccessible and unavailable, with deliberate speed and diligence.

16.      **Relate** and any variant thereof (e.g., relating; related; relates; relating to), shall mean to mention, constitute, contain, summarize, describe, concern, refer to, allude to, or address in any way the subject matter thereof.

17.      **Party or Parties Adverse to Them** shall mean: when applied to Reid and/or LRL, Defendant Moore, and; when applied to Moore, shall mean Plaintiffs Reid and/or LRL.[3]

Moore's obligations to remove online content under the Settlement Agreement were broad, detailed and unambiguous.

1.      On or before the end of business, no later than 5:00 p.m. Eastern Standard Time, on Monday, December 20, 2021, the Parties, and each of them, shall Take Down any and all content which they have published via the Internet and/or Web, which remains subject to their control, that in any way mentions, involves, describes, refers, relates to, involves or pertains to the Party or Parties adverse to them in this litigation.

a.      Moore shall take down all such content regarding Reid, LRL, or both of them, as well as any of their relatives and/or employees.

---

[3] Settlement Agreement, Sections B.15–17.

        b.      Reid and LRL, and each of them, shall take down all such content regarding Moore, and/or his relatives and employees.

        c.      Once taken down, the content shall never be made available online via the Internet or on the Web. [4]

The Settlement Agreement not only requires the removal of existing content, but forbids the creation of new content by Moore regarding Reid after Monday, December 20, 2021:

      2.      The Parties, each and all of them, shall forever refrain from creating, publishing and/or distributing via the Internet and/or the Web, content, user generated content, comments, interactive comments, metadata, keywords, hyperlinks, indices or other information that that in any way mentions, involves, describes, refers, relates to, involves or pertains to any of the following:

        a.      The Party or Parties Adverse to Them in this litigation;

        b.      Any relative of a Party Adverse to Them in this litigation, or;

        c.      Any employee of a Party Adverse to Them in this litigation. [5]

Pursuant to Magistrate Judge Greenberg's Order (ECF No. 27) the Settlement Agreement provided that the parties would dismiss their respective claims and counterclaims on or before the end of business on December 20, 2021.

      The Parties, through their respective attorneys, shall dismiss with prejudice each of their respective claims and counterclaims against the Party or Parties Adverse to Them, by causing a Joint Stipulated Entry of Dismissal with Prejudice to be filed in the Subject Litigation no later than 5:00 p.m., E.S.T. on Monday, December 20, 2021.[6]

The Settlement Agreement, and the Order (ECF No 27) provide that "the Court shall retain continuing jurisdiction [over the captioned matter] to enforce the settlement agreement."

---

[4] Id., at Section C.1.a–c.

[5] Id., at Section C.2.a–c.

[6] Id., at Section C.4.

In accordance with that Order (ECF No. 27) and with the written consent of counsel for the Defendant, undersigned counsel timely filed a Joint Stipulation of Dismissal (ECF No. 28) before the close of business on December 20, 2021.

### B.    Moore's Immediate and Ongoing Violation of the Agreement

Almost immediately, Defendant Moore breached the Settlement Agreement. He remains in breach as of this filing. An unsolicited email sent by Moore to undersigned counsel, that was received while this Memorandum was being drafted, strongly suggests that Moore has repudiated the Settlement Agreement and—on specious grounds—intends not to abide by it.

As noted, the Settlement Agreement imposed a deadline on the parties. All parties agreed to remove from the Internet any content referring or relating to their adversaries in this case, no later than December 20, 2021 at 5:00 p.m. EST. They also agreed that, after that date and time, they would refrain from publishing any online content referring or relating to their adversaries in this case, in any forum whatever.

When the appointed time to act arrived, Moore had not removed all of the content related to Larry Reid from Moore's YouTube channel.[7]

Two hours after the appointed time has passed, Moore live streamed a **new** video, roughly a half hour in length, discussing this litigation and his motives for settlement, and claiming that he published what he did about Larry Reid in an effort to expose wrongdoing.[8]  The new video does not appear to be archived or available for replay on Moore's YouTube channel.[9]

---

[7] We say he did not remove **all** of that content, but it appears—preliminarily—that he may not have removed **any** of it. A review of his YouTube channel on the afternoon of December 21, 2021 found several dozen Reid related videos remained. Counsel has not had an opportunity to review all of the hundreds of videos on Moore's site before filing this Motion, which the Plaintiffs (rightly) regard as urgent. What we have reviewed are the videos on that channel that refer to Larry Reid or this litigation in their titles. See Vasvari Decl., at ¶¶ 7–8.

[8] See Exhibit 3, Declaration of Larry D. Reid., at ¶ 7–8 and Decl. Ex. A. Attached to that Declaration is a transcripts of Moore's Monday evening video, prepared by an online application called Trint, which generates transcripts of YouTube videos in real time, and which was prepared using Trint by Mr. Reid. Id., at ¶ 8.

[9] See Vasvari Decl., at ¶ 6.

The same cannot be said of dozens of videos that name Reid in their titles and repeat the allegations that were the initial basis for this case having been filed. Listed below are the titles of an non-exhaustive list of those videos, with the date of their initial publication.

The continued publication of the these videos on YouTube was confirmed by undersigned counsel on December 21, 2021. Several others with Reid in the title were also available.[10]

- A Message to the Accusers of Larry Reid [11]

- Reid. v. Moore Mediation [12]

- Larry Reid, et al. v. Darryl Moore Update (The Truth) [13]

- Friday Night Live | The Deleted Larry Reid Patreon Post about King Jives, Andrea Garrision, & Me!!! [14]

- When the lies Larry Reid and Consciouz TV tell catch up to them [15]

- Lawyer Up, Part TWO [16]

- Lawyer Up . . .  It's beyond Me Now![17]

- Reid v. Moore – Stay Tuned [18]

- 6.30.2021 | Reid v. Moore … Update [19]

- Larry, Consciouz TV & lies!!! [20]

---

[10] All the videos remained, and were last accessed, during the afternoon and early hours of December 21, 2021, and were seen—but not viewed, which would take many hours—on Moore's channel by undersigned counsel. Moore's YouTube channel is available online  https://www.youtube.com/c/Moore-ent/videos. The uniform reference locators (URLs) associated with particular videos on Moore's channel are listed in the footnotes that follow. See Vasvari Decl., at ¶¶ 7–9.

[11] November 30, 2021. Available at https://www.youtube.com/watch?v=9Ukjmd6MN8Y.

[12] November 29, 2021. Available at https://www.youtube.com/watch?v=1zaEVczqD-A.

[13] November 29, 2021. Available at https://www.youtube.com/watch?v=NiosfLlmGrA.

[14] September 3, 2021. Available at  https://www.youtube.com/watch?v=zu7uiMUfdf4.

[15] September 3, 2021.Available at https://www.youtube.com/watch?v=1EPLBKMYDDY.

[16] August 27, 2021. Available at https://www.youtube.com/watch?v=FIkIowe5fqQ.

[17] August 26, 2021. Available at https://www.youtube.com/watch?v=DjoszsKTNT8.

[18] August 23, 2021. Available at https://www.youtube.com/watch?v=FIkIowe5fqQ.

[19] June 30, 2021. Available at https://www.youtube.com/watch?v=cYEofDqiQsc.

[20] June 30, 2021. Available at https://www.youtube.com/watch?v=TzQY3hzjLbg.

- Larry Reid's newest flying monkey says I am a bully [21]

- Information about Larry Reid's appointed public Mouth Piece . . . Consciouz TV [22]

- I talked to God about Larry Reid [23]

- Dinner Time . . . Larry Reid and his cease and desist letters [24]

- Larry Reid has known about the police report since 1998 [25]

- The Hypocrisy of Larry Reid [26]

- The narcissistic private apology of Larry Reid to Darrel Walls [27]

- Larry Reid's Victim Speaks . . . The interview is coming!!! [28]

- Larry Reid Lies . . . imagine that !!! [29]

This non-exhaustive list is more than sufficient to demonstrate that Moore has not abided by the Settlement Agreement, and left online content he was required to take down.

It also puts the lie to the claim, made in his, December 20, 2021 live streamed video, that he would remove his online content regarding Reid by midnight that evening. [30]

Taken together, these things—and an unsolicited email  sent to undersigned counsel while this Memorandum was being drafted—indicate that Moore does not feel bound by the Settlement Agreement, and intends to repudiate it.

---

[21] June 13, 2021. Available at https://www.youtube.com/watch?v=SQTus5qPNZw.

[22] May 27, 2021. Available at https://www.youtube.com/watch?v=7Y9hI8xaSwM.

[23] May 24, 2021. Available at https://www.youtube.com/watch?v=_aaU64H2Lpw

[24] April 22, 2021. Available at https://www.youtube.com/watch?v=GlCj8NNwuzg.

[25] April 19, 2021. Available at https://www.youtube.com/watch?v=hULfRq5dFj4

[26] April 15, 2021. Available at https://www.youtube.com/watch?v=qt2XplYqSs0.

[27] April 14, 2021. Available at https://www.youtube.com/watch?v=PjtDJqlu9P0g.

[28] April 11, 2021. Available at https://www.youtube.com/watch?v=Nw_jMvuu9Cs.

[29] April 9, 2021.  Available at https://www.youtube.com/watch?v=LT1efc7bboE.

[30] That would not have been strictly compliant with the Settlement Agreement in any event, since a 5:00 p.m. takedown was agreed to. See Reid Decl. ¶ 8 and Decl. Ex. 1, Transcription of video live streamed December 20, 2021, at Paragraph 14, Line 15.

**C.     Moore Send a Bizarre Email to Undersigned Counsel, While Live Streaming A Video on YouTube Disparaging Reid and the Settlement Agreement.**

The conclusion that Moore will repudiate the Settlement Agreement is supported by an unusual email sent by Moore to his attorney, and on which Moore copied the undersigned, received while this Memorandum was being drafted. [31]

In that email, Moore claims he was deceived into settling by dint of having been denied material information during the course of litigation. That claim appears connected an allegation in Moore's counterclaim that a third–party YouTuber, Dayvon Augustus, is employed by Reid. That allegation is false, and Reid said as much during the mediation. None-the-less, Moore wrote:

> Please file a motion immediately, I was asked to do this mediation under false pretenses. Larry Reid is falsely using the courts and his financial backing to squash the truth from being revealed.
>
> The video below was BEFORE the Monday deadline to sign the mediation agreement.
>
> \* \* \*
>
> Augustus brags in this video about "kicking my ass" for Larry and helping him with the case. Reid thanks him for his work. The judge and magistrate need to see this immediately. I have downloaded this video. They will try to hide this video. I think this mediation should be null and void.
>
> \* \* \*
>
> I have the OFFICIAL copy of the transcript from that deposition to prove he said he didn't know Augustus. He has been working with Augustus all along. This man is a liar that must be stopped! He wanted to squash the story from the three accusers about his allegations of child molestation and infecting one of them with HIV. [32]

---

[31] Exhibit 4, Vasvari Decl., at ¶ 9 and Decl. Ex. A. The email was not in response to anything sent by the undersigned and was wholly unsolicited. Both the undersigned attorneys were cc'd on the email. Its deliberate disclosure to the undersigned vitiates its status as a privileged communication.

[32] See Id. The deposition to which Moore refers appears to have been taken in a Georgia Superior Court proceeding in which Reid was a party.

None of this is true. But even if it were, it would not affect the finality nor the validity of the Settlement Agreement that Moore signed on December 17, 2021. In it, he waived any and all claims that he had brought, or might have brought against Reid in the subject litigation, including the allegations regarding Augustus, which were set forth in Moore's Counterclaim.[33]

> In consideration of the terms and promises set forth in Section C.5 of this Settlement Agreement, Moore hereby releases all claims, demands, rights, and/or causes of action he now has, or may have had against Reid, LRL, and either or both of them, which accrued at any point prior to the execution of this Settlement Agreement, whether known or unknown, asserted or unasserted, vested or contingent, and whether sounding in law or in equity. Moore does so for himself, his heirs, assigns, attorneys, successors in interest, agents and any and all persons or entities claiming or asserting an interest for, by or through him, in his name or on his behalf. [34]

Moore signed the Settlement Agreement, and represented in doing so that he had the opportunity to consult with his attorney, who also signed it.

> Each person signing this Settlement Agreement represents and warrants that he has been duly authorized and has direct requisite authority to execute and deliver this Settlement Agreement on behalf of and bind the respective Parties to its terms and conditions, and has done so of his own free will and without coercion or duress.  Each Party represents and warrants that he she or it has full authority and capacity to release and discharge the matter set forth herein on its behalf, and has had an opportunity to consult with its counsel and professional advisors regarding this Settlement Agreement. [35]

Finally, as to deception, Moore can hardly complain that he was denied information to which he was entitled during litigation. He was provided with Initial Disclosures, though he never deigned to make initial disclosures to the Plaintiff. He served no discover, noticed no depositions, and served no subpoenas. The third–party video to which he refers did not exist at the time of settlement, and says nothing about Reid's knowledge or intent.

---

[33] Answer and Counterclaim (ECF No. 12), Counterclaim ¶¶ 6–8.

[34] Ex. 1 and 2. Settlement Agreement, at Section C.6.

[35] Id., at Section D.6.

As this Memorandum was being drafted, Moore began to live stream a video on YouTube that undersigned counsel watched in part, but which is no longer available. [36] In it, Moore disparaged the Settlement Agreement as a "gag order" and made various negative references to Reid and his supporters. These communications indicate that Moore does not intend to honor the Settlement Agreement.

### D.  The Relief Requested

The Settlement Agreement clearly has been breached, and is being breached, openly. The Plaintiffs thereby move the Court to enter an Order compelling Moore to abide by its terms, given that the Court (ECF No. 27) has retained jurisdiction for that purpose.

This Court has the power to enforce a settlement voluntarily concluded between the parties in cases—such as this—in which jurisdiction has been retained for that purpose. *Miller v. Prompt Recovery Servs*., N.D.Ohio No. 5:11CV2292, 2014 U.S. Dist. LEXIS 118568, at ∗ 3 (Aug. 25, 2014) (citing *Therma-Scan, Inc. v. Thermoscan, Inc*., 217 F.3d 414, 419 (6th Cir. 2000) (in turn citing *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986))).

A District Court may enforce a Settlement Agreement without an evidentiary hearing when it concludes that agreement  has been reached on all material terms. *RE/MAX International, Inc. v. Realty One, Inc*., 271 F.3d 633, 645-646 (6th Cir. 2001). No hearing is necessary when

> the record shows that all the essential terms had been agreed upon in open
> court and all that remained was to sort out the non-material details and put
> the agreement in writing.

*Id*., at 646. That is the case here. The settlement terms to which the parties agreed were put on the record by Magistrate Judge Greenberg and taken down by a court reporter. The parties and their counsel recited the material terms of the settlement and acknowledged that they agreed to them.

---

[36] See Vasvari Decl., at ¶ 9.

Settlement agreements are contracts and subject to construction under the law of the forum state in which they are concluded. *Douglas Co. v. SHI-II Warwick, LLC*, N.D.Ohio No. 3:18 CV 59, 2020 U.S. Dist. LEXIS 46081, at ＊20 (Mar. 17, 2020). When the material terms of a contract are unambiguous, Ohio law requires that they be enforced as written. Ohio's

> legal standards for the interpretation of contracts are well established. We seek primarily to give effect to the intent of the parties, and we presume that the intent of the parties is reflected in the plain language of the contract.  As a result, if the language of a contract is plain and unambiguous, we enforce the terms as written, and we may not turn to evidence outside the four corners of the contract to alter its meaning.

*Beverage Holdings, L.L.C. v. 5701 Lombardo, L.L.C.*, 159 Ohio St.3d 194, 2019-Ohio-4716, 150 N.E.3d 28, ¶ 13 (citing *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 11 and *Aultman Hospital Ass'n v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989)).

The terms of the Settlement Agreement are unambiguous. Moore agreed to take down all Internet content under his control that refers or relates to Reid. He did not do so. Moore agreed to refrain from publishing content online that refers or relates to Reid after 5:00 p.m. on December 21, 2021. **He has violated that agreement twice in twenty-five hours**.

Plaintiffs respectfully move the Court to: **(a)** order Moore to remove the content he agreed to remove in the Settlement Agreement; **(b)** enjoin Moore from publishing online content relating or referring to Reid, as specified in the Settlement Agreement, and; **(c)** declare that Moore has violated the terms of the Settlement Agreement through the actions and inactions described herein.

The Plaintiffs also **(d)** respectfully move for an award of attorney fees in connection with the preparation of this Motion. This is consistent with both Ohio law, and Courts in this judicial district have awarded fees under such circumstances below.

> While the **Settlement** Agreement does not explicitly provide for such relief,
> "Ohio law allows a court to award attorney's fees as compensatory damages
> when a party's breach of a **settlement** agreement makes litigation necessary,
> even where none of the exceptions to the American Rule have been shown."

*Integrity Energy, Ltd. v. Hunter*, N.D.Ohio No. 1:18-CV-00978, 2021 U.S. Dist. LEXIS 125370,

at ＊ 27-28 (July 6, 2021)(citing *Olszewski v. Cleveland Clinic*, 2020 U.S. Dist. LEXIS 185064 at

＊ 20, quoting *Rohrer Corp. v. Dane Elec. Corp. USA*, 482 Fed. App'x 113, 117 (6th Cir. 2012).

This matter was settled. A reputational nightmare for Larry Reid was supposed to have

ended yesterday. The Defendant has violated the Settlement Agreement with savage disregard

for Reid's rights and his own responsibilities. Plaintiffs urgently move the Court to act.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
  zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone:  216.458.5880
Telecopier:  216.302.3700

Attorneys for the Plaintiffs

**– Certificate of Compliance –**

The undersigned certified that this document complies with the requirement of L. R. Civ. 7.1(f) in that, exclusive of appendices, each of the statement checked below is true;

☒    It relates to a non-dispositive motion and is less than fifteen (15) pages;

☐    It relates to a dispositive motion in a case designated as on the expedited track, and is not longer than ten (10) pages;

☐    It relates to a dispositive motion in a case designated as administrative or standard track, or in a case not yet given a differentiated case management track designation, and is not longer than twenty (20) pages;

☐    It relates to a dispositive motion in a case designated as on the complex track, and is not longer than thirty (30) pages;

☐    It relates to a dispositive motion in a case designated as on the mass tort track, and is not longer than forty (40) pages;

☐    It exceeds fifteen (15) pages in any event, and it thus contains a brief statement of the issue(s) to be decided, a brief statement of the argument(s) made, and tables of both contents and of the authorities cited therein.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the attorneys for Plaintiffs

**– Certificate of Service –**

The foregoing was filed today, Wednesday, December 22, 2021, via the Court Electronic Filing System. Service will be made upon counsel of record by, and copies of this filing may be obtained through operation of the CM / ECF System.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the Attorneys for the Plaintiffs