UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| LARRY D. REID, ET AL., | : | CASE NO. 1:21-cv-00991 |
| | : | |
| Plaintiffs, | : | OPINION & ORDER |
| | : | [Resolving Doc. 29] |
| v. | : | |
| | : | |
| DARRYL MOORE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Larry Reid and Larry Reid Live, LLC sued Defendant Moore for posting allegedly defamatory videos about Plaintiff Reid.[1] The parties settled the case and signed a settlement agreement.[2] Now, Plaintiffs move to enforce the settlement agreement.[3] Plaintiffs allege that Defendant Moore violated the agreement by not removing videos about Plaintiff Reid and by posting new videos.

For the reasons said below, the Court **GRANTS** Plaintiffs' motion to enforce the settlement agreement. The Court **ORDERS** Defendant Moore to completely remove the videos that violate the settlement agreement. The Court further **ORDERS** Defendant Moore not to post any new web materials that violate the settlement agreement.

I. Background

Plaintiffs sued Defendant Moore for defamation, false light invasion of privacy, public disclosure of private facts, and deceptive trade practices.[4] Plaintiffs alleged that Defendant

---

[1] Doc. 1.
[2] Doc. 27; Doc. 29-2 (Settlement Agreement).
[3] Doc. 29.
[4] Doc. 1.

Case No. 1:21-cv-00991
GWIN, J.

posted YouTube videos accusing Plaintiff Reid of various crimes.[5]

In December 2021, the parties took part in a mediation conference and settled the case.[6] The Court kept jurisdiction to enforce the agreement.[7]

The parties memorialized their settlement in a written settlement agreement.[8] All parties signed the agreement.[9]

This Court granted the parties' joint motion to dismiss the case with prejudice.[10]

The settlement agreement set a deadline for Plaintiffs and Defendant to remove all internet content referring to the opposing party.[11]

After that deadline passed, Plaintiffs moved to enforce the settlement agreement.[12] Plaintiffs alleged that Defendant Moore did not remove videos referring to Plaintiff Reid.[13] Plaintiffs also alleged that Defendant Moore posted new videos referring to Plaintiff Reid.[14] A week later, Plaintiffs filed a supplement describing additional videos Defendant Moore posted in violation of the settlement agreement.[15]

This Court set a deadline for Defendant Moore to respond to Plaintiffs' motion.[16] Defendant Moore did not respond.

II.  Legal Standard

Courts keep jurisdiction to enforce settlement agreements of cases pending before

---

[5] *Id.* at ¶ 3.
[6] Doc. 27.
[7] *Id.*
[8] Doc. 29-2 (Settlement Agreement).
[9] *Id.*; Doc. 29-3.
[10] Doc. 30.
[11] Doc. 29-2 (Settlement Agreement) at 3-4.
[12] Doc. 29.
[13] Doc. 29-1 at 7-9.
[14] *Id.*
[15] Doc. 32.
[16] Doc. 31.

Case No. 1:21-cv-00991
GWIN, J.

them where the Court expressly retains jurisdiction upon dismissing the case.[17]  Here, the Court retained jurisdiction to enforce the agreement.[18]  The parties also agreed to this Court's enforcement jurisdiction in their settlement agreement.[19]

Before enforcing a settlement, a district court must conclude that the parties reached agreement on all material terms.[20]  Once the district court finds an agreement on the material terms, the court must enforce those terms and may not alter them.[21]

### III.   Discussion

This Court finds that the parties agreed on all material settlement terms.  This Court also finds that Defendant Moore violated those settlement terms by not removing videos referring to Plaintiff Reid and by posting new videos referring to Plaintiff Reid.

The parties reached agreement on all material terms.  After reaching an agreement during the mediation conference, the parties wrote and signed a settlement agreement.[22]

The settlement agreement says unambiguously that Defendant Moore must remove videos referring to Plaintiff Reid.

The agreement states that by 5:00 PM on December 20, 2021, the parties "shall take down any and all content which they have published on the internet and/or web . . . that in any way mentions, involves, describes, refers, relates to, involves, or pertains to the party or parties adverse to them in this litigation."[23]

The agreement also says that the parties "shall forever refrain from creating, publishing

---

[17] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).
[18] Doc. 27.
[19] Doc. 29-2 (Settlement Agreement) at 5.
[20] *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).
[21] *Id.*
[22] Doc. 29-2 (Settlement Agreement); Doc. 29-3.
[23] Doc 29-2 (Settlement Agreement) at 3.

Case No. 1:21-cv-00991
GWIN, J.

and/or distributing via the internet and/or web" any content that "in any way mentions, involves, describes, refers, relates to, involves, or pertains to" the opposing parties, their employees, or their relatives.[24]

Under the terms of the settlement agreement, Defendant Moore must permanently remove the videos referring to Plaintiff Reid and refrain from posting any content referring to Plaintiff Reid. Defendant Moore violated the settlement agreement by not following those terms. This Court orders him to comply by removing any videos referring to Plaintiff Reid and by refraining from posting any new videos that violate the settlement.

## IV. Conclusion

The Court **GRANTS** Plaintiffs' motion to enforce the settlement agreement. The Court **ORDERS** Defendant Moore to completely remove the videos that violate the settlement agreement. The Court further **ORDERS** Defendant Moore not to post any new web materials that violate the settlement agreement.

       IT IS SO ORDERED.

Dated: January 12, 2022             *s/    James S. Gwin*
                                                           JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[24] *Id.* at 4.