IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry Reid, et al., | Case No. 1:21-cv-00991 |
| Plaintiff, | Judge James Gwin |
| – vs – | Magistrate Judge Jonathan D. Greenberg |
| Darryl Moore, | Memorandum in Support of Plaintiffs' Second Motion to Enforce Settlement Agreement and Motion for an Order Requiring the Defendant to Show Cause Why He Should Not Be Held in Contempt |
| Defendant. | |

### A. PROCEDURAL HISTORY

This case arises from a long series of false and defamatory videos regarding Plaintiff Larry D. Reid, which the Defendant, Darryl Moore, posted on YouTube.

On September 8, 2021, the Court (ECF No. 18) ordered mediation. An Order (ECF No. 20) setting the terms and date of that mediation was entered by Magistrate Judge Greenberg on September 15, 2021. The mediation was conducted via video conference on December 6, 2021, and was attended by the parties and their respective counsel. An agreement was reached, the principal terms of which were placed on the record that day. The parties were ordered (ECF No. 27) to memorialize their agreement and to enter a Joint Stipulation of Dismissal with Prejudice not later than 5:00 p.m. on Monday, December 20, 2021. Undersigned counsel prepared and circulated a draft agreement, which was signed by the Defendant and his counsel on December 17, 2021 and countersigned by the Plaintiffs and undersigned counsel two days later. [1]

---

[1] This paragraph reproduces the procedural history of the case presented in the Memorandum in Support of Plaintiffs' [First] Motion to Enforce Settlement Agreement (ECF No. 29–1) filed December 22, 2021, at Page ID 153. Countersigned copies of the Settlement Agreement (ECF Nos. 29–2 and 29–3) were filed together with and in support of that Memorandum. Plaintiffs incorporate the documents filed in support of their previous Motion to Enforce here by reference.

**B.     TERMS OF SETTLEMENT**

A principal term of the Settlement Agreement provided that Moore would remove from the Internet all of the content that he had posted online that in any way related to either of the Plaintiffs, and would post no additional content online regarding either of them in the future.

    1.    On or before the end of business, no later than 5:00 p.m. Eastern Standard Time, on Monday, December 20, 2021, the Parties, and each of them, shall Take Down any and all content which they have published via the Internet and/or Web, which remains subject to their control, that in any way mentions, involves, describes, refers, relates to, involves or pertains to the Party or Parties adverse to them in this litigation.

        a.    Moore shall take down all such content regarding Reid, LRL, or both of them, as well as any of their relatives and/or employees.

        b.    Reid and LRL, and each of them, shall take down all such content regarding Moore, and/or his relatives and employees.

        c.    Once taken down, the content shall never be made available online via the Internet or on the Web.

    2.    The Parties, each and all of them, shall forever refrain from creating, publishing and/or distributing via the Internet and/or the Web, content, user generated content, comments, interactive comments, metadata, keywords, hyperlinks, indices or other information that that in any way mentions, involves, describes, refers, relates to, involves or pertains to any of the following:

        a.    The Party or Parties Adverse to Them in this litigation . . . . [2]

The Settlement Agreement broadly defined certain terms that are relevant to this Second Motion to Enforce, including the following.

    1.    Internet shall mean the international, interconnected network of computer networks which permit information to be shared and accessed through the Internet Protocol Suite and the programs and protocols associated therewith, and shall be read broadly to embrace all common usages of that term.

---

[2] See Settlement Agreement (filed in multiple counterparts) at Section C.1a to C.2.a (ECF 29–2, at Page ID 168–69 and ECF 29-3, at Page ID 174–75).

2. World Wide Web ("the Web") shall mean the universe of web pages, files and other intelligence and content that may be accessed via the Internet using hyperlinks, uniform reference locators (URLs) and other means, through the use of web browsers, and applications designed to facilitate the location and retrieval of such information, and shall be read broadly to embrace all common usages of that term.

* * *

15. Take Down shall mean to remove from online access, to the fullest extent possible, so as to make access unavailable via the Internet and/or the Web, any and all of the following: all user generated content, comments, interactive comments, key words, metadata, text, video files, audio files, blogs, social media content, images, drawings, hyperlinks, indices and information of any sort. This term shall be construed broadly, and read to impose an affirmative obligation on the Parties, and each of them, to remove such materials, and render them inaccessible and unavailable, with deliberate speed and diligence.

16. Relate and any variant thereof (e.g., relating; related; relates; relating to), shall mean to mention, constitute, contain, summarize, describe, concern, refer to, allude to, or address in any way the subject matter thereof. [3]

### C. IMMEDIATE BREACH BY MOORE AND ASSOCIATED FILINGS

Almost immediately after signing it, Moore breached the Settlement Agreement, both (a) by failing to remove material relating to Reid in a timely manner and (b) by publishing additional material relating to Reid after 5:00 p.m. on December 20, 2021. [4]

On December 22, 2021, Plaintiffs filed a Motion to Enforce the Settlement Agreement together with a supporting Memorandum and Declarations detailing the manner in which Moore had breached the terms of that Agreement. [5]

---

[3] Id., at Section 1.B.1, 2, 15 &16 (ECF No. 29–1, Page ID 167–68 and ECF No. 29–3, Page ID 173–74).

[4] Both the Settlement Agreement, and the Order (ECF No. 27) by which Magistrate Judge Greenberg adopted it provide that the Court would retain jurisdiction for purposes of enforcement.

[5] See Motion to Enforce (ECF No. 29), with Memorandum, (ECF No. 29–1) and the Declarations of Larry Reid (ECF No. 29–4) and of Counsel, and their respective exhibits, at Page ID 153–203. A specific list of the publications by which the Settlement Agreement had been breached may be found in the Memorandum,, ECF No. 29–1, at Page ID 157–58).

On December 28, 2021, the Court entered an Order (ECF No. 31) requiring Moore to file a Response to the (first) Motion to Enforce on or before January 4, 2022. Despite this, Moore did not file a Response. [6] On December 31, 2021, the Plaintiffs filed Supplemental Declarations detailing additional instances in which Moore had violated the Settlement Agreement in the week after their Motion to Enforce had been filed. [7]

On January 12, 2022, the Court entered an Opinion & Order (ECF No. 33) holding that Moore had violated the terms of the Settlement Agreement by failing to take down online materials relating to Reid prior to the 5:00 p.m. December 20, 2021 deadline, and by posting additional material relating to Reid online after that deadline had passed. [8]

The Court ordered Moore to remove the offending videos and "not to post any new web materials that violate the settlement agreement." [9]

### D.  MOORE CONTINUES TO VIOLATE THE SETTLEMENT AGREEMENT

Moore continues to violate the terms of the Settlement Agreement, notwithstanding its plain terms and the Court's Order that he abide by those terms. In the past three months, he has done so several times and in three ways. He has: **(a)** posted, on his own YouTube channel, videos of his own creation that obliquely, but unambiguously, refer to Reid; **(b)** he has linked to or promoted, on his own YouTube channel, third-party video content relating to Reid; and, (c) he has posted comments on videos relating to Reid that were created by and appear on the YouTube channels of third party content creators. A representative, but not exhaustive, list of examples appear below.

---

[6] See Opinion & Order entered January 12, 2022 (ECF No. 33), at Page ID 253.

[7] See Supplemental Declaration, ECF No. 30, at Page ID 207–08 and the Supporting Declaration of Larry Reid (ECF 30–1), at Page ID 211–13.

[8] See Opinion and Order, ECF No. 31, at Page ID 254–55.

[9] See Id., at Page ID 255.

1. **APRIL 13, 2022**

Moore posted a video to his YouTube channel, the title of which referred to a "Dr. Dingleberry," a derisive nickname Moore has used, in the past, to refer to Reid. The title image associated with that video appears below.



Moore levies accusations against three unnamed individuals, whom he promises to investigate for crimes, including an adult having had sexual relations with a twelve year old child. During this discussion (**41:05**), Moore mentions a "person the Court says I can't talk about," he implies the involvement of that person in similar acts, and he promises to "get all four." Later in the video (at **56:30**), Moore discusses his "concern" with people claiming false academic credentials. He threatens to expose such a person and claims that then "Babylon will fall." His references are obviously to Reid, since he adds "there will be no mediation this time." [10]

2. **APRIL 7, 2022**

Moore shared a link to a video about Reid on the "Community" page of his own YouTube channel, that was produced by a third party content creator operating as The Sectors TV.

---

[10] The video is at www.youtube.com/watch?v=m_UuR8Pifmo&t=1604s (last accessed April 18, 2022). Moore referred to Reid as Dingleberry is many of the YouTube videos that he previously posted and that formed, in part, the basis for this lawsuit. See Exhibit 1 hereto, Fourth Declaration of Larry Reid, at ¶ 6.

The video, which first streamed on April 7, 2022, is entitled *Larry Reid: Preacher or Entertainer*, and is still available on the Sectors TV channel. It criticizes Reid as to his style of performance and questions his sincerity as a minister.[11] A screen shot of the video link, featuring a photograph of Reid, as it appears on Moore's YouTube channel, is posted below. [12]



### 3. MARCH 23, 2022

In a video posted on his own YouTube channel, Moore also discussed the supposed sexual offenses of three unnamed persons, which include sexual acts with a child.[13]

During the course of that discussion, Moore (beginning at **16:39**) repeatedly refers to a person he "cannot talk about," states that he can discuss the crimes of the other three, and collectively referring to the group as "the Four Horsemen of the Apocalypse." The unnamed person is obviously Reid, and Moore supports this inference when he states that "this time there will be no mediation." Moore repeatedly likens the character of the fourth person – Reid – to the others he has accused of deviant acts, stating (at **14:31** and **19:21**) that "birds of a feather flock together." Moore then warns (starting at **17:06**) that the one "who tried to hide his story" will also be exposed, thanks to the work of Moore and others on YouTube. By clear association Moore implies that Reid is associated with child molesters, or that Reid himself is a child molester. Moore concludes this segment of his video by asking his viewers to send him money.

---

[11] See www.youtube.com/watch?v=AmEthkOvDRg (last accessed April 18, 2022).

[12] See www.youtube.com/c/Moore-ent/community (last accessed April 18, 2022).

[13] See www.youtube.com/watch?v=dyIvk8qzTRo (last accessed April 18, 2022).

4. **MARCH 8, 2022**

Moore posted a video to his own YouTube channel that contained content substantially similar to that described in the preceding paragraph.[14] The same references to mediation, the Four Horsemen and birds of a feather appear (beginning at **1:02:00**), as do allegations regarding the sexual abuse of a teenager (at **1:03:37**). The implication that Reid is engaged in similar activities is clear, based on the refence to Moore being unwilling to mediate again.

5. **MARCH 2, 2022**

Moore publishes a video on his own YouTube channel with commentary regarding the lawsuit making similar references (beginning at about **34:00**) to a person about whom he cannot talk, mediation, the Four Horsemen, and birds of a feather.[15]

Significantly, the discussion including these terms is interwoven with remarks about a man named Jimmy Battles, who had been named by Moore as a victim of sexual abuse in earlier videos, posted by Moore. Those videos were taken down after Moore initially, albeit not finally, complied with the terms of the Settlement Agreement.[16]

6. **FEBRUARY 13, 2022**

On his page on the app buymeacoffee.com, Moore posts a message wishing an unnamed person an un-happy birthday. The subtext reads "An apostle or Imposter? I say imposter!" Moore also uses the phrase End Child Molestation, and the misspelled hashtag #endchukdmolestation. February 13th is Reid's birthday.[17] Moore has, in other online posts, used the same hashtag to mark content related to Reid.[18]

---

[14] See www.youtube.com/watch?v=qMqbRtvvpoU (last accessed April 18, 2022)

[15] See www.youtube.com/watch?v=Z-bWkFRG86M (last accessed April 18, 2022)

[16] Fourth Reid Decl., at ¶ 8.

[17] See www.buymeacoffee.com/CigarVlogger/posts (last accessed January 18, 2022)

[18] Fourth Reid Decl., at ¶ 7.



These are oblique, but identifiable references to Reid, which indirectly, but clearly imply that Reid is connected to child molestation.

### 7. January 16, 2022

A video streamed on the Sectors TV YouTube channel included an extensive discussion of Reid, led by the channel host, D. Darrell. During the video, several guests participated remotely, each in a separate window, similar to a Zoom conversation. That video is still online.[19]

A viewer, self–identified as Darryl Moore posted four viewer comments during the video: he joked his credit card was rejected while trying to contribute to the channel **(18:41)**; he commented that a supporter of Reid must have be "special needs" and be "in a group home" **(19:22)**. When the host discusses people being "bamboozled" by Reid, Moore commented **(28:58)** that "they can attack you but when you clap back, you're the bad guy." One minute after the host admonishes people not to discuss Moore and this litigation, Moore (**30:53**) commented that "the people who attack me can't produce a W-2 or 1099 tax document," a comment redolent of his having accused Reid of being a tax cheat, a slander that was one of the bases for this lawsuit.[20]

That each of these publications plainly violates the Settlement Agreement is obvious when comparing the content described with the prohibitions in that agreement. Moore agreed to:

---

[19] See www.youtube.com/watch?v=2z0EOonp7kI (last accessed April 18, 2022). Moore appears later during the video, while the host and a guest discuss the lawsuit and Reid at length, but does not participate, other than making gestures from time-to-time in apparent response to remarks.

[20] See Complaint, ECF No. 1, at ¶¶ 19, 31 and 34, Page ID 5, 7 and 9.

> forever refrain from creating, publishing and/or distributing via the Internet and/or the Web, content, user generated content, comments, interactive comments, metadata, keywords, hyperlinks, indices or other information that that in any way mentions, involves, describes, refers, relates to, involves or pertains to . . . ." [21]

Larry Reid. The term "relates" is defined broadly and means

> "to mention, constitute, contain, summarize, describe, concern, refer to, allude to, or address in any way the subject matter thereof." [22]

The publications described herein are not close calls or technical violations. It is beyond cavil that Moore has violated these terms repeatedly after being Ordered by the Court, on January 12, 2022, to abide by them.

### E. Moore Should Be Required to Show Cause as to Why He Should Not Be Held In Contempt of the Court's January 12, 2022 Order

Moore has openly disregarded the plain mandate of the Order (ECF No. 33) entered by the Court on January 12, 2022, which forbade him "to post any new web materials that violate the settlement agreement." [23] This is not his first violation of the Court's Orders. He also failed to respond to the first Motion to Enforce Settlement Agreement (ECF No. 31) despite the Order (ECF No. 32) that required him to do so. His intransigence must stop.

Under these circumstances, a Motion for an Order requiring Moore to Show Cause as to why he should not be held in contempt is altogether proper. Such an Order may be sought "if a party believes that another party is not complying with an order of the court."

> If the motion states a case of non-compliance, the court may order the non-moving party to show cause as to why he or she should not be held in contempt and may schedule a hearing for that purpose.

---

[21] See Settlement Agreement, Section C.2, ECF 29–2, at Page ID 169, and ECF 29–3, at Page ID 175.

[22] See Settlement Agreement, Section B.16, ECF 29–2, at Page ID 169, and ECF 29–3, at Page ID 174.

[23] See supra, this Memorandum, at note 9 and accompanying text.

*Union Home Mtge. Corp. v. Jenkins*, N.D.Ohio No. 1:20-cv-02690-PAB, 2021 U.S. Dist. LEXIS 241254, at \* 8 (Dec. 17, 2021) (quoting *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. C-3-06-371, 2008 U.S. Dist. LEXIS 57825, 2008 WL 2977891, at \* 3 (S.D. Ohio July 29, 2008) (in turn citing *Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000)).

The internet publications described here all occurred after the January 12, 2022 Order was entered. The Order was not ambiguous and the violations catalogued are patent. The cited publications themselves will be sufficient to "demonstrate 'by clear and convincing evidence that the party to be held in contempt violated a court order.'" *Hogan v. Cleveland Ave Restaurant, Inc*., S.D.Ohio No. 2:15-cv-2883, 2020 U.S. Dist. LEXIS 160419, at \* 9 (Sep. 1, 2020) (quoting *U.S. v. Conces*, 507 F.3d 1028, 1041-42 (6th Cir. 2007)).

Once this prima facie case is made, and we contend is it sufficiently made in the body of this Memorandum, it will fall to Moore to "show categorically and in detail why he or she [was] unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). This is not a burden Moore is likely to carry, as the Court will next determine whether he "'took all reasonable steps within [his] power to comply with the court's order.'" *Hogan*, *supra*, at \* 9 (quoting *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (in turn quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)). Moore's violations were affirmative acts, and not omissions. It is already plain that he did not take every reasonable step to abide by the January 12, 2022 Order and desist from further online publications regarding Reid. He is patently guilty of civil contempt, which consists in "[d]isobedience or resistance to [the Court's] lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(A)(3).

The Court may impose civil contempt sanctions to enforce compliance with its orders or to compensate for losses caused by the contempt." *In re Jaques*, 761 F.2d 302 (6th Cir.1985).

The Plaintiffs do not lightly seek an Order to Show Cause. Throughout these proceedings, however, Moore has been obstreperous, defiant and now, again, contumacious of the Court's order and its authority. His slanders are of the most vile sort, calculated to cause immense reputational damage to the Plaintiffs. He refuses to be brought to book and will not abide by his own Settlement Agreement or even an Order compelling him to comply with it. An Order to Show Cause is appropriate under these circumstances.

Given the additional fees and expenses his efforts have imposed on the Plaintiffs, should Moore be found in civil contempt—upon a proper demonstration of the fees and costs incurred by the Plaintiffs—he should also be required to pay the attorney fees and expenses incurred by the Plaintiffs in securing his compliance with the Settlement Agreement. *See, e.g. Rolex Watch, supra*, 74 F.3d at 722 (approving the imposition of fees on a civil contemnor).

### F. CONCLUSION

For the foregoing reasons, the Court should again Order Moore to comply with the terms of the Settlement Agreement, to remove all online content that relates to the Plaintiffs or either of them, and to show cause why he should not be held in contempt for violating the January 22, 2022 Order (ECF No. 33) of the Court.

*— signature block appears on the following page —*

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
  zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone: 216.458.5880
Telecopier: 216.302.3700

Attorneys for the Plaintiffs

## – Certificate of Compliance –

The undersigned certified that this document complies with the requirement of L. R. Civ. 7.1(f) in that, exclusive of appendices, each of the statement checked below is true;

☒ It relates to a non-dispositive motion and is less than fifteen (15) pages;

☐ It relates to a dispositive motion in a case designated as on the expedited track, and is not longer than ten (10) pages;

☐ It relates to a dispositive motion in a case designated as administrative or standard track, or in a case not yet given a differentiated case management track designation, and is not longer than twenty (20) pages;

☐ It relates to a dispositive motion in a case designated as on the complex track, and is not longer than thirty (30) pages;

☐ It relates to a dispositive motion in a case designated as on the mass tort track, and is not longer than forty (40) pages;

☐ It exceeds fifteen (15) pages in any event, and it thus contains a brief statement of the issue(s) to be decided, a brief statement of the argument(s) made, and tables of both contents and of the authorities cited therein.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the attorneys for Plaintiffs

## – Certificate of Service –

The foregoing was filed today, Friday, April 22, 2022, via the Court Electronic Filing System. Service will be made upon counsel of record by, and copies of this filing may be obtained through operation of the CM / ECF System.

    Respectfully submitted

    /s/ Raymond V. Vasvari, Jr.

    **Raymond V. Vasvari, Jr.** (0055538)
     vasvari@vasvarilaw.com
    **VASVARI | ZIMMERMAN**

    One of the Attorneys for the Plaintiffs