IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry D. Reid, et al., | Case No. 1:12–cv–00991 |
| Plaintiffs, | Judge James S. Gwin |
| –vs– | Magistrate Judge Jonathan Greenburg |
| Darryl D. Moore, | Response in Opposition to the Motion to Dismiss Lately Emailed to Chambers by Defendant Darry D. Moore and Reply In Support of the Second Motion to Enforce Settlement and [First] Motion to Show Cause (ECF No. 34) |
| Defendant. | |

**I. INTRODUCTION**

On April 22, 2022, Plaintiffs Larry D. Reid and Larry Reid Live, L.L.C. filed a combined Second Motion to Enforce Settlement Agreement and a Motion Requiring the Defendant to Show Cause Why He Should Not Be Held in Contempt (ECF No. 34), together with a Supporting Memorandum (ECF 34–1) and Declaration (ECF No. 34–2).

The gist of that Motion was that the Defendant, Darryl D. Moore, had continued to violate the Settlement Agreement he signed in December 2021 by posting online content that refers to the Plaintiffs, despite the Court having entered an Order (ECF No. 33) finding that Moore had violated the Settlement Agreement in the past, and Ordering him to refrain from doing sop again.

On the evening of Saturday, April 23, 2022, undersigned counsel received an email from Defendant Moore, to which was attached a document styled "Defendant Darryl D. Moore, Motion to Dismiss Plaintiff's Complaint with Prejudice." That document ("the Moore document") was signed in the fashion of an electronic signature by "Darryl D. Moore, Sr., Pro Se."

The Moore document has not been filed with the Court, and Moore may have no intention of filing it. In a video posted to his YouTube channel on April 24, 2022, Moore said that he had received a copy of the Second Motion to Enforce and to Show Cause and had already sent undersigned counsel his response.[1] Moore also stated that he had not "posted" the Moore document "on PACER" because he was not required to do so, and was opting not to do so. [2]

This makes the Moore document something of a procedural orphan. It has not been filed, but it has been served. And while on its face it functions like an Opposition to the Second Motion to Enforce and to Show Cause (ECF No. 34), it is styled a Motion to Dismiss.

Under L.R.Civ. 7.1(d), a Response in Opposition must be filed within thirty (30) days after a dispositive motion is served, and under L.R.Civ. 7.1(e), a Reply may be filed within seven (7) days of a Response in Opposition to a non-dispositive motion. Treating the services of the Moore document as effective, notwithstanding his failure to file, and treating the Moore document as a Response in Opposition to the Second Motion to Enforce and to Show Cause (ECF No. 34), under operation of Civil Rule 6(a)(1)(C), a Reply in support of that Motion is due today.

Plaintiffs accordingly submit this rejoinder to the unfiled Moore document in an abundance of caution: **(a)** opposing the Moore document to the extent it is read as a Motion to Dismiss; and **(b)** submitting this as a Reply in support of the Second Motion to Enforce and to Show Cause (the "Second Motion to Enforce") (ECF No. 34) to the extent the Moore document is read as a Response in Opposition to that filing.

---

[1] Moore was not served personally with the Second Motion because, at the time it was filed, undersigned counsel did not know he was no longer represented by counsel but proceeding pro se. He has not been served since because he has represented to undersigned counsel that he has the Second Motion, making such service redundant. The Moore document (at 2) describes the content of the Second Motion and purports to refute it.

[2] See https://www.youtube.com/watch?v=cg2gO1nlxz8 (last accessed May 2, 2022) at 0:58 to 1:16. While Moore has not filed the Moore document, he has served it. We have submitted a copy of that document as Exhibit 1 to this submission. In doing so, the Plaintiffs do not endorse or assent to its filing. The copy is attached solely for the convenience of the Court, to assist in putting this submission in context.

## II.  LAW & ARGUMENT

The time for a Motion to Dismiss is long gone, and to the extent the Moore document is that, it should be disregarded. To the extent the Moore document functions as an Opposition to the Second Motion to Enforce and to Show Cause (ECF No. 34), it is unavailing.

### A. Moore is Long Past the Point When He Can File a (Second) Motion to Dismiss, and to the Extent the Moore Document Purports to Do So, It Should Be Treated as a Nullity

Moore has identified himself as a pro se party. While his submissions as such are to be given a liberal construction, he is nonetheless required to abide by the Rules of Civil Procedure. *Jones v. Stryker*, 6th Cir. No. 21-5130, 2021 U.S. App. LEXIS 29784, at *2 (Oct. 1, 2021); *Allen v. Stark State College*, N.D.Ohio No. 5:17CV02706, 2019 U.S. Dist. LEXIS 125004, at *25-26 (July 26, 2019) (citing *Fields v. Cty. of Lapeer*, 2000 U.S. App. LEXIS 29182 at *5 (6th Cir. Nov. 8, 2000) (quoting *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) ("it is incumbent on litigants, even those proceeding pro se, to follow the . . . rules of procedure."))).

Civil Rule 12(a)(1)(A)(i) and (b)(6) permit a Motion to Dismiss to be filed within twenty–one (21) days of a defendant being served with the Complaint. A quick review of the docket reveals that a Motion to Dismiss has long since ceased to be an option available to Moore.

Moore was served with a Summons and Complaint on May 13, 2021 (ECF No. 3). He was given leave to answer on or before June 26, 2021 (Stipulated Leave to Plead, ECF No. 7). He filed a Motion to Dismiss (ECF No. 8) on June 26, 2021, which was duly opposed (Response in Opposition, ECF Nos. 9 and 10) and subsequently denied (Order, ECF No. 19). After the Initial Case Management Conference, but before the Order denying his Motion to Dismiss, Moore on August 29, 2021 filed an Answer and Counterclaim (ECF No. 12).

The case was referred to mediation, and the procedural history from that point forward is detailed in the Second Motion (ECF No. 34, Page ID # 259–62).

The Court has dismissed this matter twice, on December 28, 2021, approving the Joint Stipulated Dismissal with Prejudice (Order, ECF No. 30), and again on February 9, 2022 (Non Document Order) after entering an Order (ECF No. 33) finding that Moore had violated the Settlement Agreement and requiring him to desist from doing so again. It is far too late for Moore to submit a (Second) Motion to Dismiss.

**B. The Moore Document Provides No Basis to Deny the Pending Second Motion to Enforce and to Show Cause**

The Moore document (at 1–2) makes various unsubstantiated allegations against Plaintiff Larry Reid, disparaging his motives for seeking to mediate this case, and generally denying that Moore has discussed him in videos posted since January 12, 2022. Moore also asserts that he has no control over the statements made by third party content creators, and asserts without citation or argument that:

> Sharing the content of other creators does not violate the spirit or the letter of the mediation agreement. The [*sic*] are shared without my personal commentary or opinion. Any mendacious claim by that Plaintiff that I have [*sic*] is erroneous.

(Moore Document, at 2).

Moore is simply wrong. Whatever its spirit, the black–letter language of the Settlement Agreement expressly prohibits Moore from linking to third party content relating to Larry Reid.

> 2. The Parties, each and all of them, shall forever refrain from creating, publishing **and/or distributing** via the Internet and/or the Web, content, user generated content, comments, interactive comments, metadata, keywords, **hyperlinks,** indices or **other information** that that in any way mentions, **involves, describes, refers, relates to, involves or pertains to** any of the following:
>
> a. The Party or Parties Adverse to Them in this litigation . . . .[3]

The Settlement Agreement broadly defines two other key, both terms at play here.

---

[3] Settlement Agreement, Section C.2.a, Signed in Counterparts, at ECF No. 29–2, Page ID # 169 and ECF No. 29–3, Page ID # 175 (emphasis added).

- 4 -

7. **User Generated Content** shall mean any video, audio, still image, artwork, text, interactive text, multimedia presentation, slideshow, achieve, collection of hyperlinks, comments, responses to comments, moderated discussions, advertisements, solicitations, or other form of intelligence or information that may be accessed through the Web, including without limitation material posted to or accessible via social media.

\* \* \*

16. **Relate** and any variant thereof (e.g., relating; related; relates; relating to), shall mean to mention, constitute, contain, summarize, describe, concern, refer to, allude to, or address in any way the subject matter thereof.[4]

Section B.7 does not define User Generated Content in terms of its authorship. The definition easily embraces the work of third–party creators. [5] Moore's pseudonymous references are also plainly prohibited under Section B.16 of Settlement Agreement under, because they "concern, refer to, allude to, or address" Larry Reid.

To the extent the Moore document is intended to serve as a Response in Opposition to the Second Motion, it is unavailing and provided no basis for denying the Second Motion.

### C. This Rejoinder Concerns the Moore Document Only and Not the Ex Parte Communication with the Court that Moore Made on April 29, 2022

On April 29, 2022, Moore sent a letter to Chambers on which undersigned counsel was copies, in which Moore accused Larry Reid of various crimes in violation of the East Cleveland Municipal Code. The Court may choose to treat an ex party communication submitted to chambers by a pro se litigant as a motion if the Court deems it appropriate. *Jones, supra*, 2021 U.S. App. LEXIS 29784, at ∗3 (citing *Grill v. A-1 Amusement & Party Rental, Inc*., No. 06-02 JGW, 2007 U.S. Dist. LEXIS 52716, 2007 WL 2122169, at ∗2 (E.D. Ky. July 20, 2007) (collecting cases)).

---

[4] Settlement Agreement, Sections B.7 and B.16, at ECF 29–2, Page ID # 168–69 and ECF 29–3, Page ID # 173–74 (header ephases original).

[5] That said, it bears emphasis that some of the content Moore has posted regarding Reid was authored by Moore, including his user comments on a third–party YouTube video on January 16, 2022, and his recognizable–but–pseudonymous references to Larry Reid in his own videos posted to his YouTube channel on April 13, March 23, March 2 and February 16, 2022. See Second Motion (ECF No. 34, Page ID # 264–65).

- 5 -

The Court has not indicated if it will treat the April 29, 2022 ex parte letter as a motion, or some other paper to which a response is required, or disregarding it entirely. Given the opportunity, the Plaintiffs would respond to and oppose the letter if it is treated as a motion. But it would be premature to do so now, and hence this submission does not make such a response.

### III. CONCLUSION

To the extent that it purports to be a Motion to Dismiss, the Moore document should be disregarded. To the extent that it constitutes a Response in Opposition Second Motion, it is unavailing and provides no reason why that Motion should be denied. Accordingly, the Second Motion (ECF No. 34) should be granted.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
  zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone:  216.458.5880
Telecopier:  216.302.3700

Attorneys for the Plaintiffs

## – Certificate of Compliance –

The undersigned certified that this document complies with the requirement of L.R.Civ. 7.1(f) in that, exclusive of appendices, each checked statement below is true;

☒ It relates to a non-dispositive motion and is than fifteen (15) pages or less;

☐ It relates to a dispositive motion in a case designated as on the expedited track, and is not longer than ten (10) pages;

☐ It relates to a dispositive motion in a case designated as administrative or standard track, or in a case not yet given a differentiated case management track designation, and is not longer than twenty (20) pages;

☐ It relates to a dispositive motion in a case designated as on the complex track, and is not longer than thirty (30) pages;

☐ It relates to a dispositive motion in a case designated as on the mass tort track, and is not longer than forty (40) pages;

☐ It exceeds fifteen (15) pages in any event, and it thus contains a brief statement of the issue(s) to be decided, a brief statement of the argument(s) made, and tables of both contents and of the authorities cited therein.

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

Raymond V. Vasvari, Jr. (0055538)
  vasvari@vasvarilaw.com
K. Ann Zimmerman (0059486)
  zimmerman@vasvarilaw.com
Vasvari | Zimmerman
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353

Attorneys for Plaintiffs

## – Certificate of Service –

The foregoing was filed today, Monday, May 2, 2022, via the Court Electronic Filing System. Service. Service of Process was made via First Class United States Mail, postage prepaid, on Defendant Pro Se Daryll D. Moore at 24401 Russell Avenue, Euclid, Ohio 44123, with a courtesy copy sent via email as a PDF file to darryldmooresr@gmail.com.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the Attorneys for the Plaintiffs