# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO,
### EASTERN DIVISION

| | |
|---|---|
| **LARRY D. REID**, *et al.*, | ) CASE NO.: 1:21-CV 00991 |
| | ) |
| Plaintiff, | ) JUDGE: JAMES S. GWIN |
| | ) |
| v. | ) |
| | ) |
| **DARRYL D. MOORE,** | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT DARRYL D. MOORE,
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

NOW Comes, Defendant, Darryl D. Moore, pro se, hereby respectfully moves this honorable Court to enter an Order dismissing Plaintiff's Complaint with prejudice. As more fully set forth hereinafter, in that Plaintiff, has failed to present any claims cognizable by this Court.

### STATEMENT OF FACTS

Defendant categorically denies the accusations made by the Plaintiff. At no time since the signing of the mediation agreement has there been a violation of the mandate of this court by the Defendant. Defendant vehemently asserts that he has not produced or co-produced any social media videos in regard to the Plaintiff or his "company." The Defendant has not made any social media post about the Plaintiff.

The Plaintiff is using this court to continue to retaliate against the Defendant because he interviewed three individuals that accused him of sexual assault and child molestation. One of the accusers accused him of infecting him with H.I.V. If the information had become a matter of public record during trial, it would have destroyed his "business" and "ministry." The Plaintiff

could not survive having an open police investigation in North Carolina being discussed by the Defendant and one of his accusers. That is why the Plaintiff requested a mediation.

The Defendant has no control over the videos and social media post of other content creators. Defendant does not employ or influence these content creators. Sharing the content of other creators does not violate the spirit or letter of the mediation agreement. The are shared without my personal commentary or opinion. Any mendacious claim by the Plaintiff that I have is erroneous.

Plaintiff asserts that the Defendant is "discussing" him when he uses "nicknames." The names he claims the Defendant calls him are not names exclusive to the Plaintiff or anyone. It would be ridiculous to assume that every time Plaintiff, his employees, or associates did a video calling someone "The Elderly," "F.U.P.A." (fat upper pussy area), etc. that they are discussing the Defendant. The Plaintiff is reaching and expects this court to go out on a limb with him.

## LAW AND ANALYSIS

In this action Plaintiff has asserted that Defendant has violated the terms of the mediation agreement. As more fully set forth hereinafter, this Court should find that the claims asserted by Plaintiff fail to state a claim upon which relief may be afforded; and accordingly, this Court is urged to dismiss their Complaint with prejudice.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). When considering a motion to dismiss for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (1964).

In considering whether the complaint is sufficient to state a claim, the district court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, the court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. See *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff may negate his claim by including unnecessary details that contradict it. *Sprewell*, 266 F.3d at 988. A court, for example, is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. *Bell Atl. Corp.*, 550 U.S. at 557; *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Of course, the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. N.Y.State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (citations omitted).

As stated, in that the claims asserted by Plaintiff are inadequately supported by unwarranted deductions of fact or unreasonable inferences, this Court should dismiss them for failure to state a claim upon which relief may be granted.

Respectfully submitted,

_____
Darryl D. Moore, *Pro Se*

## CONCLUSION

Based upon the study of law and facts set forth above and for the reasons thereby outlined, the Defendants' *Motion to Dismiss for Failure to State a Claim* should be granted.

Respectfully submitted,

_____
Darryl D. Moore, *Pro Se*

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing *Motion to Dismiss this Complaint with Prejudice* was filed electronically this ___23__ day of April 2021 and served electronically accordingly upon counsel for Plaintiff,

K. Ann Zimmerman
Vasvari & Zimmerman
Ste. 470
20600 Chagrin Blvd
Shaker Heights, OH 44122
216-458-5880 x3
Email: Zimmerman@vasvarilaw.ocm

Raymond V. Vasvari, Jr.
Ste. 800
Tower East
20600 Chagrin Blvd
Shaker Heights, OH 44122-5353
216-458-5880
Fax: 216-302-3700
Email: vasvari@vasvarilaw.com

_____

Darryl D. Moore, *Pro Se*