UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| LARRY D. REID, ET AL., | : | CASE NO. 1:21-cv-00991 |
| | : | |
| Plaintiffs, | : | OPINION & ORDER |
| | : | [Resolving Doc. 34] |
| v. | : | |
| | : | |
| DARRYL MOORE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Larry Reid and Larry Reid Live, LLC sued Defendant Moore for posting allegedly defamatory videos about Plaintiff Reid.[1] The parties settled the case and signed a settlement agreement.[2]

In January 2022, the Court granted Plaintiffs' motion to enforce the settlement agreement.[3]

Now, Plaintiffs again move to enforce the settlement agreement.[4] Plaintiffs allege that Defendant Moore continues to violate the agreement by not removing videos about Plaintiff Reid and by posting new videos about Plaintiff Reid.

For the reasons explained below, the Court **GRANTS** Plaintiffs' second motion to enforce the settlement agreement. The Court **ORDERS** Defendant Moore to completely remove the videos that violate the settlement agreement. The Court further **ORDERS** Defendant Moore not to post any new web materials that violate the settlement agreement.

---

[1] Doc. 1.
[2] Doc. 27; Doc. 29-2 (Settlement Agreement).
[3] Doc. 33.
[4] Doc. 34.

Case No. 1:21-cv-00991
GWIN, J.

Defendant Moore has continued violating the settlement agreement after the Court's January order to enforce the agreement. Plaintiffs met their initial burden for a contempt finding: Plaintiffs showed that Defendant Moore violated a specific Court order.

The Court **ORDERS** Defendant Moore to show why is he not able to follow the Court's order. If Defendant Moore cannot show that he is unable to follow the order, the Court may find him in contempt.

In other words, Defendant Moore may be required to pay a fine if he fails to respond to this order and fails to remove the videos that violate the settlement agreement.

I. Background

Plaintiffs sued Defendant Moore for defamation, false light invasion of privacy, public disclosure of private facts, and deceptive trade practices.[5] Plaintiffs alleged that Defendant posted YouTube videos accusing Plaintiff Reid of various crimes.[6]

In December 2021, the parties took part in a mediation conference and settled the case.[7] The Court kept jurisdiction to enforce the agreement.[8]

The parties memorialized their settlement in a written settlement agreement.[9] All parties signed the agreement.[10] That settlement agreement controls.

The settlement agreement set a deadline for Plaintiffs and Defendant to remove all internet content referring to the opposing party.[11]

---

[5] Doc. 1.
[6] *Id.* at ¶ 3.
[7] Doc. 27.
[8] *Id.*
[9] Doc. 29-2 (Settlement Agreement).
[10] *Id.*; Doc. 29-3.
[11] Doc. 29-2 (Settlement Agreement) at 3-4.

Case No. 1:21-cv-00991
GWIN, J.

After that deadline passed, Plaintiffs moved to enforce the settlement agreement.[12] In that motion to enforce the settlement agreement, Plaintiffs alleged that Defendant Moore had not removed videos referring to Plaintiff Reid.[13] Plaintiffs also alleged that Defendant Moore posted new videos referring to Plaintiff Reid.[14]

In January 2022, the Court granted Plaintiffs' motion to enforce the settlement agreement (the "January Order").[15] The Court found that the parties had agreed on all material terms of the settlement.[16] The Court also found that Defendant Moore was violating those terms by failing to remove videos referring to Plaintiff Reid and violated the settlement agreement by posting new videos.[17]

In the January Order, this Court ordered Defendant Moore to "completely remove the videos that violate the settlement agreement."[18] The Court also ordered Defendant Moore "not to post any new web materials that violate the settlement agreement."[19]

In April 2022, Plaintiffs filed a second motion to enforce the settlement agreement.[20] In the motion, Plaintiffs showed that Defendant Moore has continued to post videos referring to Plaintiff Reid, in violation of the settlement agreement.[21] Plaintiffs cited examples from January, February, March, and April 2022.[22]

II. Legal Standard

    a. Motion to Enforce the Settlement Agreement

---

[12] Doc. 29.
[13] Doc. 29-1 at 7-9.
[14] *Id.*; Doc. 32.
[15] Doc. 33.
[16] *Id.* at 3.
[17] *Id.* at 4.
[18] *Id.*
[19] *Id.*
[20] Doc. 34.
[21] Doc. 34-1 at 5-9 (citing links to videos).
[22] *Id.*

Case No. 1:21-cv-00991
GWIN, J.

Courts retain jurisdiction to enforce settlement agreements of cases pending before them where the Court expressly retains jurisdiction upon dismissing the case.[23] Here, the Court retained jurisdiction to enforce the agreement.[24] The parties also agreed to this Court's enforcement jurisdiction in their settlement agreement.[25]

Before enforcing a settlement, a district court must conclude that the parties agreed on material terms.[26] Once the district court finds an agreement on the material terms, the court must enforce those terms and may not alter them.[27]

### b. Motion for Civil Contempt

"A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly violated a definite and specific order of the court."[28] If the party moving for contempt meets that burden, "the onus shifts to the opposing party to demonstrate that it was unable to comply with the court's order."[29]

To show an inability to comply with a court order, the opposing party must show that "(1) it was unable to comply with the court's order, (2) its inability to comply was not self-induced, and (3) it took all reasonable steps to comply."[30]

## III. Discussion

The Court finds that Defendant Moore violated the settlement agreement by continuing to post videos referring to Plaintiff Reid. The Court also finds that Plaintiffs show that Defendant Moore violated a definite and specific court order to stop posting videos that

---

[23] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).
[24] Doc. 27.
[25] Doc. 29-2 (Settlement Agreement) at 5.
[26] *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).
[27] *Id.*
[28] *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (quotation marks and citation omitted).
[29] *Id.*
[30] *Id.* at 802 (quotation marks omitted).

- 4 -

Case No. 1:21-cv-00991
GWIN, J.

violate the settlement agreement. The burden shifts to Defendant Moore to show that he is unable to comply with the January Order.

### a. Motion to Enforce the Settlement Agreement

In the January Order, this Court found that the parties agreed on all material settlement terms.[31] The Court also found that settlement agreement says unambiguously that Defendant Moore must remove videos referring to Plaintiff Reid.[32]

The agreement states that by 5:00 PM on December 20, 2021, the parties "shall take down any and all content which they have published on the internet and/or web . . . that in any way mentions, involves, describes, refers, relates to, involves, or pertains to the party or parties adverse to them in this litigation."[33]

The agreement also says that the parties "shall forever refrain from creating, publishing and/or distributing via the internet and/or web" any content that "in any way mentions, involves, describes, refers, relates to, involves, or pertains to" the opposing parties, their employees, or their relatives.[34]

Under the terms of the settlement agreement, Defendant Moore must permanently remove the videos referring to Plaintiff Reid and refrain from posting any content referring to Plaintiff Reid. Defendant Moore violated the settlement agreement by not following those terms.

As in the January Order, this Court orders Defendant Moore to comply with the settlement agreement by removing any videos referring to Plaintiff Reid and by refraining from posting any new videos that violate the settlement.

---

[31] Doc. 33 at 3.
[32] Id.
[33] Doc 29-2 (Settlement Agreement) at 3.
[34] Id. at 4.

Case No. 1:21-cv-00991
GWIN, J.

### b. Motion for a Contempt Finding

As the party seeking civil contempt sanctions, Plaintiffs must show that Defendant Moore violated a definite and specific court order. Plaintiffs met that burden with their motion.

First, Plaintiffs showed that the Court's January Order was definite and specific. The January Order instructed Defendant Moore "to completely remove the videos that violate the settlement agreement" and "not to post any new web materials that violate the settlement agreement." The Court entered that order after the settlement deadline for removing videos—December 20, 2021—had already passed.[35]

Second, Plaintiffs showed that Defendant Moore violated that definite and specific order. Plaintiffs showed that Defendant Moore posted videos violating the agreement in January, February, March, and April 2022.[36] One video included Plaintiff Reid's name and image.[37] Other videos include a nickname for Plaintiff Reid or references to "a person the Court says I can't talk about," paired with accusations of criminal acts.[38] These videos violate the settlement term to refrain from posting content that "in any way mentions, involves, describes, refers, relates to, involves, or pertains to" the opposing parties, their employees, or their relatives.[39]

Plaintiffs met their burden to show that Defendant Moore is violating the Court's order to stop posting videos that violate the settlement agreement and to remove videos that violate the settlement agreement.

---

[35] Doc. 29-2 (Settlement Agreement) at 4; see *Gascho,* 875 F.3d at 801 (explaining that orders relying on contingencies are not definite and specific).
[36] Doc. 34-1 at 5-8.
[37] *Id.* at 6.
[38] *Id.* at 5.
[39] Doc 29-2 (Settlement Agreement) at 4.

Case No. 1:21-cv-00991
GWIN, J.

Now, the burden shifts to Defendant Moore. Defendant Moore must show that he is unable to comply with the Court's January Order. To meet this burden, Defendant Moore must show (1) that he was unable to comply with the January Order, (2) that he did not self-induce the inability to comply, and (3) that he took all reasonable steps to comply with the January Order.

If Defendant Moore does not show that he was unable to comply with the January Order, and if he continues to violate the settlement agreement, the Court may find him in contempt. A contempt finding could require Defendant Moore to pay fines until he complies with the settlement agreement.

## IV. Conclusion

The Court **GRANTS** Plaintiffs' motion to enforce the settlement agreement. The Court **ORDERS** Defendant Moore to completely remove the videos that violate the settlement agreement. The Court further **ORDERS** Defendant Moore not to post any new web materials that violate the settlement agreement.

The Court finds that Plaintiffs met their initial burden for contempt sanctions by showing that Defendant Moore is violating the Court's definite and specific order to stop posting videos that violate the settlement agreement. The Court **ORDERS** Defendant Moore to show by June 24, 2022, why he is unable to comply with the Court's January Order.

IT IS SO ORDERED.

Dated: June 10, 2022      *s/ James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE