IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry Reid, et al.,<br><br>Plaintiff,<br><br>– vs –<br><br>Darryl Moore,<br><br>Defendant. | Case No. 1:21-cv-00991<br><br>Judge James S. Gwin<br><br>Magistrate Judge Jonathan Greenburg<br><br>Memorandum of Law Supporting Plaintiffs' Third Motion to Enforce Settlement Agreement and Second Motion for an Order Requiring the Defendant to Show Cause Why He Should Not Be Held in Contempt |

Plaintiffs Larry Reid individually and Larry Reid Live, L.L.C. ("Plaintiffs"), and each of them, through undersigned counsel, respectfully move for a **third** Order enforcing the Settlement Agreement that they entered with Defendant Darryl Moore ("Moore") in December 2021, and a **second** Order compelling Moore to show cause why he should not be held in contempt for his repeated and effectively continual breaches of that Agreement.

## A. Procedural Background

This case arises from a long series of false and defamatory videos regarding Plaintiff Larry D. Reid, which the Defendant, Darryl Moore, posted on YouTube.

On September 8, 2021, the Court (ECF No. 18) ordered mediation. An Order (ECF No. 20) setting the terms and date of that mediation was entered by Magistrate Judge Greenberg on September 15, 2021. The mediation was conducted via video conference on December 6, 2021, and was attended by the parties and their respective counsel. An agreement was reached by the parties, the principal terms of which were placed on the record that day. The parties were ordered (ECF No. 27) to memorialize their agreement and to enter a Joint Stipulation of Dismissal with Prejudice not later than 5:00 p.m. on Monday, December 20, 2021.

Undersigned counsel prepared and circulated a draft settlement agreement, which was signed by the Defendant and his counsel on December 17, 2021 and was countersigned by the Plaintiffs and undersigned counsel two days later.[1] As demonstrated below, Mr. Moore breached the Settlement Agreement almost immediately, and has done so repeatedly since.[2]

### B. TERMS OF THE SETTLEMENT AGREEMENT

The Settlement Agreement contained a variety of terms. For purposes of this Motion and the two prior Motions to Enforce granted by the Court, those provisions that prohibit the Parties each from publishing or referencing online comments regarding the other are germane. In this regard, the Settlement Agreements provides in relevant part as follows:[3]

> 1. On or before the end of business, no later than 5:00 p.m. Eastern Standard Time, on Monday, December 20, 2021, the Parties, and each of them, shall Take Down any and all content which they have published via the Internet and/or Web, which remains subject to their control, that in any way mentions, involves, describes, refers, relates to, involves or pertains to the Party or Parties adverse to them in this litigation.
>
> a. Moore shall take down all such content regarding Reid, LRL, or both of them, as well as any of their relatives and/or employees.
>
> b. Reid and LRL, and each of them, shall take down all such content regarding Moore, and/or his relatives and employees.
>
> c. Once taken down, the content shall never be made available online via the Internet or on the Web.

[1] This paragraph reproduces the procedural history of the case as it was presented in the Memorandum in Support of Plaintiffs' Second Motion to Enforce Settlement Agreement and for an Order to Show Cause (ECF No. 34–1), at Page ID 259, which in turn echoes an earlier Motion to Enforce Settlement Agreement (ECF No. 29–1) that was filed December 22, 2021, at Page ID 153.

[2] We summarize the Plaintiffs' two prior Motions to Enforce, and the Court's Orders granting them, in Section C of this Motion, infra.

[3] Countersigned copies of the Settlement Agreement (ECF Nos. 29–2 and 29–3) were filed together with and in support of that Memorandum. To avoid the needless duplication of paper, the Plaintiffs incorporate here the documents filed in support of their previous Motions to Enforce.

> 2. The Parties, each and all of them, shall forever refrain from creating, publishing and/or distributing via the Internet and/or the Web, content, user generated content, comments, interactive comments, metadata, keywords, hyperlinks, indices or other information that that in any way mentions, involves, describes, refers, relates to, involves or pertains to any of the following:
>
> a. The Party or Parties Adverse to Them in this litigation . . . .

The Settlement Agreement broadly defined certain terms that are relevant to this Third Motion to Enforce, including the following.

> 1. Internet shall mean the international, interconnected network of computer networks which permit information to be shared and accessed through the Internet Protocol Suite and the programs and protocols associated therewith, and shall be read broadly to embrace all common usages of that term.
>
> 2. World Wide Web ("the Web") shall mean the universe of web pages, files and other intelligence and content that may be accessed via the Internet using hyperlinks, uniform reference locators (URLs) and other means, through the use of web browsers, and applications designed to facilitate the location and retrieval of such information, and shall be read broadly to embrace all common usages of that term.
>
> * * *
>
> 15. Take Down shall mean to remove from online access, to the fullest extent possible, so as to make access unavailable via the Internet and/or the Web, any and all of the following: all user generated content, comments, interactive comments, key words, metadata, text, video files, audio files, blogs, social media content, images, drawings, hyperlinks, indices and information of any sort. This term shall be construed broadly, and read to impose an affirmative obligation on the Parties, and each of them, to remove such materials, and render them inaccessible and unavailable, with deliberate speed and diligence.
>
> 16. Relate and any variant thereof (e.g., relating; related; relates; relating to), shall mean to mention, constitute, contain, summarize, describe, concern, refer to, allude to, or address in any way the subject matter thereof. [4]

—

[4] See: Settlement Agreements signed in counterparts, at Section 1.B.1, 2, 15 &16 (ECF No. 29–1, Page ID 167–68 and ECF No. 29–3, Page ID 173–74).

### C. PREVIOUS MOTIONS TO ENFORCE AND ORDERS

This is the third Motion to Enforce the Settlement Agreement filed since December 2022, each made necessary by Moore's outright refusal to abide by the terms to which he agreed.

#### 1. First Motion to Enforce

In December 2021, Moore failed to remove from YouTube content regarding Larry Reid withing the period by the Settlement Agreement. On December 22, 2021, the Plaintiffs filed a Motion to Enforce Settlement Agreement, together with a Supporting Memorandum, and Exhibits. The content that remained available was identified at length in the Memorandum.[5]

On December 28, 2021, the Court Ordered Mr. Moore to respond to the Plaintiffs' motion on or before January 4, 2022. [6] Moore did not file a Response, but after the submission of the First Motion to Enforce, removed some content from the Internet while posting other, new content in violation of the Settlement Agreement. [7]

On January 12, 2012, the Court entered an Opinion and Order finding that Moore had violated the terms of the Settlement Agreement by failing to timely remove YouTube content that existed at the time the settlement was concluded. The Court Ordered Moore to remove any of his existing content regarding Reid from the Internet, and to refrain from posting new content that would violate the Settlement Agreement. [8] Moore would promptly violate the Court's Order, necessitating a second motion.

—

[5] See: Motion to Enforce Settlement Agreement (ECF No. 29), and; Memorandum in Support (ECF No. 29–1), at Page ID 157–58.

[6] See Order, ECF No. 31, at Page ID 206.

[7] See Supplemental Declaration of Larry Reid (ECF No. 32-1), December 31, 2021, Page ID 211–12.

[8] See Opinion & Order (ECF No. 33), Page ID 252–54.

**2. Second Motion to Enforce & First Motion to Show Cause**

On April 22, 2022, Plaintiffs filed a Second Motion to Enforce Settlement Agreement and as a part of it, a Motion for an Order requiring Moore to show cause why he should not be held in contempt of the Court's January 12, 2022 Order. [9]

That Motion was based on the publication, by Moore, of additional online content referring and relating to Larry Reid in the months of January, February, March and April 2022, all of which was documented in detail in a supporting Memorandum. Moore managed to violate the Court's Order entered January 12, 2022 by publishing additional online material regarding or relating to Reid just four days after being Ordered not to do so.[10]

Moore served on undersigned counsel a Response to the Second Motion to Enforce, but it was unclear if he had filed it with the Court. Given Moore's pro se status, and not wanting to prevail through any unfair advantage, the Plaintiffs submitted Moore's Response as an Exhibit to the Reply Brief in which they addressed its arguments. [11]

On June 10, 2022, the Court entered an Opinion and Order that: (a) Granted the Second Motion to Enforce the Settlement Agreement; (b) once again Ordered Moore to desist from publishing material online that violated the terms of the Settlement Agreement, and; having found that the Plaintiffs had made a prima facie showing that Moore was in contempt of the Order entered January 12, 2022, Ordered Moore to Show Cause why he should not be held in Contempt.[12] Moore was Ordered to show, on or before June 24, 2022, why he was unable to comply with the Court's earlier Order. He never filed a response.

---

[9] See Second Motion to Enforce Settlement Agreement and Motion for an Order Requiring the Defendant to Show Cause Why He Should Not Be Held in Contempt (ECF No. 34), Page ID 256.

[10] See Memorandum in Support (ECF No. 34-1), at Page ID 262–67 (generally), 266 (publication ion January 16, 2022), and Fourth Declaration of Larry Reid (ECF No. 34–2), at Page ID 262, passim.

[11] See Reply in Support of Second Motion to Enforce (ECF No. 35), at Page ID 276.

[12] Opinion and Order (ECF NO. 36) entered June 10, 2022, at Page ID 289–90).

### D. MOST RECENT VIOLATIONS

Moore continues to violate the terms of the Settlement Agreement by posting online content that refers or relates to Larry Reid.

Kendall Peacock works as a personal assistant to Larry Reid, and assists with business and professional matters involving Plaintiff Larry Reid Live, LLC. [13] Among his responsibilities is making a periodic search of the Internet in order to ensure that Moore is not violating the terms of the Settlement Agreement as he has in the past. For this reason, Mr. Peacock subscribes to various social media sites online, including one known as Buy Me a Coffee, a website on which content creators connect with subscribers and supporters in an effort to garner voluntary financial support, in the form or donations.[14]

On October 9, 2022, Darryl Moore posted a video to his YouTube channel in which he speaks directly to the camera and addresses a single viewer ("you") in the second person.

Based on themes Moore has articulated in past YouTube videos, including the videos that gave rise to this action and earlier motions to enforce, the monologue is unmistakably about, and directed at, Larry Reid.[15]

- Moore repeatedly refers to "three accusers," a theme which figured prominently in his statements about Reid during the litigation.[16]
- Moore repeatedly refers to persons with whom Moore is engaged in conflict or litigation, including a Tanya K. and a Bishop Whitehead, and asks why he is willing to pursue them but not Moore.[17]

---

[13] See: Exhibit 1 hereto, Declaration of Kendall C. Peacock, at Decl. ¶ 3.

[14] See: Id., at ¶ 4 (subscription); www.buymeacoffee.com (business model), most recently accessed October 19, 2022.

[15] The video remains online as of the date of this filing (October 24, 2022) and is available at www.youtube.com/watch?v=RlgaGovyWIA. See: Peacock Decl., at Decl. ¶ 6. Compare: the videos referenced at Complaint (ECF No. 1), at Page ID 8–9, and ¶¶ 32–33 and subparts.

[16] One example appears in the October 9, 2022 video between 02:08 and 03:40. There are other references in tha video a well.

[17] See: Id.

- Moore refers to his having accepted mediation as an option in the past, and his unwillingness to mediate if the person he is addressing finds himself in court with Moore again.[18]

There are others references to the litigation and tropes that Moore has published regarding Reid, but to mention them would belabor the point. The video in question unquestionably "concerns," "refers to" and "relates to" Reid, and thereby violates the Settlement Agreement.

—

Darryl Moore has also posted content to the community page that circulates to his You Tube subscribers, which directly refers to Larry Reid. These were saved by Mr. Peacock as screenshots, are identified by him in his declaration and reproduced here for the Court.

On September 16, 2022, Moore shared a community post in which a woman named Linda Jernigan addresses Larry Reid and a video he had posted. Moore called the post "[d]eep." The same day, Moore posted another user's promotion on his YouTube community page, that referenced the conflict between Tasha K and Larry Reid. [19]




*Figure 1*




*Figure 2*

[18] See: Id., at 04:55.

[19] See: Peacock Decl., at Decl. ¶ 4(a)–(b), and Figures 1 and 2, supra.

*Figure 1 YouTube Community Post, 16 September 2022*

b. Another one of these posts reproduced a post by a user identified as Mouth TV. That post is reproduced here.

On October 9, 2022, Moore shared two community posts in which he directed his viewers to material that was "not his content" but clearly about Larry Reid.[20] In the second post, Moore points his audience to an interview in which Bishop Whitehead speaks with one of Reid's supposed victims. The textual references to Reid in both posts are unambiguous.




Figure 3




Figure 4

## E. THE COURT SHOULD ISSUE A SECOND ORDER TO SHOW CAUSE

The internet publications described here all occurred after the January 12 and June 10, 2002 Orders were entered. The Orders were not ambiguous and the violations catalogued are patent. The cited publications themselves will be sufficient to "demonstrate 'by clear and convincing evidence that the party to be held in contempt violated a court order.'" *Hogan v. Cleveland Ave Restaurant, Inc.*, S.D.Ohio No. 2:15-cv-2883, 2020 U.S. Dist. LEXIS 160419, at * 9 (Sep. 1, 2020) (quoting *U.S. v. Conces,* 507 F.3d 1028, 1041-42 (6th Cir. 2007)).

[20] See: Peacock Decl., at Decl. ¶ 5(a)–(b), and Figures 3 and 4, supra.

Once this prima facie case is made, and we contend is it sufficiently made in the body of this Memorandum, it will fall to Moore to "show categorically and in detail why he or she [was] unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). This is not a burden Moore is likely to carry, as the Court will next determine whether he "'took all reasonable steps within [his] power to comply with the court's order.'" *Hogan, supra*, at * 9 (quoting *Gary's Elec. Serv. Co*., 340 F.3d at 379 (in turn quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)). Moore's violations were affirmative acts, and not omissions. It is already plain that he did not take every reasonable step to abide by the January 12, 2022 Order and desist from further online publications regarding Reid. He is patently guilty of civil contempt, which consists in "[d]isobedience or resistance to [the Court's] lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(A)(3).

No less than the examples identified in the Memorandum supporting our Second Motion to Enforce and for an Order to Show Cause, the examples cited above demonstrate the same utter disregard both for the Settlement Agreement and the Court's Orders.[21]

The only thing that has changed is that Moore has added to the list of things he has posted with disregard for the Order entered by the Court on June 10, 2022. And for the reasons set forth in the June 10, 2022 Order (ECF No. 36), Moore should once again be Ordered to show cause why he should not be held in contempt. The prima facie showing made by the Plaintiffs in April 2022 is reprised here, with fresh evidence of Moore's disregard for the Court's Orders.

[21] The text above is taken from the Memorandum Supporting our Second Motion to Enforce (ECF No. 35–1), at Page ID 268.

Moore signed a Settlement Agreement in December, 2021. He violated it repeatedly since, in December 2021, and in at least January, February, March, April, September and October 2022. Moreover, he has never obeyed the Court's Order to show why he should not be held in contempt.

### F. Conclusion

For the foregoing reasons, the Court should: **(A)** find that Moore has once again violated the settlement agreement; **(B)** find that Moore has violated the Court's Orders entered January 12 and June 10, 2022; **(C)** find Moore in contempt for having never shown cause, as ordered, as to why he could not comply with the January 12, 2022 Order; **(D)** Order Moore to show cause as to why he should not be held in contempt of the June 10, 2022 Order, both for failing to abide by the Settlement Agreement and for failing to file a response by June 24, 2022.

In addition, the Court should require Moore to pay the fees and costs of the Plaintiffs who have now on three occasions been required to seek judicial intervention based on his misconduct.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
zimmerman@vasvarilaw.com
**Vasvari | Zimmerman**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone: 216.458.5880
Telecopier: 216.302.3700

Attorneys for the Plaintiffs

**– Certificate of Compliance –**

The undersigned certified that this document complies with the requirement of L.R.Civ. 7.1(f) in that, exclusive of appendices, each checked statement below is true;

☒ It relates to a non-dispositive motion and is than fifteen (15) pages or less;

☐ It relates to a dispositive motion in a case designated as on the expedited track, and is not longer than ten (10) pages;

☐ It relates to a dispositive motion in a case designated as administrative or standard track, or in a case not yet given a differentiated case management track designation, and is not longer than twenty (20) pages;

☐ It relates to a dispositive motion in a case designated as on the complex track, and is not longer than thirty (30) pages;

☐ It relates to a dispositive motion in a case designated as on the mass tort track, and is not longer than forty (40) pages;

☐ It exceeds fifteen (15) pages in any event, and it thus contains a brief statement of the issue(s) to be decided, a brief statement of the argument(s) made, and tables of both contents and of the authorities cited therein.

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

Raymond V. Vasvari, Jr. (0055538)
vasvari@vasvarilaw.com
K. Ann Zimmerman (0059486)
zimmerman@vasvarilaw.com
Vasvari | Zimmerman
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353

Attorneys for Plaintiffs

**– Certificate of Service –**

The foregoing was filed today, Monday, October 24, 2022, via the Court Electronic Filing System. Service. Service of Process was made via First Class United States Mail, postage prepaid, on Defendant Pro Se Daryll D. Moore at 24401 Russell Avenue, Euclid, Ohio 44123, with a courtesy copy sent via email as a PDF file to darryldmooresr@gmail.com.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the Attorneys for the Plaintiffs