UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LARRY D. REID, ET AL., | : | CASE NO. 1:21-cv-00991 |
| Plaintiffs, | : | OPINION & ORDER |
| | : | [Resolving Docs. 37 & 38] |
| v. | : | |
| DARRYL MOORE, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Larry Reid and Larry Reid Live, LLC sued Defendant Moore for posting allegedly defamatory videos about Plaintiff Reid.[1] The parties settled the case and signed a settlement agreement.[2]

Plaintiffs say Defendant Moore has not followed the settlement agreement. The Court has already granted two of Plaintiffs' motions to enforce the settlement agreement.[3] The Court also ordered Defendant Moore to show cause why he could not follow the agreement's terms.[4] Defendant Moore did not respond to the show-cause order.

Now, Plaintiffs move for a third time to enforce the settlement agreement.[5] Plaintiffs allege that Defendant Moore continues to violate the agreement by not removing videos about Plaintiff Reid and by posting new videos about Plaintiff Reid.

For the reasons explained below, the Court **GRANTS** Plaintiffs' third motion to enforce the settlement agreement. The Court **ORDERS** Defendant Moore to completely

---

[1] Doc. 1.
[2] Doc. 27; Doc. 29-2 (Settlement Agreement).
[3] Doc. 33.
[4] Doc. 36.
[5] Doc. 34.

Case No. 1:21-cv-00991
GWIN, J.

remove content that violates the settlement agreement. The Court also **ORDERS** Defendant Moore not to post any new content that violates the settlement agreement.

Further, Defendant Moore has not complied with the Court's show-cause order. So, the Court finds Defendant Moore in contempt and **ORDERS** Defendant Moore to pay Plaintiffs an escalating daily fine.

I. Background

Plaintiffs sued Defendant Moore for defamation, false light, invasion of privacy, public disclosure of private facts, and deceptive trade practices.[6] Plaintiffs alleged that Defendant posted YouTube videos accusing Plaintiff Reid of various crimes.[7] Defendant countersued, alleging that Plaintiffs had defamed him.[8]

A. Settlement Agreement

In December 2021, the parties took part in a mediation conference and settled the case.[9] The Court kept jurisdiction to enforce the agreement.[10]

The parties memorialized their settlement in a written settlement agreement.[11] All parties signed the agreement.[12] That settlement agreement controls.

The agreement states that by 5:00 PM on December 20, 2021, the parties "shall Take Down any and all content which they have published on the internet and/or web … that in any way mentions, involves, describes, refers, relates to, involves or pertains to the party or parties adverse to them in this litigation."[13]

---

[6] Doc. 1.
[7] *Id.* at ¶ 3.
[8] Doc. 12.
[9] Doc. 27.
[10] *Id.*
[11] Doc. 29-2 (Settlement Agreement).
[12] *Id.*; Doc. 29-3.
[13] Doc 29-2 (Settlement Agreement) at 3 (PageID 168).

- 2 -

Case No. 1:21-cv-00991
GWIN, J.

The agreement also says that the parties "shall forever refrain from creating, publishing and/or distributing via the internet and/or web" any content that "in any way mentions, involves, describes, refers, relates to, involves or pertains to" the opposing parties, their employees, or their relatives.[14]

### B. First Motion to Enforce Settlement Agreement and January Order

Defendant Moore did not remove content that violated the settlement agreement by the agreement's deadline. So, Plaintiffs moved to enforce the agreement.[15] In their motion to enforce the agreement, Plaintiffs alleged that Defendant Moore had not removed videos referring to Plaintiff Reid.[16] Plaintiffs also alleged that Defendant Moore posted new videos referring to Plaintiff Reid.[17]

In January 2022, the Court granted Plaintiffs' motion to enforce the settlement agreement (the "January Order").[18] The Court found that the parties had agreed on all material terms of the settlement.[19] The Court also found that Defendant Moore was violating those terms by failing to remove videos referring to Plaintiff Reid and by posting new videos referring to Plaintiff Reid.[20]

In the January Order, the Court ordered Defendant Moore to "completely remove the videos that violate the settlement agreement."[21] The Court also ordered Defendant Moore "not to post any new web materials that violate the settlement agreement."[22]

---

[14] *Id.* at 4.
[15] Doc. 29.
[16] Doc. 29-1 at 7–9 (PageID 158–60).
[17] *Id.*; Doc. 32.
[18] Doc. 33.
[19] *Id.* at 3 (PageID 254).
[20] *Id.* at 4 (PageID 255).
[21] *Id.*
[22] *Id.*

- 3 -

Case No. 1:21-cv-00991
GWIN, J.

### C. Second Motion to Enforce Settlement Agreement and June Order

In April 2022, Plaintiffs filed a second motion to enforce the settlement agreement.[23] In this second motion, Plaintiffs alleged that Defendant Moore had continued to post videos referring to Plaintiff Reid.[24]

In June 2022, the Court granted Plaintiffs' second motion to enforce the settlement agreement (the "June Order").[25] The Court again found that Defendant Moore had violated the agreement by failing to remove videos referring to Plaintiff Reid and by posting new videos referring to Plaintiff Reid.[26]

In the June Order, the Court also found that Defendant Moore had violated the Court's January Order to enforce the settlement.[27] The Court ordered Defendant Moore to show cause for his noncompliance.[28]

### D. Third Motion to Enforce Settlement Agreement

Plaintiffs now move for a third time to enforce the settlement agreement. Plaintiffs also seek a second show-cause order.[29] Plaintiffs provided a sworn declaration describing an October 9, 2022, video in which Defendant Moore discusses Plaintiffs.[30]

Plaintiffs also provided screenshots depicting several of Moore's "community posts."[31] In these posts, Moore shared other YouTube creators' videos with his subscribers. Each

---

[23] Doc. 34.
[24] Doc. 34-1 at 5–9 (PageID 263–67) (citing links to videos).
[25] Doc. 36.
[26] *Id.* at 4–5 (PageID 292–93).
[27] *Id.* at 6–7 (PageID 294–95).
[28] *Id.*
[29] Doc. 37.
[30] *Id.* at 6–7 (PageID 301–02).
[31] *Id.* at 7–8 (PageID 302–03); *see also*, *Learn about Community posts*, YOUTUBE HELP, https://support.google.com/youtube/answer/9409631?hl=en (last visited Nov. 11, 2022) ("Creators with access to the Community posts can interact with viewers using rich media. Community posts can include polls, GIFs, text, images, and video. Community posts can allow you to connect with your audience outside of video uploads.").

- 4 -

Case No. 1:21-cv-00991
GWIN, J.

video Moore shared referred to Plaintiff Reid.[32]  Plaintiffs allege that Moore has made four such posts since the Court's June Order.[33]

Defendant Moore opposes pro se.[34]  Moore does not dispute Plaintiffs' factual allegations. But Moore argues that his actions do not violate the settlement agreement.

## II. Legal Standard

### A. Motion to Enforce the Settlement Agreement

The Court may enforce a settlement agreement when it has kept jurisdiction upon dismissing the case.[35]  Here, the Court retained jurisdiction to enforce the agreement.[36]  The parties also agreed to this Court's enforcement jurisdiction in their settlement agreement.[37]

Before enforcing a settlement, a district court must conclude that the parties agreed on material terms.[38]  Once the district court finds an agreement on the material terms, the court must enforce those terms and may not alter them.[39]

### B. Motion for Civil Contempt

"A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly violated a definite and specific order of the court."[40]  If the party moving for contempt meets that burden, "the onus shifts to the opposing party to demonstrate that it was unable to comply with the court's order."[41]

To show an inability to comply with a court order, the opposing party must show that

---

[32] *Id.*
[33] *See* Doc. 37-1.
[34] Doc. 38.  Defendant Moore titled his opposition brief, "Reply to Plaintiff's Erroneous Third Motion to Enforce Settlement and Third Request to Dismiss Plaintiff's Complaint with Prejudice."
[35] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).
[36] Doc. 27.
[37] Doc. 29-2 (Settlement Agreement) at 5 (PageID 170).
[38] *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).
[39] *Id.*
[40] *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (quotation marks and citation omitted).
[41] *Id.*

Case No. 1:21-cv-00991
GWIN, J.

"(1) it was unable to comply with the court's order, (2) its inability to comply was not self-induced, and (3) it took all reasonable steps to comply."[42]

### III. Discussion

The Court finds that Defendant Moore violated the settlement agreement by continuing to post content referring to Plaintiff Reid. The Court also finds that Defendant Moore violated a definite and specific Court order to stop posting content that violates the settlement agreement. Finally, the Court finds that Moore failed to show excuse for violating the Court's orders.

#### A. Motion to Enforce the Settlement Agreement

In the January and June Orders, the Court found that the parties agreed on all material settlement terms.[43] The Court also found that the agreement unambiguously requires Defendant Moore to remove content referring to Plaintiffs and to refrain from posting new content referring to Plaintiffs.[44]

Defendant Moore now argues that he has not violated the settlement agreement because the disputed content does not "name" Plaintiffs.[45] But Defendant and Plaintiffs agreed to much broader terms. Defendant's videos and community posts plainly "mention[], involve[], describe[], refer[], relate[] to, … or pertain[] to" Plaintiff Reid in violation of the agreement.[46]

Defendant Moore further argues that his community posts, which share other creators' videos, comply with the settlement agreement. Specifically, Moore argues that "he has no

---

[42] *Id.* at 802 (quotation marks omitted).
[43] Doc. 33 at 3 (PageID 252); Doc. 36 at 5 (PageID 293).
[44] *Id.*
[45] Doc. 38 at 1 (PageID 312).
[46] Doc. 29-2 (Settlement Agreement) at 3 (PageID 168).

- 6 -

Case No. 1:21-cv-00991
GWIN, J.

control over" the other creators' videos and "has the right to view" the videos he shared.[47]

Defendant Moore's community posts violate the settlement agreement. True, the agreement does not obligate Moore to control or refrain from viewing other creators' content. But the agreement prohibits Defendant Moore from "distributing … user generated content, comments, [or ] interactive comments" that refer to Plaintiffs.[48] Moore's community posts that share other users' videos about Plaintiffs violate that term.

The Court now orders Defendant Moore for the third time to comply with the settlement agreement. Moore must remove any content referring to Plaintiffs and refrain from posting any new content that violates the settlement.

### B. Motion for a Contempt Finding

Defendant Moore has violated several of the Court's orders. And Moore has not shown excuse for doing so. The Court finds Moore in contempt and orders a fine.

As the Court explained in its June Order, Plaintiffs showed that Defendant Moore violated the Court's definite-and-specific order.[49] So, the Court ordered Moore to show why he could not comply with the Court's orders by June 24, 2022.[50] Moore did not respond to the show-cause order. Instead, Moore continued to violate the Court's orders.

The Court finds Defendant Moore in contempt and orders Moore to pay Plaintiffs an escalating daily fine. The fine will begin the day after this order's date and end when Defendant complies with the Court's order to remove content referring to Plaintiffs. The fines will escalate as follows:

---

[47] *Id.*
[48] Doc. 29-2 (Settlement Agreement) at 4 (PageID 169).
[49] Doc. 36 at 6 (PageID 294).
[50] *Id.* at 7 (PageID 295).

- 7 -

Case No. 1:21-cv-00991
GWIN, J.

| Days | Fine |
|---|---|
| 1–30 | $25 per day |
| 31–60 | $35 per day |
| 61 or more | $50 per day |

IV. Conclusion

The Court **GRANTS** Plaintiffs' motion to enforce the settlement agreement. The Court **ORDERS** Defendant Moore to completely remove all content that violates the settlement agreement. The Court further **ORDERS** Defendant Moore not to post any new content that violates the settlement agreement.

Finally, the Court finds Defendant Moore in contempt and **ORDERS** Defendant Moore to pay Plaintiffs an escalating daily fine until he complies with the Court's orders.

IT IS SO ORDERED.

Dated: November 22, 2022   *s/   James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE