IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry Reid, et al., | Case No. 1:21-cv-00991 |
| Plaintiff, | Judge James S. Gwin |
| – vs – | Magistrate Judge Jonathan Greenburg |
| Darryl Moore, | Reply Supporting Plaintiffs' Fourth Motion to Enforce Settlement Agreement |
| Defendant. | |

On January 31, 2023, Plaintiffs Larry D. Reid and Larry Reid Live L.L.C. filed a Fourth Motion to Enforce (ECF No. 40) the Settlement Agreement (ECF Nos. 29-2 and 29-3) entered by the parties in December 2021.

The gravamen of that Motion is set forth in an accompanying Memorandum in Support and may be briefly summarized: despite having entered a Settlement Agreement which prohibits his doing so, and despite the Court having ordered him on multiple occasions to desist from doing so, Mr. Moore persists in publishing online content "that . . . mentions, involves, describes, refers, relates to . . . or pertains" to Larry Reid.[1]

On March 14, 2023, Defendant filed a Response (ECF No. 41) in opposition to the Fourth Motion to Enforce.[2] The essence of that Reply may also briefly be summarized: Mr. Moore contends, notwithstanding the contrary evidence submitted in support of the Fourth Motion, that:

> Defendant has not made any videos or co-produced videos where the
> Plaintiff, staff, or family were called by named [*sic*] since the mediation was

---

[1] See Memorandum in Support, ECF No. 41-1, at Page ID # 329–32.

[2] The Plaintiffs do not object to the submission based upon the date on which it was filed, given the extenuating and unfortunate personal; circumstances identified by Mr. Moore as underlying his delay. See Cover Letter to the Court, ECF No. 41-1, at Page ID # 344.

> signed by both parties. The Defendant has no control over what other social media content creators discuss on their platforms. The Defendant does not employ these individuals. The Defendant in this case has the right to view the content of other social media content creators as long as he does not create recent videos about the Plaintiff.
>
> * * *
>
> Since the Plaintiff will not cease using his financial means in an attempt to bully or intimidate me, I am left with no other recourse but to make a video for court to view that lays out exactly what the Plaintiff has been doing from the start.[3]

The Defendant continues to misrepresent or to misunderstand the limitations imposed upon him by the Settlement Agreement and given his previous violations, at this point one might believe he is doing so willfully. The publications complained about in the Fourth Motion either refer Mr. Moore's viewers to third party content about Larry Reid, refer to him in an oblique but obviously identifiable manner, or mention him outright.[4] These videos, despite the contrary assertion in the Opposition Brief, unquestionably constitute online content that "mentions, involves, describes, refers, relates to . . . or pertains" to Larry Reid.

The Defendant has made this argument before. In his Opposition (ECF No. 38) to the Third Motion to Enforce, he argued that the Settlement Agreement left him free to criticize Larry Reid through the use or mention of third-party content.[5] The Court expressly rejected this very argument in its November 2022 Order finding for the third time that Mr. Moore had violated the Settlement Agreement and holding him in contempt of the Court's prior Orders. [6]

---

[3] Moore Memorandum, ECF No. 41-1, at Pages 1-2 (No Page ID assigned). At the hearing on the Fourth Motion, now set for March 30, 2023, Plaintiffs expect to demonstrate that Mr. Moore did make such a video addressed to the Court, which he published online, itself a violation of the Settlement Agreement and the Court's prior orders.

[4] See Memorandum in Support, ECF No. 40-1, at Page ID # 331–32 and the You Tube videos published by Mr. Moore that appear at the URLs listed therein.

[5] See Opposition to Third Motion to Enforce, ECF No. 38, at Page 1 (No Page ID # assigned).

[6] See Order (ECF No. 39), at Page ID # 321, 323).

- 3 -

The Court should reject the same argument, presented in the latest Opposition Brief, as well, and grant the pending Fourth Motion to Enforce.

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
  zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone:  216.458.5880
Telecopier:  216.302.3700

Attorneys for the Plaintiffs

## – Certificate of Compliance –

The undersigned certified that this document complies with the requirement of L.R.Civ. 7.1(f) in that, exclusive of appendices, each checked statement below is true;

☒ It relates to a non-dispositive motion and is than fifteen (15) pages or less;

☐ It relates to a dispositive motion in a case designated as on the expedited track, and is not longer than ten (10) pages;

☐ It relates to a dispositive motion in a case designated as administrative or standard track, or in a case not yet given a differentiated case management track designation, and is not longer than twenty (20) pages;

☐ It relates to a dispositive motion in a case designated as on the complex track, and is not longer than thirty (30) pages;

☐ It relates to a dispositive motion in a case designated as on the mass tort track, and is not longer than forty (40) pages;

☐ It exceeds fifteen (15) pages in any event, and it thus contains a brief statement of the issue(s) to be decided, a brief statement of the argument(s) made, and tables of both contents and of the authorities cited therein.

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

Raymond V. Vasvari, Jr. (0055538)
 vasvari@vasvarilaw.com
K. Ann Zimmerman (0059486)
 zimmerman@vasvarilaw.com
Vasvari | Zimmerman
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353

Attorneys for Plaintiffs

- 5 -

## – Certificate of Service –

The foregoing was filed today, Tuesday, March 21, 2023, via the Court Electronic Filing System. Service copies will be provided to counsel of record and may be obtained through operation of the CM/ECF System. In addition, a copy was provided to Defendant Daryll D. Moore as a PDF file to darryldmooresr@gmail.com.

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the Attorneys for the Plaintiffs