UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LARRY REID, ET AL., | : | CASE NO. 1:21-cv-00991 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 40] |
| v. | : | |
| | : | |
| DARRYL MOORE, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Larry Reid and Reid's video production company sued Defendant Darryl Moore for defamation.  Reid and Moore are both YouTube content creators.  According to Reid, Moore falsely accused Reid of various crimes on Moore's YouTube channel.[1]

The parties gave up any right to litigate Moore's accusations' truth and instead opted to settle the case.  In December 2021, the parties, represented by counsel, entered into a settlement agreement.[2]

Since settling, Defendant Moore has violated the agreement dozens of times.  This Court has already granted three Reid settlement-enforcement motions, found Moore in contempt, and ordered fines for any further Moore settlement-agreement violations.  Plaintiffs now move for a fourth order to enforce the settlement, a second contempt finding, and payment of accrued fines.  Because Moore has again violated the settlement agreement without excuse, the Court **GRANTS** Plaintiffs' motion.

---

[1] Doc. 1 ¶ 19.
[2] Doc. 29-2.

Case No. 1:21-cv-00991
GWIN, J.

The agreement, in part, prohibits each party from "creating, publishing and/or distributing via the Internet and/or the Web, content, user generated content, comments, interactive comments, metadata, keywords, hyperlinks, indices or other information that that *in any way* mentions, involves, describes, refers, relates to, involves[sic] or pertains to"[3] opposing parties, their relatives, or their employees.

The agreement's broad language effectively bans any online discussion of the opposing party. Publishing content that refers to an opposing party by nickname violates the agreement. Publishing content that refers to an opposing party only in passing violates the agreement. Reposting or otherwise distributing third-party-created content that relates to an opposing party violates the agreement.

Defendant Moore has consistently and without excuse violated the agreement's terms. By the Court's count, Plaintiff Reid has shown no fewer than 26 Moore violations since the settlement took effect.[4] The Court has already granted three Reid settlement-enforcement motions.[5] In a November 22, 2022, order, the Court found Moore in contempt and imposed an escalating daily fine on Moore for any further violations.[6]

On January 31, 2023, Plaintiff Reid moved for a fourth order enforcing the settlement agreement and asked the Court to again find Moore in contempt and order Moore to pay accrued fines. Reid gave links to five new YouTube videos that Moore posted between January 15, 2023, and January 29, 2023.[7] Moore discussed Reid in each of the linked videos.

---

[3] Doc. 29-2 at 4 (PageID 169) (emphasis added).
[4] *See* Doc. 29-1 (Moore failed to remove at least 18 videos by the agreement deadline and posted a new video after the agreement had taken effect); Doc. 34-1 (seven violations); Doc. 37-1 (five violations); Doc. 40-2 (five violations).
[5] Docs. 33, 36 & 39.
[6] Doc. 39.
[7] Doc. 40-2.

Case No. 1:21-cv-00991
GWIN, J.

On March 30, 2023, the Court held a show-cause hearing.  To excuse the settlement violations, Moore had to "show (1) that he was unable to comply with the [court's orders], (2) that he did not self-induce the inability to comply, and (3) that he took all reasonable steps to comply."[8]  Defendant Moore appeared pro se.  Both parties presented witnesses, exhibits, and argument.

Moore failed to show that he was unable to comply with the settlement agreement. Instead, Moore tried to litigate his accusations' truth and show that Reid has also violated the agreement.[9]

Defendant Moore gave several video clips purporting to show that Reid violated the settlement agreement by referring to Moore in at least two videos published to YouTube.[10]

Moore also says that Reid violated the settlement agreement by directing Davyon Augustus, a Reid employee, to harass Moore.  In support, Moore gives a civil stalking protection order from an Ohio court that prohibits Augustus from contacting Moore.[11]  The Ohio court found that Augustus had harassed Moore for over a year, but that any Augustus harassment "died down" after the settlement in this case.[12]

Although Moore gives some evidence that Reid may have employed Augustus, that evidence suggests that the employment started only after the December 2021 settlement[13]—and therefore after the Augustus harassment ended.  Moreover, the settlement agreement does not prohibit parties' employees from contacting opposing

---

[8] Doc. 36 at 295.
[9] To date, Moore has not filed any motion to enforce the settlement.
[10] Unmarked Exhibit "Evidence to support and help (1)" at 00:11:34 (showing clips from two YouTube videos in which Plaintiff Reid refers to Defendant Moore as "the YouTuber" and "the vlogger").
[11] Unmarked Exhibit "CSPO against Davyon Augustus".
[12] *Id.* at 3.
[13] Consciouz Tv, *Tasha K. CALL'S IN & Set's The Record Straight On PEACE W/The Wiley Show & Armon Wiggins & MORE!!!,* at 01:42:13, YOUTUBE (Dec. 25, 2021), https://www.youtube.com/watch?v=r6u9hITSL9c (Augustus says, "Next year … will be a big year because I will be officially working for Larry Reid in PR and image consulting.").

Case No. 1:21-cv-00991
GWIN, J.

parties.

Even if Reid had also violated the agreement, a Reid violation would not excuse Moore's violations.[14]  Moore gives no evidence that shows that he could not comply with the Court's orders.

Accordingly, the Court **GRANTS** Plaintiff Reid's motion.  The Court finds Defendant Moore in contempt of the Court's past orders and **ORDERS** Defendant Moore to pay Plaintiffs the $745 fine accrued as of January 31[15] within 30 days of this order.

The Court further **ORDERS** Defendant Moore to take down any content that violates the settlement agreement within seven days of this order's filing.  If Defendant Moore misses the compliance deadline, Moore must also pay the fines accrued between January 31 and the deadline.[16]  Finally, the Court imposes a $100 per day fine for any further violations after the deadline.

IT IS SO ORDERED.

Dated: May 15, 2023                    s/    *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[14] The videos are no longer available on Reid's YouTube page.  *See* Larry Reid Live, YOUTUBE, https://www.youtube.com/@LarryReidLive (last visited May 9, 2023).
[15] Moore violated the settlement agreement for seven days during the $35-per-day period and ten days during the $50-per-day period.
[16] The Court calculates this additional fine would exceed $5,000.

- 4 -