IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry D. Reid, et al., <br><br> Plaintiffs <br><br> – vs – <br><br> Darryl Moore, <br><br> Defendant. | Case No. 1:21-cv-00991 <br><br> Judge James S. Gwin <br><br> Magistrate Judge Jonathan D. Greenberg <br><br> Response in Opposition to Certain Motions Served Upon Counsel for the Plaintiff by Defendant Darryl Moore but Not Filed Upon the Docket |

On Saturday, April 27, 2024, undersigned counsel received and email from the Defendant, Darryl Moore, with three attachments, each of which was styled as a motion and two of which are relevant to the Case Management Conference now set for Noon on Thursday, May 2, 2024.

As of the close of business on Tuesday, April 20, 2024, none of those documents has been filed with the Court and none of them appears upon the docket in this case.[1]

Because the Defendant appears pro se, and because the motions relevant to the Case Management Conference may appear on the docket between now and that Conference, Plaintiffs respectfully submit this Response in Opposition to urge that the Motions be denied.

**A. The Motion to Appear Via Video Conference**

In one unfiled Motion, Defendant Moore contends that he should be permitted to attend the Case Management Conference viz Zoom, because: (1) to permit his attendance in person would impose an economic hardship to him personally, and: (2) witnesses he ostensibly intends to call might not be able to afford to travel to Cleveland for an in-person conference. Because the Case Management Conference is not an evidentiary hearing, the witness argument is unavailing.

---

[1] Copies of the documents attached to the Moore email are being filed herewith as Exhibit 1. The Plaintiffs do not oppose Moore's Motion for Permission to E-File future docket submissions in this case.

The argument about cost and inconvenience should also be rejected. Appearing in person may well inconvenience the Defendant, and cost him time lost from work. Under the circumstances he should none-the-less be required to attend. The Defendant is being hailed into court on the **Fifth** Motion to Enforce a Settlement Agreement he freely entered and thereafter promptly violated. The Court has twice held him in contempt in connection with his having already violated both the Agreement and the Court's prior Orders. A fine has been levied against him.[2] Despite his having been sanctions for violated his obligations "dozens of times," Moore has persisted in misconduct.[3]

As for expense, Plaintiffs have incurred legal fees and expenses of almost Eleven Thousand Dollars ($11,000.00), to date, moving to enforce the Agreement against Moore in connection with his violations since January 2024 alone.[4] Mr. Moore is not the only one who will suffer cost and inconvenience as a result of further proceedings, but he is the only one responsible for those proceedings being necessary. To excuse his in person appearance — which may have the salutary effect of impressing upon him the seriousness of his actions — would be profoundly unfair.

**B. The Motion to Continue the Case Management Conference**

In another unfiled Motion, the Defendant would move to continue the Case Management Conference so that he might have time to conduct discovery. The unfiled Motion raises scandalous allegations against Plaintiff Larry Reid, alleges that Reid has attacked Moore online through proxies, and suggests the need for discovery regarding a non-party entity (the MBN Network) prior to the Case Management Conference.

---

[2] See the citations to the record and the Court's own prior Orders collected in the Memorandum Supporting Plaintiffs' Fifth Omnibus Motion (ECF No. 45–1) at Page Id. 363–64, 367.

[3] See Memorandum, Id., at Page Id. 363 (dozens of violations) and 369–73 (most recent violations).

[4] See Id., at Page ID. 377, and Errata (ECF No. 46), at Page Id. 414.

All this misapprehends the nature of that proceeding, a non-evidentiary hearing. It also profoundly misapprehends the stage in this case during which the Conference is set to occur. The case is over. The Court has retained jurisdiction to enforce the Settlement Agreement. It has been required to do so four times since December 2021. This is the Fifth Motion to Enforce.

The time to contest, and the opportunity to argue the contested factual allegations in this case has long since passed, and the Defendant gave up his opportunity to do so when he agreed to settle in December 2021.[5] In his unfiled Motion, Moore suggests that an associate of Reid has also violated the Settlement Agreement by disparaging Moore online. That allegation is made without a shred of support, and in any event has no bearing upon the question presented by the Fifth Motion to Enforce — has Moore (yet again) violated the Agreement.[6]

The Motions served upon undersigned counsel, but not yet filed, should for these reasons be denied if they are filed.

        Respectfully submitted

        /s/ Raymond V. Vasvari, Jr.

        **Raymond V. Vasvari, Jr.** (0055538)
          vasvari@vasvarilaw.com
        **K. Ann Zimmerman** (0059486)
          zimmerman@vasvarilaw.com
        **VASVARI | ZIMMERMAN**
        20600 Chagrin Boulevard
        Suite 800 Tower East
        Shaker Heights, Ohio 44122-5353
        Telephone: 216.458.5880
        Telecopier: 216.302.3700

        Attorneys for the Plaintiffs

---

[5] See Opinion and Order, May 15, 2023 (ECF No. 44) at Page Id. 354 (opportunity to litigate disputed facts ended upon settlement).

[6] If Moore believes his rights have been violated, he is free to file his own Motion to Enforce. He has not done so, and even if he did, the Court has already held that such a violation by Reid or his associates would not excuse Moore's own misconduct in violation of the Agreement. See Id., at Page Id. 356–57.

### – Certificate of Service –

      The foregoing was filed today, Tuesday, April 30, 2024, via the Court Electronic Filing System. Service will be made upon counsel of record by, and copies of this filing may be obtained through operation of the CM / ECF System.

      Additional service – if required or sent as a courtesy – has been made in the manner and at the addresses listed below on the parties and/or attorneys listed below.

☐ No Added Service Needed
☒ Via First Class U.S. Mail
☒ Via Email as PDF Attachment

Darryl Moore
1977 E. 224th Street
Euclid, Ohio 44117
darryldmooresr@gmail.com

Defendant

      Respectfully submitted

      /s/ Raymond V. Vasvari, Jr.

      **Raymond V. Vasvari, Jr.** (0055538)
       vasvari@vasvarilaw.com
      **K. Ann Zimmerman** (0059486)

      One of the Attorneys for Plaintiffs