Various

**Attachments**

May 5, 2024

Office of the Clerk
United States District Court
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, OH 44113-1830

**Reid, et. al v. Moore 1:21-cv-00991-JG**

Judge Greenberg,

During the hearing, I know that I won't be able to say everything that I want to say to you. Lots of legal jargon by the Plaintiff's counsel (mumbo jumbo in my layperson vernacular) will be interjected to prevent you from hearing the crux of this matter. To you, I am just a name on a court document. You have no idea of who I really am. Forgive me if this letter bounces around a bit but this is my life, and I am under tremendous attack.

I am representing myself Pro Se not because I am this great legal mind that can take on the world but simply because I can't afford to pay for an attorney to represent me. I had an attorney in the beginning, but we parted ways because I couldn't afford it. I have to fight this battle alone. I am a proverbial David fighting a Goliath. The Plaintiff has the financial support of his large fan base that supports his behavior, so he has no problem hiring an attorney to squash my voice and prevent me exposing his behavior. He has referred to me as the "Insignificant Vlogger". If I am so insignificant, why has he spent so much time and other people's money (donations) to go after me in court? Why hasn't he sued other people that have confronted and discussed him on social media? People with a larger fan base (and financial resources to fight him in court) have done stories on him and he has not filed any cease and desist or lawsuits against them. Because of my financial situation, the Plaintiff views me as low hanging fruit that he can cherry pick and bully in court.

When I was twelve years old, a teacher tried to molest me. Since I was a large kid, I was able to fight him off and flee to safety. I never told my parents because he threatened to harm them and tell everyone I was gay and that I made a move on him. My parents died never knowing what happened to me. A few years ago, my therapist encouraged me to tell my parents and siblings. I told my siblings. I was too ashamed to tell my elderly parents. Around approximately 2012 or 2013, my second oldest son had a traumatic experience in school, and he was hospitalized. During his treatment, he revealed that his older brother and he were molested by the second husband of my former mother-in-law when they were under the age of six. I didn't know about it. For close to a decade, my sons thought I knew and didn't care. This caused them to be incredibly angry and act out. I found out the man was arrested and died before he was brought to justice. Since that time, my sons and I have sought to patch things up via

therapy, open dialogue, and prayer. It's an ongoing process. They are now adults. Ever so often, my sons have anger outbursts. That is why what the Plaintiff is accused of doing is so personal for me. I was not able to protect my sons or make sure the man that harmed my children was brought to justice because their mother and her family didn't tell me what happened to my children. It came out during therapy for my second oldest son.

When the three young men approached me about what they emphatically stated the Plaintiff did to them, my heart was broken. They weren't seeking money. They wanted their voices heard. They wanted people to know what the Plaintiff did to them. I interviewed them and let them tell (in their own words) what they say happened to them. I didn't coerce them, offer them money, or force them to say anything. It was their story. They all shared the horrors of being groomed by the Plaintiff. They went into graphic detail about the sexual activity as well. One of the victims stated he was a virgin and after the sexual encounters with the Plaintiff, he contracted HIV. The first accuser filed a police report against the Plaintiff in Raleigh, NC. That is an open police investigation. The Plaintiff didn't like that, so he sued me for slander and defamation. Since those interviews, the three have had their names and personal information blasted across social media. During my interviews with them, I concealed their names and faces for their safety. The employee of the Plaintiff posted their names, faces, and locations on social media. They were harassed and threatened. The second victim was enlisted in the military awaiting deployment and he had to endure this.

Because of those interviews and this lawsuit, I was subjected to constant harassment and threats by employees and associates of the Plaintiff. The harassment got so bad, I had to file police reports and obtain two Civil Stalking and Protection Orders. One against his employee Davyon Augustus and another against his associate Brian Henry, II. The employee of the Plaintiff and several associates contacted my former place of employment multiple times making false accusations against me. I was accused of drug use, drug dealing, abusing my family, and other acts of violence. I was also accused of serving time in prison. The list goes on and on. None of this was true (I could never pass a criminal background check if any of it were true) but I had to endure this while fighting this lawsuit. During this time, I was also dealing with my father being terminally ill. He passed away nine days after I was served with legal documents for this frivolous lawsuit. I was served on the day of my youngest son's high school graduation. Shortly after that, I got Covid. The stress of all this led to a minor stroke. My mother was in the beginning stages of dementia. She had a stroke in 2022 and passed away February 2023. Davyon Augustus went on social media celebrating the death of my father. My father was a retired Army veteran. He served his country proudly. My father did three tours in Vietnam. Augustus said he prayed for my father to die. He practices witchcraft. It's very odd that a "trusted assistant" and public relations person for a "minister" is an openly gay man that practices witchcraft and believes in the occult.

Please don't allow him to use your courtroom to conceal his actions and to squash the voice of truth. I humbly request that the mediation be eliminated. The crux of the matter is that I shed light on his lifestyle and financial misdeeds. He claims I have violated the

mediation, but he has spoken about me to other people (text messages and on his private Patreon social media page) and his employee has made countless videos about me in violation of the Civil Stalking and Protection Order. As an employee of the Plaintiff, Augustus is restricted from making videos about me. I am awaiting word from the courts about my request to have Davyon Augustus arrested. I fear for my safety. He is unhinged and violent. At one point during this ordeal, the former fiancée (of Augustus) contacted me for help. He was being held against his will. He escaped after having his phone smashed and clothes destroyed. He didn't call the police because he had just been released from prison and he didn't want to risk going back. He witnessed drug use and criminal activity in the house. I have two audio clips of him discussing in detail what happened. My associates and I raised money to get him food, clothes, a hotel room, and a one-way plane ticket. We got him to safety. Mind you, Augustus is the star witness against me for the Plaintiff. He is not credible.

I have two affidavits. One from Vincent T. Hill who was an employee of the Plaintiff for close to twenty years (he was also his gay lover for 13 of those years unbeknownst to the wife of the Plaintiff) where he states his dealings with the Plaintiff. I have another from the first alleged victim of the Plaintiff where he confirms what he said on my social media platform were his own words. In February of this year, Vincent T. Hill did a podcast where he admitted his sexual relationship with the Plaintiff along with the fact that the Plaintiff and his inner circle lived good off the donations to the MBN Network. He stated they ate the best food, stayed in the best hotels, and traveled the world with funds meant for the church. The crux of the Plaintiff's lawsuit against me is that I falsely accused him of molesting underage boys and mismanagement of church funds. This podcast from a former lover and person in his inner circle (and the affidavit) confirms the allegations I made against the Plaintiff. After his podcast, I sent a letter to the court (Judge Gwin) requesting that the mediation be done away with because the Plaintiff lied under oath about what he accused me of saying about him. I didn't receive a response or confirmation that my letter was received. Until recently, I have not gotten any reply when I submitted documents. That is one of the reasons why I requested permission to e-file my responses moving forward. That request was denied.

Your honor, I wrote this letter because I want you to see me as a human being and not as a name on a document. I am more than a Defendant. I work hard to put my oldest two sons through college. I am a teacher. The Plaintiff and I are as different as day and night. I have never intentionally tried to harm anyone. There is no open police investigation against me for harming an underage boy. No one has accused me of infecting them with HIV or any sexually transmitted diseases. Like others, I am a victim of the Plaintiff like everyone else. Please do away with this mediation and keep the case closed.

Sincerely,

Darryl D. Moore, Sr.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio  ▾

| | |
|---|---|
| Larry D. Reid | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Darryl D. Moore | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.  **1:21-cv-00991**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Larry D. Reid

To:

_____

_(Name of person to whom this subpoena is directed)_

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All personal and business bank statements showing transfers or deposits to the accounts of Latrice Spencer and Lester Peltier between January 2022 to July 2023.

| Place: Office of the Clerk<br>United States District Court<br>Northern District of Ohio<br>Carl B. Stokes United States Court House<br>801 West Superior Avenue<br>Cleveland, OH 44113-1830 | Date and Time:<br><br>05/13/2024 12:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/08/2024

CLERK OF COURT

_____          OR          _____
   _Signature of Clerk or Deputy Clerk_                                _Pro Se Defendant_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Defendant Darryl D.
Moore                                                                      , who issues or requests this subpoena, are:
1977 E. 224th Street, Euclid, OH 44117 (p) (424) 237-5550, (e) darryldmooresr@gmail.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **1:21-cv-00991**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of Ohio

| | |
|---|---|
| Larry D. Reid | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Darryl D. Moore | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.  **1:21-cv-00991**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

### Larry D. Reid

To:

_(Name of person to whom this subpoena is directed)_

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All contractual agreements between Lester Peltier and the MBN Network (including Form 990), Reformation Church, Larry Reid, and Larry Reid Live that outline his work duties, salary, expenses, perks, and manner of compensation (including pay periods) between January 2022 to July 2023. As well as contractual agreements between Latrice Spencer and the MBN Network (including Form 990), Reformation Church, Larry Reid, and Larry Reid Live that outline her work duties, salary, expenses, perks, and manner of compensation (including pay periods) between January 2022 to July 2023.

| Place: Office of the Clerk<br>United States District Court<br>Northern District of Ohio<br>Carl B. Stokes United States Court House<br>801 West Superior Avenue<br>Cleveland, OH 44113-1830 | Date and Time:<br><br>05/13/2024 12:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/08/2024

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                          _Pro Se Defendant_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Defendant Darryl D. Moore
_____, who issues or requests this subpoena, are:
1977 E. 224th Street, Euclid, OH 44117 (p) (424) 237-5550, (e) darryldmooresr@gmail.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **1:21-cv-00991**

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                                       _____
                                            *Printed name and title*

                                       _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of Ohio

| | |
|---|---|
| Larry D. Reid | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  **1:21-cv-00991** |
| Darryl D. Moore | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Larry D. Reid

_____

*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All medical records as it pertains the diagnosis and treatment of Sexually Transmitted Infections/Diseases (including medications administered).

| Place: Office of the Clerk<br>United States District Court<br>Northern District of Ohio<br>Carl B. Stokes United States Court House<br>801 West Superior Avenue<br>Cleveland, OH 44113-1830 | Date and Time:<br><br>05/13/2024 12:00 pm |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/08/2024

*CLERK OF COURT*

OR  _____

_____                   _____
*Signature of Clerk or Deputy Clerk*                   *Pro Se Defendant*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant Darryl D.

Moore _____, who issues or requests this subpoena, are:
1977 E. 224th Street, Euclid, OH 44117 (p) (424) 237-5550, (e) darryldmooresr@gmail.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. __1:21-cv-00991__

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

    ☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____ _____
                                                *Server's signature*

_____
                                                *Printed name and title*

_____
                                                *Server's address*

Additional information regarding attempted service, etc.:

Reset

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

**Print**    **Save As...**    **Add Attachment**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 4)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio ▼

| | |
|---|---|
| Larry D. Reid | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. <u>1:21-cv-00991</u> |
| Darryl D. Moore | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Larry D. Reid

To:
_____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All personal and business bank statements showing transfers or deposits to the accounts of Latrice Spencer and Lester Peltier between January 2022 to July 2023.

| Place: Office of the Clerk<br>United States District Court<br>Northern District of Ohio<br>Carl B. Stokes United States Court House<br>801 West Superior Avenue<br>Cleveland, OH 44113-1830 | Date and Time:<br><br>05/13/2024 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>05/08/2024</u>

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | _Moore, Sr_ |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Pro Se Defendant* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  <u>Defendant Darryl D.</u> <u>Moore</u>_____, who issues or requests this subpoena, are:
<u>1977 E. 224th Street, Euclid, OH 44117 (p) (424) 237-5550, (e) darryldmooresr@gmail.com</u>

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **1:21-cv-00991**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____       _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery*.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection*.**
    **(A) *Appearance Not Required*.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections*.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena*.**
    **(A) *When Required*.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted*.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative*.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents*.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified*.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form*.** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information*.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection*.**
    **(A) *Information Withheld*.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced*.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

FORM 10.03-F: CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER FULL HEARING

## IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

# Order of Protection

Per R.C. 2903.214(F)(3), this Order is indexed at

CUYAHOGA COUNTY SHERIFF'S DEPARTMENT
LAW ENFORCEMENT AGENCY WHERE INDEXED
( 216 )    443  -  6000
PHONE NUMBER

| | |
|---|---|
| Case No. | 964092 B |
| Judge | MAUREEN CLANCY |
| State | **OHIO** |

☒ CIVIL STALKING PROTECTION ORDER
FULL HEARING (R.C. 2903.214)

☐ CIVIL SEXUALLY ORIENTED OFFENSE
PROTECTION ORDER FULL HEARING (R.C. 2903.214)

**PETITIONER:**

DARRYL MOORE

First    Middle    Last

v.

**PERSON(S) PROTECTED BY THIS ORDER:**

Petitioner  DARRYL MOORE    DOB: 06/25/1969
Petitioner's Family or Household Members:
(☐ Additional forms attached)

DOB: _____
DOB: _____
DOB: _____
DOB: _____

**RESPONDENT:**

DAVYON CHARLES DEMIL AUGUSTUS

First    Middle    Last

Relationship to Petitioner:  social media stranger
Address where Respondent can be found:
5322 Ridgeway Street
Columbia, SC  29203

**RESPONDENT IDENTIFIERS**

| SEX | RACE | HGT | WGT |
|---|---|---|---|
| Male | Black | unk | unk |
| EYES | HAIR | | DOB |
| unk | unk | 11 / 15 / 1985 |
| DRIVER'S LIC. NO. | EXP. DATE | | STATE |

Distinguishing Features:

☐ WARNING TO LAW ENFORCEMENT: RESPONDENT HAS FIREARMS ACCESS – PROCEED WITH
CAUTION

Violence Against Women Act, 18 U.S.C. 2265, Federal Full Faith & Credit Declaration:  Registration of this Order is not
required for enforcement.

**THE COURT HEREBY FINDS:**
That it has jurisdiction over the parties and subject matter, and Respondent was provided with reasonable notice
and opportunity to be heard within the time required by Ohio law.  **Additional findings of this Order are set forth
below.**

**THE COURT HEREBY ORDERS:**
That the above named Respondent be restrained from committing acts of abuse or threats of abuse against
Petitioner and other protected persons named in this Order.  Additional terms of this Order are set forth below.

The terms of this Order shall be effective until    07  /  18  /  2025    **(DATE CERTAIN – 5 YEARS
MAXIMUM)**

**WARNING TO RESPONDENT:  See the warning page attached to the front of this Order.**

FORM 10.03-F: CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER FULL HEARING
Amended:  April 15, 2021
Discard all previous versions of this form

CV 964092

Petitioner Darryl Moore is a legal investigator for the City of East Cleveland and has a YouTube channel. Mr. Moore interviewed three alleged victims of molestation by minister Larry Reid of Atlanta. Respondents didn't like Petitioner's Moore's interview and began menacing. Respondent B, Davyon Charles Demil Augustus, is an employed by Larry Reid. Mr. Moore testified that Mr. Augustus is a personal mentor to Respondent A, Brian Hugh Henry. Mr. Henry started harassing and stalking him after a federal court settlement, which prohibited Reid and Respondent Augustus from contacting/harassing each other. Mr. Moore testified that Mr. Reid and Mr. Augustus encouraged Respondent Henry to harass him.

With regards to Respondent Augustus, Mr. Moore testified that Mr. Augustus has harassed via social media since 2020. Mr. Augustus said he believed in witchcraft and "prayed for the death of Mr. Moore's father" on-air. He then stated that his prayers were answered after Mr. Moore's father died. Mr. Augustus has posted the following on social media and his YouTube channel: Mr. Moore's job, phone number, how to contact the judge in the federal case, Mr. Moore's employer's contact info, and parent's address. Mr. Augustus also pulled a gun on his YouTube video and said "If I see you {Mr. Moore}, this is what you are going to get." This was in March or April of 2021. Mr. Moore later found out that this was a BB gun. Mr. Augustus said, "I'm coming." or "Me and the crew are coming." Along with pictures of Mr. Moore's home and his address. Mr. August us' threats died down after the federal court settlement but then Respondent Henry took over.

Mr. Moore also knows Mr. Henry from social media. Mr. Henry is very loyal to minister Reid and Respondent Augustus is Mr. Henry's mentor. Since 2021 Mr. Henry has made 'countless" videos and posts about Mr. Moore, including posting his address, pictures of Mr. Moore's family and children, pictures of Mr. Moore's house and address/phone number, pictures of his vehicle and stating lies that Mr. Moore is felon and tried to murder Mr. Reid. Mr. Henry also called his 86 year old mother and put her live on the air. Mr. Moore's mother didn't understand what was going on.

Mr. Henry contacted Mr. Moore's employer, including the City of East Cleveland assistant prosecutor, human resources, the law director, the mayor, etc. and made false accusations. Once he called 8 times in four hours. Mr. Henry would record himself and play these conversations on air on YouTube.

In May of 2022, Mr. Henry called Mr. Moore's cell phone and work and stated that he was going to fuck up Mr. Moore, shoot Mr. Moore and "put him in the dust".

As a result of these posts, Mr. Moore has received a death threat. Mr. Moore sought treatment from a therapist for over a year now and is taking medication for insomnia.

R.C. 2903.214 provides that a civil stalking protection order may be entered in favor of a petitioner where the respondent has engaged in a violation of R.C. 2903.211. R.C. 2903.211(A)(1) provides: No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a

family or household member of the other person or cause mental distress to the other person or a family or household member of the other person....

A "pattern of conduct" means "two or more actions or incidents, closely related in time." R.C. 2903.211(D)(1). One incident does not constitute a pattern of conduct. *Ensley v. Glover*, (September 28, 2012), Lucas App. No. L-ll-1026, 2012-Ohio-4487. Whether events are "closely related in time" is determined by the court based on all the circumstances of the case. *Nguyen v. Chaffee*, (June 30, 2009), Columbiana App. No. 08 CO 35, 2009-Ohio-3352. The petitioner must prove that the acts forming the basis of the pattern of conduct were committed by the respondent. *Szymanski v. Trendel*, (March 6, 2009), Lucas App. Nos. L-08-1110 & L-08-1111, 2009-Ohio-992.

A party seeking a civil stalking protection order must prove a violation of R.C. 2903.211 by a preponderance of the evidence. *Cole v. Tubbs*, (December 22, 2016), Cuyahoga App. No. 104117, 2016-Ohio-8321. A preponderance of the evidence means the greater weight of the evidence. *Steinglass Meeh. v. Warrensville Hts. Bd. of Education*, (2003), 151 Ohio App.3d 321, 328. Stated differently, preponderance of the evidence is synonymous with "more likely than not." *Grange Mut. Cas. Co. v. Tackett*, (February 15, 2008), Portage App. No. 2007-P-0037, 2008-Ohio-631.

The acts of Mr. Augustus and Mr. Henry constitute a pattern of conduct that violates R.C. 2903.211. See *Berry v. Patrick*, (July 21, 2005), Cuyahoga App. No. 85255, 2005-Ohio-3708. Petitioner Mr. Moore is entitled to a protection order against Respondents.

Case No. 964092-B

## FORM 10-C:
## WARNING CONCERNING THE ATTACHED
## PROTECTION ORDER OR CONSENT AGREEMENT

**NOTE**: *Rules 10.01, 10.02, 10.03, and 10.05 of the Rules of Superintendence for the Courts of Ohio require this Warning to be attached to the FRONT of all civil and criminal EX PARTE or FULL HEARING protection orders issued by the courts of the State of Ohio.*

---

### WARNING TO RESPONDENT / DEFENDANT

<u>Violating the attached Protection Order is a crime, punishable by incarceration, fine, or both and may cause the revocation of your bond or result in a contempt of court citation against you.</u>

This Protection Order is enforceable in all counties in Ohio and 50 states, the District of Columbia, tribal lands, and U.S. territories pursuant to state law and the Violence Against Women Act, 18 U.S.C. 2265. Violating this Protection Order may subject you to state and federal charges and punishment.

Only the Court may change the terms of this Protection Order. The Petitioner/Alleged Victim/Protected Person cannot give you legal permission to change this Order. If you go near the Petitioner/Alleged Victim/ Protected Person, even with the person's permission, you may be arrested. Only the Court may change or end this Protection Order. Unless the Court changes or ends this Order, you may be arrested for violating this Protection Order. **YOU ACT AT YOUR OWN RISK IF YOU DISREGARD THIS WARNING.**

---

### WARNING TO PETITIONER / ALLEGED VICTIM

You **cannot** change the terms of this Order by your words or actions. Only the Court may allow the Respondent/Defendant to contact you or return to your residence. This Protection Order **cannot** be changed by either party without obtaining a written court order.

---

### NOTICE ABOUT FIREARMS AND OTHER DEADLY WEAPONS

As a result of this Protection Order or Consent Agreement, it may be a federal crime for you to possess or purchase a firearm, including a rifle, pistol, or revolver, or ammunition pursuant to 18 U.S.C. 922(g)(8) for the duration of this Order. If you have any questions whether the law makes it illegal for you to possess or purchase a firearm or ammunition, you should consult with a lawyer.

This Protection Order may be subject to the exceptions pursuant to 18 U.S.C. 925(a)(1) **only** with respect to the official use of government-issued firearms or ammunition for the use of any department or agency of the United States, Ohio, or its political subdivision. This exception does not apply if the Defendant/ Respondent has been convicted of an offense of violence, for example, domestic violence, menacing by stalking, etc., against a family or household member.

---

### NOTICE TO ALL LAW ENFORCEMENT AGENCIES AND OFFICERS

The attached Protection Order is enforceable in all counties in Ohio. Violation of this Protection Order is a crime under R.C.2919.27. Law enforcement officers with powers to arrest under R.C. 2935.03 for violations of the Ohio Revised Code must enforce the terms of this Protection Order as required by R.C. 2151.34, 2903.213, 2903.214, 2919.26, 2919.27, and 3113.31. If you have reasonable grounds to believe that the Respondent/Defendant has violated this Protection Order, it is the preferred course of action in Ohio under R.C. 2935.03 to arrest and detain the Respondent/ Defendant until a warrant may be obtained. Federal and state law prohibits charging a fee for service of this Order to the Petitioner/Alleged Victim or protected parties.

---

FORM 10-C: WARNING CONCERNING THE ATTACHED PROTECTION
Effective: April 15, 2021

CV22964092          127248147

[Page 2 of 6 Form 10.03-F]

Case No. 964092 B

This proceeding came on for a hearing on 07 / 18 / 2022 before the Court and the ☒ Civil Stalking Protection Order Ex Parte or ☐ Civil Sexually Oriented Offense Protection Order Ex Parte  issued on 05 / 31 / 2022, all in accordance with R.C. 2903.214. The following individuals were present:

Petitioner.   This hearing was recorded on the court's digital recording system.

The Court hereby makes the following findings of fact:

See attached

☐ **Additional findings on a separate page are included and attached herein.**

☒ The Court finds by a preponderance of the evidence that 1) Respondent has knowingly engaged in a pattern of conduct that caused Petitioner to believe that Respondent will cause physical harm or cause or has caused mental distress; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from stalking offenses.

☐ The Court finds by a preponderance of the evidence that 1) Petitioner or Petitioner's family or household members have been a victim of a sexually oriented offense as defined in R.C. 2950.01, committed by Respondent; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from sexually oriented offenses.

☐ The Court finds by clear and convincing evidence that 1) Petitioner or Petitioner's family or household members reasonably believed  Respondent's conduct before the filing of the Petition endangered the health, welfare, or safety of Petitioner or Petitioner's family or household members; 2) Respondent presents a continuing danger to Petitioner or Petitioner's family or household members; and 3) the following orders are equitable, fair, and necessary to protect the persons named in this Order from experiencing a continuing danger.

**RESPONDENT SHALL NOT ABUSE,** harm, attempt to harm, threaten, follow, stalk, harass, force sexual relations upon, or commit sexually oriented offenses against the protected persons named in this Order. [NCIC 01 and 02]

FORM 10.03-F:  CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER FULL HEARING

[Page 3 of 6 Form 10.03-F]

Case No. 964092 B

## ALL OF THE PROVISIONS CHECKED BELOW ALSO APPLY TO RESPONDENT

■1. **RESPONDENT SHALL NOT ENTER** the residence, school, business, place of employment, day care centers, or child care providers of the protected persons named in this Order, including the buildings, grounds, and parking lots at those locations. Respondent may not violate this Order **even with the permission of a protected person.** [NCIC 04]

☐2. **RESPONDENT SHALL NOT INTERFERE** with the protected persons' right to occupy the residence including, but not limited to canceling utilities or insurance or interrupting telecommunication (e.g., telephone internet, or cable) services, mail delivery, or the delivery of any other documents or items. [NCIC 03]

☐3. **RESPONDENT SHALL SURRENDER** all keys and garage door openers to the following residence: _____
within 24 hours of service of this Order to the law enforcement agency that serves Respondent with this Order or as follows:
_____
_____

■4. **RESPONDENT SHALL STAY AWAY FROM PETITIONER** and all other protected persons named in this Order, and not be present within 500 feet or _____(distance) of any protected persons wherever those protected persons may be found, or any place Respondent knows or should know the protected persons are likely to be, **even with a protected person's permission.** If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart *immediately*. This Order includes encounters on public and private roads, highways, and thoroughfares. [NCIC 04]

■5. **RESPONDENT SHALL NOT REMOVE, DAMAGE, HIDE, OR DISPOSE OF ANY PROPERTY, COMPANION ANIMALS, OR PETS** owned or possessed by the protected persons named in this Order.

☐6. **PETITIONER IS AUTHORIZED TO REMOVE THE FOLLOWING COMPANION ANIMALS OR PETS** owned by Petitioner from the possession of Respondent:
_____
Exchange of the listed companion animals or pets shall take place as follows:
_____

■7. **RESPONDENT SHALL NOT INITIATE OR HAVE ANY CONTACT** with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, or child care providers. Contact includes, but is not limited to, landline, cordless, cellular or digital telephone; text; instant messaging; fax; e-mail; voicemail; delivery service; social media; blogging; writings; electronic communications; posting a message; or communications by any other means directly or through another person.

Respondent may not violate this Order **even with the permission of a protected person.** [NCIC 05]

■8. **RESPONDENT SHALL NOT** use any form of electronic surveillance on protected persons.

■9. **RESPONDENT SHALL NOT CAUSE OR ENCOURAGE ANY PERSON** to do any act prohibited by this Order.

☐10. **RESPONDENT SHALL NOT POSSESS, USE, CARRY, OR OBTAIN ANY DEADLY WEAPON** at any time while this Order remains in effect for the safety and protection of the protected persons named in this Order. Furthermore, Respondent may be subject to firearms and ammunition restrictions pursuant to 18 U.S.C. 922(g)(1) through (9), 18 U.S.C. 922(n), or R.C. 2923.13. [NCIC 07]

[Page 4 of 6 Form 10.03-F]

Case No. 964092 B

RESPONDENT IS EXCEPTED only for official use pursuant to 18 U.S.C. 925(a)(1), if no other firearms and ammunition prohibitions apply.

☐11. RESPONDENT SHALL TURN OVER ALL DEADLY WEAPONS OWNED by Respondent or in Respondent's possession to the law enforcement agency that serves Respondent with this Order no later than _____ or as follows:

_____

_____

Any law enforcement agency is authorized to accept possession of deadly weapons pursuant to this *paragraph and hold them in protective custody for the duration of this Order.* [NCIC 07]

Law enforcement shall immediately notify the Court upon receiving Respondent's deadly weapons into protective custody as set forth in this Order.

Upon the expiration or termination of this Order, Respondent may reclaim any deadly weapons held in protective custody by law enforcement pursuant to this Order unless Respondent is otherwise disqualified as verified by a check of the NCIC protection order file.

12. RESPONDENT'S CONCEALED CARRY WEAPON LICENSE, if any, is now subject to R.C. 2923.128.

☐13. IT IS FURTHER ORDERED: [NCIC 08]

_____

_____

_____

_____

_____

☐14. RESPONDENT SHALL COMPLETE the following counseling program:

Respondent shall contact this program within _____ days after receiving this Order and immediately arrange for an initial appointment. The counseling program is requested to provide the Court a written notice when Respondent attends the initial appointment, if Respondent fails to attend or is discharged, and when Respondent completes the program. Respondent is required to sign all necessary waivers to allow the Court to receive information from the counseling program.

☐ Respondent is ordered to appear before Judge or Magistrate _____ on _____ / _____ / _____ at _____ ☐a.m. ☐p.m. to review Respondent's compliance with this counseling order. Respondent is warned: If you fail to attend the counseling program you may be held in contempt of court. If you fail to appear at this hearing, the Court may issue a warrant for your arrest.

☐15. RESPONDENT SHALL NOT USE OR POSSESS ☐alcohol or ☐ illegal drugs.

☐16. RESPONDENT SHALL BE SUBJECT TO ELECTRONIC MONITORING. Respondent is ordered to report to _____ for placement of a global positioning system for the purpose of electronic monitoring for the duration of this Order or until _____ / _____ / _____ whichever expires first. The Court further imposes the following terms and conditions:

[Page 5 of 6 Form 10.03-F]

Case No. 964092 B

☐ 17. The Clerk of Court shall cause a copy of this Order to be served on Respondent as set forth in Civ.R. 5(B) and 65.1(C)(3).  The Clerk of Court shall also provide certified copies of this Order to Petitioner upon request.

18. **IF THE FULL HEARING PROCEEDING WAS REFERRED TO A MAGISTRATE,** the Court has reviewed the magistrate's granting of this Order and finds no error of law or other defect evident on the face of the Order.  Accordingly, the Court adopts the magistrate's granting of this Order,

19. **IT IS FURTHER ORDERED NO COSTS OR FEES SHALL BE ASSESSED AGAINST PETITIONER** for filing, issuing, registering, modifying, enforcing, dismissing, withdrawing, serving, or subpoenaing witnesses or obtaining a certified copy of this Order.  This Order is granted without bond.

20. **THE COSTS OF THIS ACTION ARE** ☐ assessed against Respondent  ☑ waived.

**IT IS SO ORDERED.**

_____          _____  8/4/2022
MAGISTRATE                       JUDGE

---

### NOTICE TO RESPONDENT

**NO PERSON PROTECTED BY THIS ORDER CAN GIVE YOU LEGAL PERMISSION TO CHANGE OR VIOLATE THE TERMS OF THIS ORDER. IF YOU VIOLATE THE TERMS OF THIS ORDER, EVEN WITH THE PROTECTED PERSON'S PERMISSION, YOU MAY BE HELD IN CONTEMPT OR ARRESTED.  ONLY THE COURT CAN CHANGE THIS ORDER.  YOU ACT AT YOUR OWN RISK IF YOU DISREGARD THIS WARNING.**

| *NOTICE OF FINAL APPEALABLE ORDER* | TO THE CLERK |
| --- | --- |
| | A COPY OF THIS ORDER SHALL BE SERVED ON RESPONDENT PURSUANT TO CIV.R. 65.1(C)(3). |
| Copies of the foregoing Order, which is a final appealable order, were served on or delivered to the parties indicated pursuant to Civ.R. 5(B) and 65.1(C)(3), including ordinary mail | **COPIES OF THIS ORDER SHALL BE DELIVERED TO:** Petitioner ☐ Petitioner's Attorney ☐ Respondent's Attorney ☐ Law Enforcement Agency Where Petitioner Resides: |
| on _____ / _____ / _____ By: _____ CLERK OF COURT | ☐ Law Enforcement Agency Where Petitioner Works: _____ ☐ Sheriff's Office _____ ☐ Other: _____ |

---

### WAIVER

I, _____ (Respondent) understand that I have the right to a full hearing on the Petition for Civil Stalking Protection Order or Civil Sexually Oriented Offense Protection Order, and acknowledge each of the following:

1. I waive the right to have a full hearing on this Protection Order.
2. I waive the right to cross-examine witnesses and review evidence submitted in support of this Protection Order.
3. I waive the right to present witnesses and evidence on my own behalf.

FORM 10.03-F: CIVIL STALKING PROTECTION ORDER OR CIVIL SEXUALLY ORIENTED OFFENSE PROTECTION ORDER

[Page 6 of 6 Form 10.03-F]

Case No. 964092 B

4.  I waive the right to file objections and recognize this may limit my right to appeal the issuance of this Protection Order.

I understand that based on the waivers listed above, a Protection Order will be entered against me.

RESPONDENT

DATE

426B32992_1978129983

C O 8

Larry

sometimes you're so smart mouth and bitchy that it makes me want to **fuck** you in your ass hard to show you that I am running this bitch!

that's all LOL

bye! lol

LMFAOOOO!! DONE WITH U!!




You did amazing it was funny it was arguable and we were able to agree and even open up to new ways of looking at it I'm now interesting to see how you're gonna use the reigns since this gonna be on ur show next

Well it will be as it was today because we are ourselves all the time

I can't take a convo that serious terribly stuffy with u to much so it has to have sam

e, Thumbs Up, Cash App: $Consciouztv Paypal: Paypal.me/Consciouztv, Patreo

5/5/24, 11:42 PM            Moore Ent Mail - Re: Larry Reid's employee...online right now...

 Gmail

Darryl Moore <darryldmoore@moore-ent.com>

## Re: Larry Reid's employee...online right now...
1 message

**Raymond Vasvari** <vasvari@vasvarilaw.com>           Tue, Dec 21, 2021 at 8:16 PM
To: Darryl Moore <DarrylDMoore@moore-ent.com>
Cc: Olga Izmaylova <olga@silawatl.com>, "astebbins@minclaw.com" <astebbins@minclaw.com>

This was not intended for you, please delete it.

**From:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Date:** Tuesday, December 21, 2021 at 8:13 PM
**To:** Darryl Moore <DarrylDMoore@moore-ent.com>
**Cc:** Olga Izmaylova <olga@silawatl.com>, astebbins@minclaw.com <astebbins@minclaw.com>
**Subject:** Re: Larry Reid's employee...online right now...

This guy is out of his fucking mind. I'm watching.

We have not filed anything yet and have not been served with anything that was filed by Middleton.

**From:** Darryl Moore <DarrylDMoore@moore-ent.com>
**Date:** Tuesday, December 21, 2021 at 8:11 PM
**To:** Raymond Vasvari <vasvari@vasvarilaw.com>
**Subject:** Re: Larry Reid's employee...online right now...

Did you get the last email? This is what he has been doing for TWO years and yet your client lies and says this clown doesn't work for him. Until they admitted he does two days ago.

**Thank you,**
**Darryl D. Moore**

**(424) 237-5550 mobile**

**http://www.moore-ent.com**

4:52

 **TiShawn Hines**

Just reach out

FEB 16 AT 10:54 AM

Edited

Yoo man can you take this vid down my family getting threats and all

FEB 16 AT 10:54 AM

Its things that are being said that was literally the reason I didn't want this. My brother pictures were used and I wasn't even informed beforehand that they were being used and ppl are coming for them as well

I'm live right now

I will contact you after

FEB 16 AT 12:46 PM

Ok

4:34 PM

 4242375550 DARRYL MOORE WANTED ME TO GIVE YOU HIS NUMBER.

For?



   Aa  



Maybe: Larry D. Reid

Imma go ahead of everyone for some personal rest to the west coast. ....
Don't let anyone know. Hope it works. I May turn phone off and etc

Good!

Feb 7, 2023 at 20:17

Made it in time to plane. And found a place to stay until they arrive Friday

Oh you wasn't playing lol

Nope. Kingdom business canceled and it clicked leave and chill before work this weekend

Feb 8, 2023 at 13:47

I'm on west coast. Just received a call from production confirming what I thought. They got calls from BET. Tasha k and others have been tagging them and calling them and as a result they pulled me from everything. They said they were hoping it would die down but it went on too long as Tasha's audience keeps calling. I just let my lawyers know.  Darryl (the original one that started all this) said two days ago he was going to keep calling until he gets them to pull me. This has paused me and possibly pulled it

Certificate No.  **2022-04632**
Application No.  2022-04733

# Marriage Certificate

STATE OF GEORGIA          COUNTY OF FULTON

This is to certify that

**LESTER STEFAN PELTIER**

&

**LATRICE LATWANNE SPENCER**

were united in Marriage

By Pastor Chamaco Bryant on the 22nd day of September 2022 in the City of Sandy Springs,
County of Fulton, Georgia
as appears of record in this office this 19th day of April 2024.

_____
Clerk, Probate Court

Fulton County Probate Court
136 Pryor Street, Suite C-230
Atlanta, Georgia 30303

_____
Kenya Johnson, Judge
Fulton County Probate Court

**11:25**

September 16, 2023
11:54 AM

⟨    Edit    ⋯

Label ▾    From ▾    To ▾    Attachment ▾

**Chase QuickPay Team**    **May 19**
**LARRY REID sent you $100.00**
a payment LARRY REID sent y... Inbox    ☆

**Chase QuickPay Team**    **May 17**
**LARRY REID sent you $600.00**
a payment LARRY REID sent y... Inbox    ☆

**Chase QuickPay Team**    **May 16**
**LARRY REID sent you $350.00**
a payment LARRY REID sent y... Inbox    ☆



Chase QuickPay Team    May 13
LARRY REID sent you $382.00
a payment LARRY REID sent y... Inbox    ☆



**Chase QuickPay Team**    **May 12**
**LARRY REID sent you $160.00**
a payment LARRY REID sent y... Inbox    ☆



**Chase QuickPay Team**    **May 12**
**LARRY REID sent you $350.00**
a payment LARRY REID sent y... Inbox    ☆



Chase QuickPay Team    May 8
LARRY REID sent you $688.00
a payment LARRY REID sent y... Inbox    ☆



00:06

⬆️    ❤️    ⏸️    🔇    ⓘ    🗑️

UNITED STATES DISTRICT COURT FOR THE NOTHERN DISTRICT OF OHIO

Larry D. Reid, et al.                              )          1:21-cv-00991-JG
                                                    )
     Plaintiff(s)                             )
                                                    )
        v.                                  )
                                                    )
Darryl Moore                                        )
                                                    )
     Defendant(s)                             )

## AFFIDAVIT

I, LaVontraye Andrews, MAKE OATH AND SAY THAT:

1. My accusations against Larry D. Reid on the YouTube channel of Darryl Moore were my own. I was not coerced by Darryl Moore to make any statements. The statements were based on my personal interactions with Larry D. Reid.

2. Statements made by me on the YouTube channel of Darryl Moore regarding the personal life and ministerial practices of Larry D. Reid were based on my observations while living in his home and as a member of his church.

I declare that, to the best of my knowledge and belief, the information herein is true and complete. I understand this statement is made for use as evidence in court and is subject to penalty for perjury.

STATE OF ~~GEORGIA~~ North Carolina )

COUNTY OF Forsyth _____ )

SUBSCRIBED AND SWORN TO BEFORE )
ME, on the 18th day of April , 2024 )
                                                       )                      _____
Signature _____ )                         (Signature)
NOTARY PUBLIC )
                                                )                      LaVontraye Andrews
My Commission Expires: 04/03/2027 )                      (Name)
                                                    )
(SEAL) )

HEATHER TAYLOR
NOTARY
My Commission Expires
04/03/27
PUBLIC
FORSYTH COUNTY, NC

UNITED STATES DISTRICT COURT FOR THE NOTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Larry D. Reid, et al. | ) | 1:21-cv-00991-JG |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Darryl Moore | ) | |
| | ) | |
| Defendant(s) | ) | |

## **AFFIDAVIT**

I, Vincent T. Hill, MAKE OATH AND SAY THAT:

1. My accusations against Larry D. Reid on my YouTube video February of 2024 for misappropriation of funds as it relates to the MBN Network were based off firsthand experiences. Darryl Moore did not coerce me to make any statements. The statements were based on my personal interactions with Larry D. Reid.
2. Statements made by me on my YouTube channel regarding the personal life and dishonest ministerial practices of Larry D. Reid were based on my firsthand experiences and observations while living in his home, working as an employee, and as a member of his church.
3. Larry Reid and I had a sexual relationship for thirteen years unbeknownst to his wife. Larry Reid and I worked together in ministry off and on for almost twenty years.
4. There have been discussions raised by Darryl Moore in his social media podcasts regarding the management of church funds by Larry Reid. These conversations include inquiries into whether some of the funds might have been used to support a lifestyle that appears to be quite extravagant. While I cannot confirm every detail mentioned by Darryl Moore in his social media podcasts, I have personally observed instances where ministry funds seemed to be allocated towards what could be described as extravagant expenditures.
5. One of the three male members of the church that accused Larry Reid of molestation is LaVontraye Andrews. I spoke with him in 2018 about the allegations before he filed a police report and went public. The account he relayed to me is the same account that was relayed on the podcast of Darryl Moore. Neither LaVontraye nor I knew Darryl Moore before 2018. Darryl Moore interviewed him in 2021.

February 13, 2024

Office of the Clerk
US District Court
Northern District of OH
Carl B. Stokes United States Court House
801 W. Superior Ave.
Cleveland, OH 44113-1830

### Reid, et. al v. Moore 1:21-cv-00991-JG

Judge Gwin,

It has come to my attention that a former employee and lover of the Plaintiff has done a podcast about his financial misgivings and sexual misconduct. For your review, I have attached the link:

https://www.youtube.com/watch?v=mSONMwLKdG4&t=11s

In this video, he admits to being complicit with the Plaintiff in misusing church funds and donations to finance a lavish lifestyle. This was the crux of the Plaintiff's lawsuit against me. He claimed that I falsely accused him of doing that along with molestation of underage boys and giving one HIV. A member of the inner circle confirms I was telling the truth. Based on this new evidence, I request that the mediation be removed from this case.

Sincerely,

Darryl D. Moore, Sr.