IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry D. Reid, et al.,<br><br>      Plaintiffs,<br><br>– vs –<br><br>Darryl Moore,<br><br>      Defendant. | Case No. 1:21-cv-00991<br><br>Judge James Gwin<br><br>Magistrate Judge Jonathan Greenburg<br><br>Response in Opposition to the Defendant's Motion (ECF No. 65-1) to Set Aside the Settlement Agreement and Vacate the Show Cause Hearing Set for May 22, 2024 |

The Defendant has filed (ECF No. 65-1) a single page document that moves the Court to both: **(a)** set aside the settlement between the parties concluded in December 2021, and; **(b)** cancel the hearing on the Order to Show Cause that the Court sua sponte issued on May 20, 2024 (See Order, ECF No. 64). That hearing is now set for Noon on May 22, 2024.

Both of these motions should be denied.

    **A.**    **THE COURT SHOULD NOT SET ASIDE THE SETTLEMENT AGREEMENT**

Defendant Moore (ECF No. 65-1, at Page ID 550) asserts the December 2021 Settlement Agreement should be set aside "based on fraud (i.e., lying) by the Plaintiff in the original filing and duress by the Defendant when he agreed to a mediation agreement." This motion, to the extent that it is a motion, should be denied for several reasons.

**First**, the Defendant presents neither an argument for, nor evidence in support of his contention. "'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation and brackets omitted by the *Stewart* court)).

A motion which "contains no citations and no other argument" is "'brief, perfunctory and patently inadequate.'" *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir.2020) (quoting *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir.2016) (vague motion to seal deemed inadequate in both cases)). To the extent that ECF No. 65-1 constitutes a motion at all, it should be denied on this basis alone.[1]

**Second**, the assertion that Reid lied in his Complaint provides no basis for relief from the Settlement Agreement, which has long since been reduced to a judgement enforceable by the Court. The time to litigate the veracity of what was alleged in the Complaint has passed, and the Court has already ruled that Moore gave up the opportunity to contest the merits in this case when he settled in December 2021.[2]

**Third**, Moore alleges he settled under duress, but he presents neither argument nor evidence to substantiate or explain that contention. The prior findings of the Court, and the recitations of the Settlement Agreement itself belie his assertion. Moore signed the Settlement Agreement on December 17, 2021. That Agreement read, in part:

> Each person signing this Settlement Agreement represents and warrants that he has been duly authorized and has direct requisite authority to execute and deliver this Settlement Agreement on behalf of and bind the respective Parties to its terms and conditions, **and has done so of his own free will and without coercion or duress.** Each Party represents and warrants that he she or it has full authority and capacity to release and discharge the matter set forth herein on its behalf, and has had an opportunity to consult with its counsel and professional advisors regarding this Settlement Agreement.[3]

---

[1] The fact that Moore now appears pro se makes no difference in this regard. While the briefs of pro se litigants are entitled to a liberal construction, the failure to advance an argument or to present evidence is nevertheless fatal to a motion or claim. *Leonard v. Sage Hosp. the Westin Cleveland Downtown Hotel*, 6th Cir. No. 23-3748, 2024 U.S. App. LEXIS 7423, at *4 (Mar. 28, 2024) (citing *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007) (appellate challenge to district court ruling rejected for lack of argumentation).

[2] See Opinion & Order, May 15, 2023, ECF No. 44, at Page ID 354 and Note 2.

[3] See Settlement Agreement, Moore Signed Counterpart, Section D.6, ECF No. 29-2, at Page ID 170 (emphasis added).

This Court has already held that the Parties reached an agreement regarding all the material terms of the Settlement.[4] Moore has on four occasions been held to have violated the Agreement, and he has twice been held in contempt for having done so, in proceedings that have spanned the course of twenty-eight months. Now, he suddenly claims duress, without evidence or explanation. His assertion is too little, too late, and should be rejected out of hand.

**Fourth**, to the extent that it is a motion at all, the request to vacate the Settlement Agreement constitutes a request for relief from judgement. The Settlement Agreement itself recites that the Court retained jurisdiction for purposes of enforcing the Agreement, and the stipulated entry of dismissal was approved by the Court after the Agreement was executed.[5] To vacate the Settlement Agreement would require the Court to vacate its Order dismissing the claims and counterclaims in this matter with prejudice.

Moore may now have misgivings about his choice. He may feel that his case is stronger than he once thought it was. That does not matter; "[a] motion under Rule 60(b) cannot be used to avoid the consequences of a party's decision to settle . . . litigation. 'Generally speaking a party who makes an informed choice as to a particular course of action will not be relieved of the consequences when it subsequently develops that the choice was unfortunate.'" *Hill v. Ohio State Univ.*, 870 F.Supp.2d 526, 534 (S.D.Ohio 2012)(quoting *Steinhoff v. Harris*, 698 F.2d 270, 275 (6th Cir. 1983)).

To the extent that Moore has moved to vacate or to set aside the Settlement Agreement, his motion should be denied.

---

[4] See Opinion and Order, Jan. 12, 2023, ECF No. 33, at Page ID 254.

[5] See Settlement Agreement, Moore Counterpart, Section D.7, ECF 29-2, at Page ID 170; Minute Order Approving Dismissal, Dec. 28, 2021, ECF No. 30, at Page ID 204.

> B. **THE MAY 22, 2024 HEARING ON THE COURT'S SUA SPONTE ORDER TO SHOW CAUSE SHOULD GO FORWARD AS SCHEDULED.**

Moore contends (ECF No. 65-1, at Page ID 550) that it would be unjust to hold him in contempt based on the submissions sent to chambers by third parties, and (somewhat opaquely) given that all of his own submissions to chambers appeared on PACER (and presumably were not, for that reason, ex parte).

Moore has been found to have violated the Settlement Agreement and the Orders of the Court dozens of times. He has twice been held in contempt. He has delayed proceedings on the pending Fourth Motion to Enforce and the Third Motion for an Order to Show Cause. He has repeatedly submitted documents to the Court justifying his actions based on arguments that the Court has directly rejected, including claims about the truth of his allegations against Reid. He has manifested a pattern of contempt, excuse and evasion of a sort almost never seen in this Court. He must be held to account.

Whether he should be held in contempt based on the submissions sent to chambers in violation of the Order to desist from doing so is an open question. We submit the answer to that question will turn on factual determinations, such as whether, when, and how third parties were induced to communicate to the Court, by whom, and why. These are the sorts of determinations that require a hearing. As such, the hearing set for Noon tomorrow should go forward as planned.

*– signatures appear on the following page –*

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
  zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone:  216.458.5880
Telecopier:  216.302.3700

Attorneys for Plaintiffs

– Certificate of Compliance –

The undersigned certified that this document complies with the requirement of L. R. Civ. 7.1(f) in that, exclusive of appendices, each of the statement checked below is true;

☒ It relates to a non-dispositive motion and is not longer than fifteen (15) pages;

☐ It relates to a dispositive motion in a case designated as on the expedited track, and is not longer than ten (10) pages;

☐ It relates to a dispositive motion in a case designated as administrative or standard track, or in a case not yet given a differentiated case management track designation, and is not longer than twenty (20) pages;

☐ It relates to a dispositive motion in a case designated as on the complex track, and is not longer than thirty (30) pages;

☐ It relates to a dispositive motion in a case designated as on the mass tort track, and is not longer than forty (40) pages;

☐ It exceeds fifteen (15) pages in any event, and it thus contains a brief statement of the issue(s) to be decided, a brief statement of the argument(s) made, and tables of both contents and of the authorities cited therein.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
  zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**

Attorneys for the Plaintiff

– **Certificate of Service** –

The foregoing was filed today, Tuesday, May 21, 2024, via the Court Electronic Filing System. Service will be made upon counsel of record by, and copies of this filing may be obtained through operation of the CM / ECF System.

Additional service – if required or sent as a courtesy – has been made in the manner and at the addresses listed below on the parties and/or attorneys listed below.

| ☐ No Added Service Needed<br>☒ Via First Class U.S. Mail<br>☒ Via Email as PDF Attachment | ☐ No Added Service Needed<br>☐ Via First Class U.S. Mail<br>☐ Via Email as PDF Attachment | ☐ No Added Service Needed<br>☐ Via First Class U.S. Mail<br>☐ Via Email as PDF Attachment |
|---|---|---|
| Darryl Moore<br>1977 East 224th Street<br>Euclid, Ohio 44117<br>darryldmooresr@gmail.com | Name<br>Address 1<br>Address 2<br>City, State & Zip Code<br>Email | Name<br>Address 1<br>Address 2<br>City, State & Zip Code<br>Email |
| Defendant | Role of Recipient | Role of Recipient |

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
 vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the Attorneys for Plaintiffs