IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry D. Reid, et al., | Case No. 1:21-cv-0091 |
| Plaintiffs, | Judge James Gwin |
| – vs – | Magistrate Judge Jonathan Greenburg |
| Darryl Moore, | Memorandum in Support of Plaintiffs' Motion to Strike Certain Documents Filed By Defendant as Scandalous, Impertinent & Immaterial and for an Order Prohibiting the Misuse of Personal Identifying Information |
| Defendant. | |

Plaintiffs, by and through undersigned counsel, hereby move for an Order striking the following documents filed by the Defendant as scandalous, impertinent, and/or immaterial.

A. THE COURT HAS THE INHERENT AUTHORITY TO STRIKE FROM THE DOCKET MATERIAL THAT IS SCANDALOUS, IRRELEVANT, IMMATERIAL, AND/OR SUBMITTED IN VIOLATION OF ITS ORDERS.

"[T]he Supreme Court established long ago that federal courts have the duty to keep their records clean and free from scandal." *United States v. Spellissy*, 374 F. App'x 898, 900 (11th Cir. 2010) (citing *Green v. Elbert*, 137 U.S. 615, 624, 11 S.Ct. 188, 34 L.Ed. 792 (1890)). To that end, Courts have "inherent authority to control the conduct of the litigants before it, to protect and promote the orderly administration of justice, and to maintain the Court's integrity[.]" *Mathis v. AT&T & SBC Commc'ns*, No. 2:10-CV-1090, 2011 WL 1526826, at * 2 (S.D. Ohio Apr. 21, 2011).

Included within that authority is the power to control the Court's own docket by striking filings or portions of filings that that are immaterial, impertinent, scandalous, or otherwise violative of the court's rules or orders. *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (courts "make use of their inherent power to control their dockets when determining whether to strike documents or portions of documents.").

That authority includes the ability to strike submissions other than pleadings that are irrelevant, immaterial or scandalous, or otherwise violate the orders of the Court. *Sec'y of U.S. Dep't of Lab. v. Kavalec*, No. 1:19-CV-00968, 2020 WL 3977347, at *11 (N.D. Ohio July 14, 2020) (Rule 12(f) applies only to pleadings, but courts have "the inherent authority to strike nonpleadings in order to manage its docket," including immaterial, impertinent, or scandalous matters); *Ogle v. BAC Home Loans Servicing LP*, No. 2:11-CV-540, 2011 WL 3838169, at * 2 (S.D. Ohio Aug. 29, 2011) (courts "have the inherent power to strike filings that do not comply with court rules"). Striking such content rests within the discretion of the court. *Kavalec* at * 11.

**Immaterial matter** has "no bearing on the subject matter of the litigation." Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded.." *McKinney v. Bayer Corp.*, N.D. Ohio No. 10-CV-224, 2010 U.S. Dist. LEXIS 69247, at ** 3–4 (July 12, 2010) (citations omitted).

**Impertinent matter** does not pertain to and is unnecessary to the resolution of the issue it addresses. *McKinney*, *supra* at * 4 (citing *J. Buzayan v. City of Davis Police Dep't*, No. 2:06-cv1576, 2007 U.S. Dist. LEXIS 60032, at * 11 (E.D. Cal. Aug. 8, 2007)). "An impertinent matter is defined as 'any allegation not responsive or relevant to the issues involved in the action and which could not be put in issue or be given in evidence between the parties.'" *Brashier v. Manorhouse Mgt.*, E.D.Tenn. No. 3:20-CV-294-CLC-HBG, 2020 U.S. Dist. LEXIS 261367, at ** 2–3 (Sep. 18, 2020) (citations omitted).

**Scandalous material** "generally means 'any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Penman v. Correct Care Solutions*, W.D.Ky. No. 5:18-CV-58-TBR, 2018 U.S. Dist. LEXIS 201313, at * 2–3 (Nov. 26, 2018) (quoting *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003)).

B. THE PROCEDURAL CONTEXT OF THIS MOTION

Three years ago — in May 2021 — the Plaintiffs sued the Defendant for Defamation, False Light Invasion of Privacy, the Public Revelation of Private Facts, and Deceptive Trade Practices, all under Ohio law.[1] The Complaint alleged that Defendant Moore—who then operated and still operates a YouTube channel under the name of the Cigar Vlogger—had engaged in an ongoing pattern of defaming Plaintiff Larry D. Reid in videos published on that channel. Those videos accused Reid, inter alia, of sexual misconduct, tax evasion, infidelity, child molestation, domestic abuse and financial improprieties.[2] A Motion to Dismiss the case was denied.[3]

The matter was referred to mediation and a Settlement Agreement was agreed to by the Parties in December 2021. The Court retained jurisdiction to enforce that Agreement.[4] Almost immediately, Moore began to violate the Settlement Agreement. He has never stopped.

The saga of violations has been detailed in previous submissions to the Court, and in multiple Orders finding Moore in violation, holding him (twice) in contempt, and imposing a (still unpaid) fine upon him. We do not repeat that history here.[5] Moore continues to violate the Settlement Agreement, and his violations are now the subject of a Fifth Motion to Enforce and a Third Motion to Show Cause, presently pending before the Court.[6]

---

[1] Complaint, ECF No. 1 at Page ID 14–18.

[2] See Id., at ¶¶ 24–43, Page ID 6–13.

[3] See: Motion to Dismiss, ECF No. 8, and ECF No. 19; Opinion & Order, Sept. 8, 2021.

[4] See: Minutes of Settlement Conference, ECF No. 27, Dec. 6, 2021; Joint Stipulation of Dismissal, ECF No. 28, Dec. 21, 2021.

[5] The history of violations was most lately summarized in the Memorandum in Support of our Fifth Motion to Enforce and Third Motion to Show Cause, ECF No. 45-1, at Page ID # 363–64, 367–73.

[6] See: Omnibus Motion Including Fifth Motion to Enforce the Settlement Agreement and Third Motion for an Order Compelling Defendant to Show Cause (ECF No. 45) with Supporting Memorandum ECF No. 45-1), Apr. 3, 2024.

Beyond these violations, Moore has adopted a new tactic, that is both cynical and dangerous. He continues to post content about Reid on YouTube, but in addition, he has begun filing scandalous, inflammatory and impertinent allegations about Reid on the Docket. These publicly available submissions accuse Reid of crimes and improprieties ranging from financial misdealing, sexual misconduct, child abuse, to immigration fraud, and more.

None of these allegations has anything to do with the sole question that remains before the Court—whether Moore has yet again violated the terms of the Settlement Agreement and the Orders enforcing it. The sole purpose of these submissions is to besmirch Reid. Thus, Moore has turned the Docket into a new and inappropriate forum for his crusade against Reid.

Worse, Moore has included in several of these filings—alongside claims that Reid is a heinous criminal—Reid's residential address and other contact information,, as well as for a witness who has submitted declarations on his behalf, and other non-parties whom Moore alleges are supporters or confederates of Reid. This is a textbook example of the form of harassment and intimidation known as "doxing." A nefarious actor with an online following can direct the ire of his supporters against a chosen target by spreading outrageous allegations against them and terrorize his target by also publishing personal identifying information including home or workplace addresses, in order to facilitate harassment by his outraged audience.[7]

By publishing allegations of base criminality alongside a residential address, Moore has turned the Court's Docket into a medium for harassment, intimidation and abuse.

---

[7] See e.g. Chen, et al., Doxing, What Adolescents Look for and Their Intentions, Int. J. Environ. Res. Public Health, 2019 Jan; 16 (2): 218. Available online from the National Center for Biotechnology Information at www.ncbi.nlm.nih.gov/pmc/articles/PMC6352099 (Last Accessed May 20, 2024); Cybersecurity and Infrastructure Security Agency (CISA), Minimizing the Impact of Doxing on Critical Infrastructure, May 12, 2021 (containing information about doxing through the abuse of personal information), available at www.cisa.gov/sites/default/files/publications (Last Accessed May 20, 2024).

C. **ITEMS THAT SHOULD BE STRICKEN**

The content of the items that should be stricken is summarized below, along with a brief statement of the bases upon which the Court should strike them.

1. **ECF No. 38**         **Opposition to Third Motion to Enforce**

   While this submission has been on the docket for some time, it is nonetheless immaterial and impertinent, and designed to expose Plaintiff Reid and his associates to harassment and intimidation. The Opposition (at Page ID 314) lists the residential address of Reid and several persons whom the Defendant alleges Reid employs. This information is absolutely irrelevant to the question of whether **Moore** violated the Settlement Agreement—which was the only live issue before the Court at the time it was filed. It exposes personal residence information of Reid and his supposed associates, ostensibly because those named violated the Settlement Agreement. But Moore never filed a motion alleging such a violation, and even if he had, the addresses would be immaterial and irrelevant.

2. **ECF No. 48-1**         **Motion for Continuance**

   This Motion states the residential address of Larry Reid, which is immaterial to the pending Fourth Motion to Enforce the Settlement Agreement. The same document accuses that Plaintiff of sex crimes against children and is scandalous

3. **ECF No. 55-1**
   **ECF No. 55-3**         **Letter to the Magistrate Judge**

   This document (in two iterations) is attached to an Order (ECF No. 55) instructing the Defendant to desist from emailing Chambers. It appears on the docket per Order, and exemplifies violations of the Court's prior Orders. The document accuses Plaintiff Reid of sexual crimes and misconduct. These allegations are scandalous, immaterial and impertinent to the only issue remaining in the case – whether the Defendant has, for the fifth time, violated the Settlement Agreement.

4. **ECF No. 55-5**         **Affidavit of Vincent T. Hill**

   This affidavit purports to allege details of a sexual relationship involving Larry Reid, as well as alleged sex crimes. It, too, is scandalous, impertinent and wholly immaterial to the question of whether Moore has, yet again, violated the Settlement Agreement.

5. **ECF No. 55-6**         **Letter to the District Judge**

   This letter, sent long after the case was settled, alleges sexual misconduct and crimes on the part of Larry Reid. Its allegations are scandalous on their face, were impertinent and immaterial when the letter was sent to Judge Gwin, and remain so now, because they provide no defense against claims that Moore has been violating the Settlement Agreement.

6.      **ECF No. 56**      **Reply to Fifth Motion to Enforce Settlement Agreement**

This document attempts to justify Moore's continued violation of the Settlement Agreement by levelling allegations of sexual and other misconduct against Reid. It attempts to buttress these allegations with references to third party content. It also spreads upon the public Docket the residential address of Reid, as well as that of witness Dayvon Augustus. The allegations are scandalous, and both the allegations and the personal information are immaterial and impertinent to the question of whether Moore continues to violate the Settlement Agreement.

7.      **ECF No. 56-1**      **Letter to the Magistrate Judge & Other Documents**

This submission includes multiple documents, including an improper ex parte communication with the Magistrate Judge. That letter contains more scandalous allegations against Reid, including accusations of sexual misconduct and child abuse. The letter should therefore be stricken.

Other document contained in this submission include; an email undersigned counsel intended for Reid but erroneously sent to Moore; unauthenticated text messages; unauthenticated and unexplained documents, the origin of which is unclear, that purport to show Chase Bank transactions by Larry Reid, and; affidavits regarding Reid by a LaVontreye Andrews and a Vincent T. Hill. None of these documents present material or pertinent information regarding the only question remaining before the Court—has Moore yet again violated the Settlement Agreement by posting online material relating to Reid.

8.      **ECF No. 57-3**      **Email to Chambers from Patricia Washington**

This email contains allegations of sexual misconduct against Reid and claims that online supporters of Moore can substantiate those allegations. It is scandalous and impertinent to the sole question before the Court—Moore's compliance with the Settlement Agreement and the Orders enforcing it.

9.      **ECF No. 57-4**      **Email to Chambers from Tracie Turner Jackson**

This email contains allegations of sexual misconduct against Reid and generally lauds Moore as well-intentioned. It, too, It is scandalous and impertinent to the question of Moore's compliance with the Settlement Agreement and the Orders enforcing it.

10.      **ECF No. 57-5**      **Email to Chambers from Garcea L. Hyman**

This email asserts that these proceedings have wrongly focused on Moore and ignored the voices of his supporters. It asserts that persons not before the Court have been unjustly treated by conduct of these proceedings and asserts that the Court has been misguided in its enforcement efforts against Moore. It is immaterial and impertinent, assails the validity of these proceedings, and reflects negatively upon the dignity of the Court.

11.  ECF No. 60
    ECF No. 61        **Emails from Gale R. Howard**

    These emails purport to vouch for Moore and the truth of his allegations about Reid. They state or insinuate that Reid has engaged in criminal misconduct. They are scandalous, impertinent and immaterial to the sole question of whether Moore is in violation of the Settlement Agreement and the Orders enforcing it.

12. ECF No. 65-3       **Email to Chambers by Moore**

    This email makes scandalous allegations of sexual misconduct against Reid, and links to other scandalous and impertinent online material regarding Reid. It was submitted in clear violation of the Orders (ECF Nos. 54, 62 and 64) instructing Moore to cease submitting emails to chambers.

14, ECF No. 65-4       **Email to Chambers by Moore**

    This email is of the same character as ECF No. 65-3 and contains similar allegations. It was also submitted in derogation of the Court's orders.

15. ECF No. 65-5       **Email to Chambers by Moore**

    This email falsely asserts that an employee of Reid posted online material regarding Moore but does not substantiate the allegations regarding an employer-employee relationship. It is immaterial and impertinent because even if it were true, it would not bear upon the sole question before the Court, which is whether Moore (not Reid) has violated the Settlement Agreement and the Orders enforcing it.

16. ECF No. 65-6
17. ECF No. 65-7       **Screenshots of Online Content**

    These submissions are immaterial and impertinent because they are offered solely to support the impertinent argument raised in ECF No. 65-5.

D.  **BASES FOR STRIKING PARTICULAR DOCUMENTS**

The items listed above contain scandalous allegations of criminal and sexual misconduct, in some cases alongside personal identifying information about a party and a witness.

These are **scandalous** submissions, and on that basis alone the following items should be stricken from the Docket: ECF Nos. 48-1; 55-1 and 55-3 (two versions of the same submission); 55-5; 55-6; 56; 56-1 (at Page ID 490-92 and 517-25); 57-3; 57-4; 60; 61; 65-3; and 65-4.

The sole question before the Court is—and since December 2021 has been—whether Moore has violated the Settlement Agreement and, later, the Orders by which the Court has enforced that Agreement. That is the sole basis upon which the Court has retained jurisdiction. The case, on the merits, was settled twenty-eight months ago.

That makes the submissions regarding any other topic **both immaterial and impertinent**. Those submissions have no bearing on whether Moore is in violation of the Settlement Agreement and the Orders enforcing it. This includes allegations that associates of Reid have violated the agreement (which are false and unsubstantiated). This includes third party opinions regarding the relative merits of Reid and Moore. This includes all the scandalous allegations listed above. It includes, in short, every single submission raised in this Motion. All are impertinent and immaterial, and should be stricken on that basis too, in addition to many of them being scandalous.

Finally, the third party communications sent to Chambers on behalf of Moore, as well as his own email submissions after May 13, 2024 were submitted in direct **violation of two Court orders,** namely ECF Nos. 57 and 62. For this reason too, the items docketed as ECF Nos. **57-3, 57-4, 57-5, 60, 61 and 62** should be stricken from the Docket.

E.   CONCLUSION

Wherefore the items identified herein should be stricken from the Docket in this case as scandalous, irrelevant, impertinent and or submitted in violation of the Court's orders.

— *signature lines appear on the next page*—

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
  zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone:  216.458.5880
Telecopier:  216.302.3700

Attorneys for Plaintiffs

– **Certificate of Compliance** –

    The undersigned certified that this document complies with the requirement of L. R. Civ. 7.1(f) in that, exclusive of appendices, each of the statement checked below is true;

☐    It relates to a dispositive motion and is not longer than fifteen (15) pages;

☒    It relates to a non-dispositive motion and is not longer than fifteen (15) pages;

☐    It relates to a dispositive motion in a case designated as on the expedited track, and is not longer than ten (10) pages;

☐    It relates to a dispositive motion in a case designated as administrative or standard track, or in a case not yet given a differentiated case management track designation, and is not longer than twenty (20) pages;

☐    It relates to a dispositive motion in a case designated as on the complex track, and is not longer than thirty (30) pages;

☐    It relates to a dispositive motion in a case designated as on the mass tort track, and is not longer than forty (40) pages;

☐    It exceeds fifteen (15) pages in any event, and it thus contains a brief statement of the issue(s) to be decided, a brief statement of the argument(s) made, and tables of both contents and of the authorities cited therein.

    Respectfully submitted

    /s/ Raymond V. Vasvari, Jr.

    **Raymond V. Vasvari, Jr.** (0055538)
      vasvari@vasvarilaw.com
    **K. Ann Zimmerman** (0059486)
      zimmerman@vasvarilaw.com
    **VASVARI | ZIMMERMAN**

    One of the Attorneys for Plaintiffs

## – Certificate of Service –

The foregoing was filed today, Tuesday, May 21, 2024, via the Court Electronic Filing System. Service will be made upon counsel of record by, and copies of this filing may be obtained through operation of the CM / ECF System.

Additional service – if required or sent as a courtesy – has been made in the manner and at the addresses listed below on the parties and/or attorneys listed below.

☐ No Added Service Needed
☒ Via First Class U.S. Mail
☒ Via Email as PDF Attachment

Darryl Moore
1977 East 224th Street
Euclid, Ohio 44117
darryldmooresr@gmail.com

Defendant

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the Attorneys for Plaintiffs