IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry D. Reid, et al., | Case No. 1:21-cv-00991 |
| Plaintiffs, | Judge James Gwin |
| – vs – | Magistrate Judge Jonathan Greenburg |
| Darryl Moore, | Motion to Prohibit the Defendant From Serving Certain Subpoenas Lately Filed as Exhibits or in the Alternative to Quash |
| Defendant. | |

On May 13, 2024, Defendant Moore submitted an Exhibit (ECF 56-1) ostensibly in support of his Opposition (ECF No. 56) to Plaintiffs' Omnibus Fifth Motion to Enforce the Settlement Agreement and Third Motion for an Order to Show Cause (ECF No. 45). We say ostensibly because certain documents in that submission do not bear on the arguments available to Moore. Among these are several subpoenas. These include:

- A subpoena directed to Plaintiff Larry Reid seeking bank statements and financial information (Page ID 493-95);

- A subpoena directed to Plaintiff Larry Reid demanding financial statements and tax documents related to the MBN Network ((Page ID 496-99);

- A subpoena directed to Plaintiff Larry Reid seeking medical records related to sexually transmitted diseases (Page ID 500-04), and;

- A subpoena directed to Plaintiff Larry Reid seeking bank statements evidencing transfer to or from Latice Spencer and Lester Peltier (Page ID 505-07).

Each of these is signed by Moore in his capacity as a pro se Defendant. Each bears a return date of May 13, 2024 at Noon (the same date the copies were filed). None bears a completed Return of Service. It is unclear if Moore will contend that the subpoenas were served on Reid upon his filling them as part of his exhibit.

Whatever their status, the subpoenas, and each of them should be quashed.

**First**, this case is closed, and has been since at least February 9, 2022. There is no active matter in connection with which to serve subpoenas. The case remains open solely for the purpose of enforcing the Settlement Agreement, for which purpose the Court has retained jurisdiction.

**Second**, discovery would have closed on April 4, 2022, had the Court not approved the Stipulated Dismissal with Prejudice (ECF No. 28) filed on December 20, 2021, in a Marginal Entry Order (ECF No. 30) entered on December 28, 2021. Under L.R. Civ. 26.1, parties may not modify the discovery schedule set by the Court. Moore has neither sought nor received leave to serve these subpoenas and they should be quashed on that basis too.

**Third**, all of the subpoenas are directed at Larry Reid, one of the two Plaintiffs, but Rule 45 does not authorized the service of subpoenas on parties

> Rule 45 does not textually forbid party usage, but the discovery suite is an integrated set of standards and attempting to have a subpoena act as the vehicle for party document production or inspection complicates the regular protocol, the orderly discovery process, questions of timing, and questions of procedure. Rule 34 is a defined mechanism for inter-party document discovery.

*Shulman v. Amazon.com.KYDC LLC, E.D.Ky*. No. 5:13-CV-05-DLB-REW, 2014 U.S. Dist. LEXIS 114586, at * 7-8 (June 17, 2014). Rule 34 discovery has long closed. The use of subpoenas in an attempt to make an end run around that closure is impermissible.

**Fourth**, the sole issue before the Court is whether Moore has yet again violated the Settlement Agreement and the subsequent Orders enforcing it against him. The finances of Reid, his medical history, his banking records and the other information sought in the subpoenas has nothing at all to do with that. Indeed, taken in light of his years-long campaign of online harassment against Reid, it is fair to infer that Moore is seeking medical records relating to sexually transmitted diseases for nefarious purposes that have no relationship to the enforcement of the Settlement Agreement at all, or simply to harass Reid.

**Fifth**, the subpoenas are defective because they do not require production to be made within 100 miles of where Reid lives, which is mandatory under Civil Rule 45(c)(1)(A)(2).

For these reasons, Moore should be forbidden from serving the subpoenas in question, and if they have been served, they should be quashed.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
 vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
 zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone:  216.458.5880
Telecopier:  216.302.3700

Attorneys for Plaintiff

– **Certificate of Service** –

The foregoing was filed today, Wednesday, May 22, 2024, via the Court Electronic Filing System. Service will be made upon counsel of record by, and copies of this filing may be obtained through operation of the CM / ECF System.

Additional service – if required or sent as a courtesy – has been made in the manner and at the addresses listed below on the parties and/or attorneys listed below.

☐ No Added Service Needed
☒ Via First Class U.S. Mail
☒ Via Email as PDF Attachment

Darryl Moore
1977 East 224th street
Euclid, Ohio 44117
darryldmooresr@gmail.com

Defendant

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
  zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the Attorneys for Plaintiff