IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry D. Reid, et al., | Case No.  1:21-cv-00991 |
| Plaintiffs, | Judge James Gwin |
| – vs – | Magistrate Judge Jonathan Greenburg |
| Darryl Moore, | Response in Opposition to the Defendant's Motion (ECF No. 77) to Disqualify the Testimony of Davyon Augustus |
| Defendant. | |

Before the Court is the Defendant's Motion (ECF No. 77 to Disqualify Davyon Augustus as a witness and to prevent him from testifying at any hearing to be held on the pending Omnibus Motion (ECF No. 45) including Plaintiffs' Fifth Motion to Enforce the Settlement Agreement and Third Motion for an Order to Show Cause why the Defendant Should Not Be Held in Contempt.

The Defendant's Motion lacks merit and should be denied.

The contentions of the Defendant are easily summarized. He asserts that: **(a)** Augustus is the subject of a Civil Stalking Protection Order (CSPO) issued by the Cuyahoga County Court of Common Pleas, which Moore alleges that Augustus violated by harassing Moore online; **(b)** Defendant Moore recently sued Augustus in this Court, in a case styled Moore v. Augustus, Case No. 1:24-cv-00923, alleging that Augustus violated that CSPO through "non-stop harassment" on social media. Moore further (and falsely) claims that: (c) Augustus is an employee of Larry Reid, something Moore (erroneously) says he has proven through the submission of video evidence, and; **(d)** that Augustus is a "public mouthpiece" for and beholden to Reid and hence unreliable.[1]

At most these assertions — unproven at best and in several instances false — support only the notion that Augustus is a biased witness whose testimony will be sympathetic to Reid.

---

[1] Defendant's Motion to Exclude Testimony, ECF No. 77, at Page ID 625–26.

Allegations of bias and sympathy do not justify the exclusion of a witness, but instead bear upon his credibility and reliability. Cross examination and impeachment during his testimony, not its wholesale exclusion in advance, provide the mechanisms through which the alleged biases of a witness may be laid bare for the finder of fact.

The Defendant has cited not a whit of authority to the contrary, because his argument contradicts the basic rules of admissibility under the Federal Rules of Evidence.

> Every person is competent to be a witness unless these rules provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision.

FED. R. EVID. 601 (Lexis 2024).[2]

> A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 702.

FED. R. EVID. 602 (Lexis 2024).

Davyon Augustus is expected to testify that he has seen online—and that he has downloaded and otherwise saved from YouTube—online content relating to Larry Reid. He is expected to testify that Moore has created, linked to or otherwise published this content since May 2023, when the Court last ordered Moore to abide the Settlement Agreement and cease publishing online content about Reid. [3] He is also expected to authenticate the screenshots and downloads of that content that are identified in his most recent declaration, as well as examples of newer content Moore has published in defiance of the Court since that declaration was filed. [4]

---

[2] Augustus is expected to testify in support of the Fifth Motion to Enforce and Third Motion to Show Cause (ECF No. 45) which — as the Court has already observed during case management proceedings — present a single question: whether Moore has violated the Settlement Agreement and the subsequent Orders enforcing it by continuing to publish material relating Reid on YouTube. No substantive state law issue thus is implicated.

[3] See Order and Opinion, May 15, 2023, ECF No. 44, at Page ID 354–55.

[4] See Augustus Declaration, ECF No. 45-1, passim and Declaration Exhibits A through R.

Augustus will thus be called primarily—and most likely only—to authenticate examples where Moore violated the Settlement Agreement and the Orders of the Court by publishing content regarding Reid. He will do so by reviewing examples of screenshots and videos and captions that he himself saw online, then saved or downloaded, testifying to the dates on which he saw or saved them, and the circumstances under which he did so. This is unremarkable and his credibility will be corroborated by the exhibits he authenticates.

> **In General.** To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

FED. R. EVID. 901(A) (Lexis 2024). Testimony such as that which Augustus will offer is a sound and accepted method of authenticating the fact that given content appeared online.

> The lower courts generally hold that an affidavit of a witness, when viewed in combination with circumstantial indicia of authenticity (such as the existence of the URL, date of printing, or other identifying information) would support a reasonable juror in the belief that the documents are what the proponent says they are. Once this "minimal authentication requirement" is met, arguments concerning the accuracy of the printouts go only to weight, not admissibility.

*Wyndham Vacation Ownership, Inc. v. Vacation Transfers Unlimited, LLC*, M.D.Tenn. No. 3:18-cv-01399, 2019 U.S. Dist. LEXIS 241637, at *14 (Oct. 21, 2019) (citing *ForeWord Magazine, Inc. v. OverDrive, Inc.*, W.D.Mich. No. 1:10-cv-1144, 2011 U.S. Dist. LEXIS 125373, at *10 (Oct. 31, 2011) (collecting cases, citations omitted)).[5]

Moore has given the Court no reason to believe that Augustus is not competent to provide such authentication testimony. He has not questioned his personal knowledge or his competency. He has not suggested that evidence of the sort that Augustus has already offered in his declaration fails to provide the sort of indicia of authenticity required by Evid. R. 901(a).

---

[5] "The Federal Rules of Evidence, including Rule 901, apply to computer-based evidence in the same way as they do to other evidence.": 5 Weinstein's Federal Evidence § 900.05(1)(b) at 900-50 (2d. ed. 2004).

Nor could he. The declaration testimony already provided by Augustus has demonstrated his personal knowledge and his careful attention to record keeping. Moore has never contested that, or even denied the truth of the statements therein, relating to the only factual issue now at bar: whether, what and when Moore published regarding Larry Reid since may 2023.[6]

Moore may well assert that Augustus has reason to dislike him, but that goes to the question not his competency to testify but his credibility. If Moore believes that Augustus has mislead the Court or embellished his testimony, his remedies lie in cross-examination under Evid. R. 611(b) and impeachment under Evid. R. 607 and 608.

For all these reason, the Motion to Exclude Davyon Augustus as a witness (ECF No. 77) should be denied with prejudice.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
  zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone:  216.458.5880
Telecopier:  216.302.3700

Attorneys for Plaintiffs

---

[6] Moore also asserts without proof (Motion, ECF No. 77 at Page ID 625) that Augustus has published content regarding Moore, and that because Augustus is an employee of Reid, he too should be subject to the terms of the Settlement Agreement. This merits two responses. **First**, Moore has never established by competent, admissible evidence that Augustus is employed by Reid, and Augustus has denied that allegation under oath. See Augustus Decl., ECF No. 45-1, at Page ID 381 and ¶ 5. **Second**, the allegation is irrelevant to the question at bar. Whether Reid or Augustus have violated the Settlement Agreement has no bearing on the sole question before the Court—whether Moore has done so, in violation of the Court's Orders. Such a violation–-never proven by Moore—would not justify Moore in violating the Agreement and Orders in any event. See Opinion and Order, May 15, 2023, ECF No. 44 at Page ID 357.

## – Certificate of Compliance –

The undersigned certified that this document complies with the requirement of L. R. Civ. 7.1(f) in that, exclusive of appendices, each of the statement checked below is true;

☒ It relates to a non-dispositive motion and is not longer than fifteen (15) pages;

☐ It relates to a dispositive motion in a case designated as on the expedited track, and is not longer than ten (10) pages;

☐ It relates to a dispositive motion in a case designated as administrative or standard track, or in a case not yet given a differentiated case management track designation, and is not longer than twenty (20) pages;

☐ It relates to a dispositive motion in a case designated as on the complex track, and is not longer than thirty (30) pages;

☐ It relates to a dispositive motion in a case designated as on the mass tort track, and is not longer than forty (40) pages;

☐ It exceeds fifteen (15) pages in any event, and it thus contains a brief statement of the issue(s) to be decided, a brief statement of the argument(s) made, and tables of both contents and of the authorities cited therein.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
 vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
 zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**

Attorneys for the Plaintiff

## – Certificate of Service –

The foregoing was filed today, Wednesday, July 10, 2024, via the Court Electronic Filing System. Service will be made upon counsel of record by, and copies of this filing may be obtained through, operation of the CM / ECF System.

Additional service – if required or sent as a courtesy – has been made in the manner and at the addresses listed below on the parties and/or attorneys listed below.

| | | |
|---|---|---|
| ☐ No Added Service Needed | ☐ No Added Service Needed | ☐ No Added Service Needed |
| ☒ Via First Class U.S. Mail | ☐ Via First Class U.S. Mail | ☐ Via First Class U.S. Mail |
| ☒ Via Email as PDF Attachment | ☐ Via Email as PDF Attachment | ☐ Via Email as PDF Attachment |
| Darryl Moore | Name | Name |
| 1977 East 224th Street | Address 1 | Address 1 |
| Euclid, Ohio 44117 | Address 2 | Address 2 |
| darryldmooresr@gmail.com | City, State & Zip Code | City, State & Zip Code |
| | Email | Email |
| Defendant | Role of Recipient | Role of Recipient |

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the Attorneys for Plaintiffs