IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY D. REID, *et al.*, | ) | CASE NO. 1:21CV00991 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| vs. | ) | |
| | ) | |
| DARRYL MOORE, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Defendant. | ) | |
| | ) | |
| | ) | **ORDER** |

This case is before the undersigned United States Magistrate Judge pursuant to a referral under Local Rules 37.1 and 72.1 for a Report and Recommendation on the pending Fifth Motion to enforce Settlement, Third Motion for an Order Compelling the Defendant to Show Cause Why He Should Not Be Held in Contempt, Motion to Impose a Fine Based on the Order, Motion for Attorney Fees, Costs and Motion for Sanctions Based Upon Ongoing Contempt and Vexatious Conduct (Doc. No. 45). (Doc. No. 47.) Also before the Court for resolution under the terms of the referral (Doc. No. 47) are the pending motions at Doc. Nos. 56, 67-68, 70, and 77.

"A district court has discretion to appoint counsel for an indigent civil litigant." *Dunlap v. Comm'r of Soc. Sec.*, No. 5:18cv2275, 2019 WL 3741028, at *1 (N.D. Ohio May 24, 2019) (citing 28 U.S.C. § 1915(e)(1) (report and recommendation). Pursuant to Local Rule 83.10, "[a]t the discretion of the judicial officer, counsel may be assigned to represent a *pro se* litigant in a civil case pursuant to the Court's *Pro Bono* Civil Case Protocol. Assignment of counsel is not a right of a pro se litigant but may be utilized in those limited cases where the judicial officer believes such an assignment is warranted." *See* Local R. 83.10.

1

Upon review, the Court determines appointment of counsel for Defendant is warranted in the instant action. While Defendant has no right to appointment of counsel in a civil action, the Court finds, in the exercise of discretion, that this is one of the unusual cases where appointment of counsel is justified.

According to the *Pro Bono* Civil Case Protocol, "[a] party requesting *pro bono* representation shall submit an Affidavit of Need to the Clerk's Office, to verify that the party cannot afford legal counsel in the case." Local Rules, Appendix J at ¶ B. *See also* Amended General Order No. 2007-2a2 (Oct. 23, 2018). Defendant has represented in numerous filings the financial hardship litigation poses for him and his inability to pay for an attorney (*see, e.g.*, Doc. Nos. 49, 51, 55-3), and therefore, the Court finds no need for him to complete an Affidavit of Need. The Court finds appointing *pro bono* counsel under these circumstances is warranted to bring this matter to resolution expeditiously, especially since a hearing on all pending motions in this case is set for September 6, 2024 (Doc. No. 79).

Accordingly, the Court refers this case to the Clerk's Office for inquiry as to *pro bono* counsel willing to represent Defendant for purposes of a motions hearing and any post-hearing briefing under the procedures set forth in this Court's *Pro Bono* Civil Case Protocol located at Appendix J to the Local Rules. *See* Local Rules, Appendix J. *See also* Amended General Order No. 2007-2a2 (Oct. 23, 2018).

IT IS SO ORDERED.

Date: August 2, 2024

*s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge